**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS; HARVE PIERRE; THE THIRD ASSAILANT; DADDY'S HOUSE RECORDINGS, INC. and BAD BOY ENTERTAINMENT HOLDINGS, INC.,<br><br>Defendants. | Civil Case No.: 1:23-cv-10628 (JGLC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe"), by and through her undersigned counsel Wigdor LLP, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendants Sean Combs, Harve Pierre, and the Third Assailant's ("Individual Defendants") trafficking, sexual assault and rape of Plaintiff in 2003. In the Complaint (Dkt. No. 1), Plaintiff alleges that when she was 17 years old and in the 11th grade, she met Defendant Pierre at a lounge in Michigan, where he flirted with her and encouraged her to join him and Mr. Combs in New York City. Mr. Pierre even called Mr. Combs and had Mr. Combs speak to Plaintiff to further lure her on the trip. Mr. Pierre, the Third Assailant, Plaintiff, and others boarded a private chartered flight from Michigan to New York, after which they were taken to Daddy's House Recording Studio, the New York City recording studio owned and operated by Sean Combs and his companies, Bad Boy Entertainment, Inc. Daddy's House Recordings, Inc. (together, the "Corporate Defendants"). At the studio,

Defendants plied Plaintiff—a teenager—with alcohol and drugs while commenting on and touching her body. Although Plaintiff was far too inebriated to consent to sexual intercourse, Mr. Combs, Mr. Pierre, and the Third Assailant proceeded to brutally rape Plaintiff, one after another, in the bathroom of the recording studio. After the multiple rapes, Plaintiff was left in a fetal position. She was eventually helped back to a chartered plane that returned her to Michigan, in pain and traumatized, and without her underwear.

Because of the egregious nature of what happened,[1] Plaintiff filed this lawsuit under the pseudonym of Jane Doe. There is no prejudice to Defendants if Plaintiff is permitted to pursue her claims as Jane Doe, and as is required, Counsel for Plaintiff confidentially disclosed her name to counsel for Defendant. *See* Declaration of Douglas H. Wigdor in Support of Plaintiff's Motion to Proceed Anonymously ("Wigdor Decl.") ¶ 3. Because of the high-profile nature of the Defendants, compounded with the fact that Plaintiff was only seventeen years old at the time of the sexual assault alleged in the Complaint, she should be permitted to proceed under a pseudonym and pursue her claims with anonymity. For these reasons, it is imperative that Ms. Doe be permitted to proceed anonymously pursuant to FRCP 10a.

Defendants have indicated that they refuse to consent to Plaintiff's request. Wigdor Decl. ¶ 7.

## **ARGUMENT**

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. See, e.g., EW v. N.Y. Blood Center, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); Doe v. Smith, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), *vacated on rehearing and modified on other grounds,* 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district

[1] These details are set forth in the Complaint at ¶¶ 18-51, and not repeated here.

court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Id. (internal quotation marks and citation omitted).

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. See id. at 189-90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;

> (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. See id. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

**A. This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature**

As to the first factor, Plaintiff's claims concern brutal sexual assault and rape when she was a teenager and, accordingly, are highly sensitive and of a personal nature. In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims. See Doe v. Black, No. 23 Civ. 6418 (JGLC), ECF No. 16 (Aug. 18, 2023) (order allowing plaintiff to proceed anonymously where plaintiff alleged defendant sexually assaulted her when she was a teenager); Doe v. Smith, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); see also Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity). An

action need not involve rape or sexual assault specifically in order to permit a plaintiff to proceed as a Jane Doe. See Trooper 1 v. N.Y. State Police, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In Trooper 1, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

Id. (citations and quotations omitted). Here, Combs and Pierre are public figures and counsel anticipates that the media attention to this case will be substantial, especially because the commencement of this action happened to come on the heels of a highly-public lawsuit also filed by Wigdor LLP against Mr. Combs on behalf of his former girlfriend, Casandra "Cassie" Ventura. Following the filing of Ms. Ventura's complaints, other individuals also filed claims of sexual assault against Mr. Combs and Mr. Pierre, and many have come forward publicly to speak about their own experiences of abuse and brutality involving these Defendants.

On the heels of these explosive stories involving Defendants, the media attention of this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Ms. Doe be forced to disclose her identity. See, e.g., Doe v. Colgate Univ., No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014). See also Doe 1 v. McAdam Fin. Grp. LLC, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

**B. Plaintiff's Identification Poses a Risk of Retaliatory Mental Harm**

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of mental harm. Plaintiff's experiences, which as described in the Complaint are deeply traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. See Doe 140 v. Archdiocese of Portland in Or., 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. See Doe v. Smith, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); Doe v. Diocese Corp., 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit has garnered significant attention in the press, and if her identity is revealed to the public, there is little doubt that she would be inundated with unwanted attention from the media that would cause her extreme psychological distress. Plaintiff has experienced significant trauma as a result of Defendants' sexual assault and rape and would certainly experience significant harm if she is forced to reveal her identity to the public.

**C. The Defendant Would Not be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously**

Additionally, Defendants would not be prejudiced if Plaintiff pressed her claim anonymously. This is not a case in which the Defendants do not know the Plaintiff's identity. There is no concern about Defendants being able to conduct discovery if Plaintiff can proceed anonymously. Rapp v. Fowler, No. 20 Civ. 9586 (LAK), 2021 WL 1738349, at *6 (S.D.N.Y.

May 3, 2021) (courts consider "difficulties in conducting discovery" on Rule 10(a) motions); Roe v. Does 1-11, No. 20 Civ. 3788 (MKB) (SJB), 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations.").

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the Rules of Civil Procedure, and obtain any and all documents. There is neither potential prejudice to the Defendants nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants or in any way interfere with the policy underlying Rule 10a of the Federal Rules of Civil Procedure of apprising the parties of the identity of their opponent. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

**D. Plaintiff has Kept her Identity Confidential**

Further, Plaintiff has taken steps to keep her identity confidential. For example, she has not spoken publicly about the incidents that underly the causes of action. Wigdor Decl. ¶ 5.

**E. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously**

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." Id. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In EW, 213 F.R.D. 108, the court held that the

privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." Id. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of rape and the likelihood of further psychological injury overcomes any presumption of openness.

**F. Allowing Plaintiff to Proceed Anonymously Furthers Public Interest**

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest. In Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested that she be able to procced anonymously. As here, the plaintiff in *Evans* was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." Id. at 176. Plaintiff requests the same consideration here to protect her identity and she would suffer significant psychological harm if she is forced to reveal her identity to the public.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: December 11, 2023
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: ______________________________

Douglas H. Wigdor
Michael J. Willemin
Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*