UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JANE DOE,                                                :
                                                         :   Civil Case No.: 1:23-cv-10628 (JGLC)
                     Plaintiff,        :
      v.                                                 :
                                                         :
SEAN COMBS; HARVE PIERRE; THE THIRD        :
ASSAILANT; DADDY'S HOUSE RECORDINGS,       :
INC. and BAD BOY ENTERTAINMENT             :
HOLDINGS, INC.,                                          :
                                                         :
                    Defendants.       :
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

      Plaintiff Jane Doe, by and through her undersigned counsel, Wigdor LLP, hereby submits this Reply Memorandum of Law in Further Support of her Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a) (the "Motion").

**PRELIMINARY STATEMENT**

      Plaintiff's Motion established that it would be appropriate to permit Ms. Doe – who alleges that she was gangraped by Defendants when she was a 17-year-old highschooler – to continue to proceed pseudonymously. Defendants' opposition papers only reinforce that fact. Indeed, it is now even more clear that Defendants' opposition is not based on any real fear of prejudice that they will suffer, particularly during the pretrial phase of this action, if Ms. Doe's identity is not revealed to the public. Rather, Defendants want to "out" Ms. Doe so that they can publicly malign her because she is the victim of a completely separate set of wrongdoings that occurred nearly two decades after the events underlying to this action.

1

When it comes to any valid reasons for Defendants to oppose anonymity, *i.e.*, prejudice, Defendants motion is severely lacking. Piggybacking on their plan to use Plaintiff's status as a victim of totally unrelated wrongdoing to drag her through the mud in this case, Defendants suggest that if Plaintiff's name is publicly disclosed, relevant witnesses might start coming out of the woodwork with testimony and evidence that would "shatter her claims." This is nothing more than a speculative pipedream that is highly unlikely to materialize. Defendants also complain that they will be hindered in seeking discovery to the extent that a potential witness refuses to agree to maintain confidentiality, but this is an issue that presents itself in virtually every case in which the court has entered a protective order. In the event that the issue ever arises, it is something that the parties and Court can address at the appropriate time. Finally, Defendants contend that they will suffer increased prejudice if Plaintiff is permitted to remain anonymous at trial. While Plaintiff disagrees, this consideration is premature and can be revisited as trial approaches. See, e.g., Does 1-2 v. Hochul, No. 21 Civ. 5067 (AMD) (TAM), 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) ("Accordingly, although the balance of factors tips in favor of Plaintiffs at this phase of the case, this balance could change as the case progresses.").

As such, Plaintiff respectfully requests that the Court permit her to maintain anonymity at this time.

## ARGUMENT

### I.   The Litigation Unquestionably Concerns Highly Sensitive Matters

As explained in the Motion, this matter involves allegations that Ms. Doe was sexually trafficked and brutally gangraped by the Defendants – three adult men – when she was a teenager in high school. See Motion at pp. 3-5. Also as explained in the Motion, these are precisely the

types of allegations that support a plaintiff's request to proceed Anonymously.  See id.  Yet, despite the fact that both common sense and relevant case law dictate a finding that this action involves highly sensitive matters, Defendants take the untenable position that it does not.

In support of their position, Defendants rely on inapposite case law involving adult victims and/or far less sever allegations.  For example, Defendants point to Doe v. Delta Air Lines, Inc., No. 23 Civ. 931 (RPK) (LB), 2023 WL 7000939, at *3 (E.D.N.Y. Sept. 7, 2023), but the sexual assault in that case involved an adult male victim whose neck and thigh were massaged by the woman sitting next to him on a plane.  While all allegations of sexual assault must be taken seriously, the allegations of sexual assault in Delta Air Lines are nowhere near as severe as those at issue herein.  Moreover, contrary to Defendants' apparent misunderstanding, Delta Air Lines does not counsel courts to consider the age of the plaintiff at the time of filing.  It is clear from reading the decision that the age at the time of the assault is what is relevant to protect against a situation in which "virtually all claims of **adult** sexual assaults would *ipso facto* proceed anonymously" (emphasis added).

