UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE DOE,

                Plaintiff,

v.

SEAN COMBS, HARVE PIERRE;
THE THIRD ASSAILANT; DADDY'S
HOUSE RECORDINGS, INC. and
BAD BOY ENTERTAINMENT
HOLDINGS, INC.,

                Defendant(s)
------------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES**
**JURY TRIAL DEMAND**

Docket Number:
23 CV 10628 (JGLC)

Defendant, Harve Pierre ("Defendant"), by his attorneys, hereby answers the Complaint of Plaintiff, Jane Doe, as follows:

PRELIMINARY STATEMENT[1]

1. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 1.

---

[1] Defendant includes the Complaint's heading for ease of reference.

2. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 2.

3. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 3.

4. Defendant, Harve Pierre, admits that the "fourth suit" was filed against him and certain corporate entities. The defendant, Harve Pierre, denies the other factual allegations detailed in paragraph 4.

5. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 5. The Defendant, Harve Pierre, denies the alleged sexual assault ever took place.

6. Defendant, Harve Pierre, denies the allegations detailed in paragraph 6, except he lacks the knowledge or information sufficient to form a belief as to the truth of allegations concerning the acts of individuals other than himself. Moreover, the defendant, Harve Pierre, never participated in

the sexual assault of the Plaintiff nor did he ever witness anyone else sexually assaulting the Plaintiff.

7.    Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 7.

8.    Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 8.

9.    Defendant, Harve Pierre, admits the existence of this action and denies the plaintiff, Jane Doe, is entitled to any relief that is requested.

## JURISDICTION AND VENUE

10.   Defendant, Harve Pierre, denies the allegations detailed in paragraph 10 on the basis that they are legal conclusions to which no response is required.

11.   Defendant, Harve Pierre, denies the allegations detailed in paragraph 11 on the basis that they are legal conclusions to which no response is required.

## PARTIES

12.     Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 12.

13.     Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 13.

14.     Defendant, Harve Pierre, denies the factual allegations detailed in paragraph 14.

15.     Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 15.

16.     Defendant, Harve Pierre, denies the factual allegation that he and others raped Jane Doe as detailed in paragraph 16. Defendant, Harve Pierre, further lacks the knowledge or information sufficient to form a belief about the truth of the other allegations detailed in paragraph 16.

17. Defendant, Harve Pierre, denies the factual allegation that he and others raped Jane Doe as detailed in paragraph 17. Defendant, Harve Pierre, further lacks the knowledge or information sufficient to form a belief about the truth of the other allegations detailed in paragraph 17.

## FACTUAL ALLEGATIONS

18. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 18.

19. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 19.

20. Defendant, Harve Pierre, admits that he served as President of Bad Boy at some point. Defendant, Harve Pierre, further lacks the knowledge or information sufficient to form a belief about the truth of the other allegations detailed in paragraph 20.

21. The defendant, Harve Pierre, denies the factual allegation that he spent "significant time in and around Detroit, Michigan." Defendant, Harve

5

Pierre, further lacks the knowledge or information sufficient to form a belief about the truth of the other allegations detailed in paragraph 21.

22. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 22.

23. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 23.

24. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 24.

25. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 25.

26. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 26.

27. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 27.

28. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 28.

29. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 29.

30. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 30.

31. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 31.

32. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 32.

33. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 33 except that he lacks the knowledge or information sufficient to form a belief about the truth about what Jane Doe allegedly saw.

34. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 34.

35. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 35.

36. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 36.

37. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 37.

38. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 38.

39. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 39.

40. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 40.

41. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 41.

42. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 42.

43. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 43.

44. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 44.

45. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 45.

46. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 46.

47. Defendant, Harve Pierre, denies the allegations as detailed in paragraph 47.

48. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 48.

49. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 49.

50. Defendant, Harve Pierre, admits a suit was filed against him and other corporate entities, (the "Fourth Suit" as referenced in Paragraph 4). He denies he used "his position of power at Bad Boy to groom and sexually assault his former assistant". He further lacks the knowledge or information sufficient to form a belief about the truth of the other allegations detailed in paragraph 50.

51. Defendant, Harve Pierre, lacks the knowledge or information sufficient to form a belief about the truth of allegations detailed in paragraph 51.

FIRST CAUSE OF ACTION

52. Defendant, Harve Pierre, repeats and realleges all his previous answers to each and every allegation in the Complaint (Paragraphs 1 through 51) and incorporates them as though they were fully set forth herein.

53. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 53. He further denies the allegations based upon the fact they call for legal conclusions, to which no response is required.

54. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 54. He further denies the allegations based upon the fact they call for legal conclusions, to which no response is required.

55. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 55. He further denies the allegations based upon the fact they call for legal conclusions, to which no response is required.

56. Defendant, Harve Pierre, denies the factual allegation as detailed in paragraph 56. He further denies the allegation based upon the fact it calls for a legal conclusion, to which no response is required.

57. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 57. He further denies the allegations based upon the fact it calls for legal conclusions, to which no response is required.

58. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 58. He further denies the allegation based upon the fact it calls for a legal conclusion, to which no response is required.

59. Defendant, Harve Pierre, denies the factual allegations as detailed in paragraph 59. He further denies the allegation based upon the fact it calls for a legal conclusion, to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

Defendant, Harve Pierre, denies every allegation in the Complaint except those expressly admitted above. As such, Defendant, Harve Pierre, denies that Jane Doe is entitled to any of the relief set out in Paragraphs A through F of the Complaint's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Defendant, Harve Pierre, cannot be held liable under the Victim of Gender-Motivated Violence Protection Act, New York City Admin. Code §§

10-1101 et seq., because the Plaintiff cannot satisfy some or all of the elements of the statute.

### THIRD DEFENSE

Plaintiff's claim is time-barred because the claim-revival provision of New York City Admin. Code § 10-1105(a) – both on "its face" and "as applied" here – contravenes the due process guarantees of both the New York State and U.S. Constitution.

### FOURTH DEFENSE

Plaintiff's claim is barred by the equitable doctrine of laches because the decision to delay commencement of this suit for over two decades was unreasonable and prejudicial to the defense.

### FIFTH DEFENSE

Plaintiff's claim is barred by additional equitable defenses, including the defense of unclean hands, because the allegations are completely false.

### SIXTH DEFENSE

Plaintiff's damages, if any, are reduced by the collateral source of payment rule. Defendant, Harve Pierre, denies causing damages to Plaintiff.

## SEVENTH DEFENSE

The defendant, Harve Pierre, adopts, by reference, any applicable defense pleaded by any other defendant to this action which is not expressly set forth herein.

## OTHER DEFENSES

Defendant reserves his right to plead any additional affirmative and other defenses as they become known during the pendency of this action.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant requests a jury trial on all issues triable of right by jury.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor against Plaintiff as follows:

a. Dismissing the Complaint on the merits;

b. Awarding Defendant costs and expenses of this action, including attorneys' fees; and

c. Granting Defendant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 20, 2024

LAW OFFICES OF SCOTT E. LEEMON, PC
By:
_____/s/_____
Scott E. Leemon
41 Madison Avenue, 31st Floor
New York, NY 10010
212-696-9111
scott@leemonlaw.com

Jonathan Savella, Esq.
40 Exchange Place, Ste. 1800
New York, NY 10005
646-801-2184
jon@jonathansavella.com

*Attorneys for Defendant Harve Pierre*