Consideration of the plaintiff's age at the time of the alleged assault also is appropriate because of the unique traumas associated with childhood sexual assault.  Indeed, according to one recent report, the average age of disclosure for childhood sexual abuse is 52.  See https://kansasreflector.com/2024/01/18/im-not-ready-survivors-of-child-sex-abuse-ask-for-more-time-to-file-civil-lawsuits/ (last accessed January 29, 2024).  Accordingly, if it is only the age of the victim at the time of the legal filing that is dispositive, virtually no victim of childhood sexual abuse would be permitted to proceed anonymously.  That, of course, is not the law.

In any event, the question for factor number one is not the age of the plaintiff, but whether the litigation involves highly sensitive matters. It is respectfully submitted that a 17-year-old girl being consecutively raped by three adult men is a highly sensitive matter.

## II.     The Risk of Harm Is Real, Not Speculative

As explained in the Motion, Combs and Pierre are public figures and this matter has already garnered significant media attention. See https://www.rollingstone.com/music/music-news/diddy-sued-by-fourth-accuser-1234917410/ (last accessed January 29, 2024); https://variety.com/2023/music/news/sean-diddy-combs-gang-rape-lawsuit-1235824467/ (last accessed January 29, 2024); https://www.nbcnews.com/news/us-news/sean-diddy-combs-accused-gang-rape-sex-trafficking-new-lawsuit-rcna128361 (last accessed January 29, 2024); https://www.tmz.com/2023/12/08/diddy-bad-boy-president-harve-pierre-lawsuit/ (last accessed January 29, 2024). As such, there are likely to be many, many articles and other publications about Plaintiff once her identity is exposed.

While Defendants contend that Plaintiff's claims concerning the potential for mental harm are unsupported, it is common knowledge and legally recognized that the public disclosure of a rape victims name can retraumatize victims of sexual abuse. See Doe 140 v. Archdiocese of Portland in Or., 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Indeed, the Motion was able to cite a number of cases in which plaintiffs were permitted to proceed anonymously because of the risk that disclosure of a party's identity could cause further injury. Doe v. Smith, 105 F. Supp. 2d at 40 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); Doe v. Diocese Corp., 647 A.2d 1067, 1072 (Conn.

1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980). As such, Defendants' contention that Plaintiff is uniquely immune to being retraumatized by the public disclosure of her name should be rejected. Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case."); E.E.O.C. v. Spoa, LLC., No. Civ. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) ("It is not simply that [the plaintiff] may face embarrassment from this widespread disclosure ... but rather [the plaintiff] may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access.").[1]

### III. Plaintiff Is Particularly Vulnerable to Possible Harms of Disclosure

Defendants take repeated "shots" at Plaintiff by citing to her significant social media and online presence – *none of which relates to or addresses in any way the allegations in this Complaint* – which they contend portrays her in a negative light. They also cite to articles that have been written in which Plaintiff has been accused of misdeeds. Nothing in Plaintiff's social media—either before or after the filing of her Complaint—mentions Defendants or what happened to her in 2003. Thus, none of this supports Defendants' position on the Motion. Rather, it exposes Defendants' true motives for opposing it; namely, so that they can use Plaintiff's status as a victim of totally unrelated wrongdoing that took place nearly 20 years after the events at issue in this litigation to drag her through the mud in this case. They intend to use identifying information about Plaintiff to publicly malign her, and are hoping that her public detractors will do so as well. In that sense, Plaintiff is very much uniquely and particularly

---

[1] To the extent that the Court requires an expert opinion on Plaintiff's specific circumstances, we can submit the same for the Court's consideration.

vulnerable to the harms that will accompany the disclosure of her name of this matter, which also of course will exacerbate the mental harm she will experience.

IV.     **Defendants' Claims of Prejudice Are Without Merit**

Defendants allege that they will suffer various prejudices if Plaintiff remains anonymous. They are wrong.  First, Defendants complain that it is simply unbalanced for Plaintiff to remain anonymous because they have been named as Defendants.  Defendants' feelings of imbalance are irrelevant to this Motion, as such feelings have no impact on their ability to defend this case. Second, Defendants suggest that if Plaintiff's name is publicly disclosed, relevant witnesses might start coming out of the woodwork with testimony and evidence that would "shatter her claims."  This concern is plainly speculative and, in this case, highly unlikely to materialize given that Plaintiff does not allege and does not believe that there are witnesses to the sexual assault other than the parties.  Third, Defendants contend that they will be hindered in seeking discovery to the extent that a potential witness refuses to agree to maintain confidentiality. However, that potential issue also is speculative and, in any event, is presented in virtually every case in which the court has entered a protective order.  In the event that the issue ever arises, it is something that the parties and Court can address at the appropriate time.

Finally, Defendants contend that they will suffer increased prejudice if Plaintiff is permitted to remain anonymous at trial.  While Plaintiff disagrees, this consideration is premature and can be revisited as trial approaches.  See, e.g., Does 1-2 v. Hochul, No. 21 Civ. 5067 (AMD) (TAM), 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) ("Accordingly, although the balance of factors tips in favor of Plaintiffs at this phase of the case, this balance could change as the case progresses.").  Accordingly, this factor weighs in Plaintiff's favor, particularly at this time.

V.	**Plaintiff's Identity Has Been Kept Confidential**

Despite the fact that her name appears in none of the many, many articles concerning this case, Defendants suggest that Plaintiff might have already revealed her identity. This suggestion is completely unwarranted. Plaintiff has done her best to remain anonymous and will continue to do so. The fact that she disclosed her identity to Defendants does not in any way undermine her desire to proceed pseudonymously. Obviously, she had to disclose her name to Defendants. Accordingly, this factor weighs in Plaintiff's favor.

VI.	**The Public's Interest in Knowing Plaintiff's Name Is Outweighed by Its Interest In Allowing Victims of Sexual Assault to Proceed Anonymously**

Defendants point to the "general rule" that the public has an interest in knowing the identity of the parties to a legal proceeding. However, that is the general rule in every case and does not preclude plaintiffs from proceeding anonymously in appropriate cases, such as this one. Indeed, in support of the Motion, Plaintiff cited to Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001), a case in which a victim of sexual assault was permitted to proceed anonymously. As noted, in considering the public's interest in the case, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." Id. at 176. Defendants only retort is to argue that the decision in Evans applied the Third Circuit's test for anonymity, rather than the Second Circuit's test. Defendants, though, do not attempt to distinguish the two tests and, in fact, they are substantively similar. Id. Moreover, Defendants cite nothing to suggest that the public in the Second Circuit, as opposed to that in the Third Circuit, does not have an interest in protecting the identities of sexual assault victims. Accordingly, this factor weighs in Plaintiff's favor.

### VII. There Are No Alternative Means to Prevent the Harm that Will Accompany Disclosure of Plaintiff's Identity

Defendants say that they will abide by any protective order entered by the Court in this matter. While it is commendable that Defendants have committed not to violating a Court order, a protective order obviously will not "completely accommodate any confidentiality concerns Plaintiff may have." Def. Br. at p. 21. The concern that Plaintiff has is the harm that will accompany being publicly identified as the minor victim of a gangrape by three adult men. That is the exact harm that will occur if Defendants' opposition is granted, regardless of whether a protective order is entered in this matter. As such, this factor weighs in Plaintiff's favor.

## CONCLUSION

On balance, the relevant factors support permitting Plaintiff to proceed pseudonymously, particularly at this time, during which Defendants will not be prejudiced. As such, for the reasons stated in the Motion and herein, Plaintiff respectfully requests that the Court permit her to proceed in this action pseudonymously.

Dated: January 31, 2024
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Michael J. Willemin
    Meredith A. Firetog

85 Fifth Avenue
New York, NY  10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*