UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
| | |
|---|---|
| JANE DOE, | : Civil Action No. 23-cv-10628 (JGLC) |
| Plaintiff, | : |
| v. | : |
| SEAN COMBS; HARVE PIERRE; THE THIRD ASSAILANT; DADDY'S HOUSE RECORDINGS, INC. and BAD BOY ENTERTAINMENT HOLDINGS, INC., | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS DADDY'S
HOUSE RECORDINGS, INC. AND BAD BOY ENTERTAINMENT HOLDINGS, INC.**

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464

Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, New York 10007
(212) 243-1100

-and-

Kinsella Holley Iser Kump Steinsapir LLP
(admitted *pro hac vice*)
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
(310) 566-9800

*Attorneys for Defendants Daddy's House
Recordings, Inc. and Bad Boy Entertainment Holdings, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

STANDARD OF REVIEW ............................................................................................................ 3

POINT I: THE PROVISIONS OF THE VGM THAT PLAINTIFF RAISES FOR CORPORATE LIABILITY ARE WITHOUT RETROACTIVE EFFECT ............................................................. 4

POINT II: PLAINTIFF'S THREADBARE ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................................................................. 7

POINT III: THE ALLEGED MISCONDUCT OF THE INDIVIDUAL DEFENDANTS CANNOT BE IMPUTED TO THE CORPORATE DEFENDANTS ........................................... 10

    A.     Mr. Pierre and the Third Assailant's Alleged Misconduct
          Cannot Be Imputed to the Corporate Defendants .................................................. 10

    B.     Mr. Combs's Alleged Misconduct
          Cannot Be Imputed to the Corporate Defendants .................................................. 12

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
  122 F.3d 130 (2d Cir. 1997) .................................................................................................. 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 4, 9

*Cort v. Marshall's Dep't Store*,
  No. 14-cv-7385 (NGG) (RER), 2015 WL 9582426 (E.D.N.Y. Dec. 29, 2015) ......................... 8

*Doe v. Alsaud*,
  12 F. Supp. 3d 674 (S.D.N.Y. 2014) ..................................................................................... 11

*Doe v. Guthrie Clinic, Ltd.*,
  No. 11-cv-6089T, 2012 WL 531026 (W.D.N.Y. Feb. 17, 2012) ............................................ 11

*Doe v. New York City Dep't of Educ.*,
  No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ............................................. 11

*Doe v. Solebury Sch.*,
  No. 21-cv-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022) ................................. 11

*Eckhart v. Fox News Network, LLC*,
  No. 20-cv-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) ........................................ 4

*Forest Park Pictures v. Universal Television Network, Inc.*,
  683 F.3d 424 (2d Cir. 2012) .................................................................................................... 4

*Giunta v. Dingman*,
  893 F.3d 73 (2d Cir. 2018) ...................................................................................................... 3

*Gottwald v. Sebert*,
  40 N.Y.3d 240 (2023) ............................................................................................................. 6

*Herman v. City of New York*,
  No. 15-cv-3059 (JG), 2016 WL 901667 (E.D.N.Y. Mar. 9, 2016) ........................................... 9

*In re Jamie J.*,
  30 N.Y.3d 275 (2017) ............................................................................................................. 7

*La Pietra v. RREEF Am., L.L.C.*,
   738 F. Supp. 2d 432 (S.D.N.Y. 2010) ................................................................................... 4, 9

*Louis v. Niederhoffer*,
   No. 23-cv-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ....................................... 6

*Medina v. Bauer*,
   No. 02-cv-8837 (DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) .......................................... 8

*Mohamad v. Palestinian Auth.*,
   566 U.S. 449 (2012) ................................................................................................................ 5

*N. Am. Airlines, Inc. v. Virgin Atl. Airways, Ltd.*,
   No. 05-cv-150 (JG), 2006 WL 3782862 (E.D.N.Y. Dec. 22, 2006) ........................................ 10

*Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*,
   No. 12-cv-2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ....................................... 8

*Ray v. Ray*,
   22 F.4th 69 (2d Cir. 2021) ....................................................................................................... 5

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
   35 N.Y.3d 332 (2020) .......................................................................................................... 6, 7

*Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*,
   No. 09-cv-3855 (JS) (WDW), 2013 WL 12368698 (E.D.N.Y. Feb. 19, 2013) ......................... 9

*Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*,
   No. 10-cv-4754 (JGK), 2011 WL 4056306 (S.D.N.Y. Sept. 13, 2011) .................................. 12

*Swarna v. Al-Awadi*,
   622 F.3d 123 (2d Cir. 2010) .................................................................................................. 11

**Statutes**

N.Y.C. Admin Code §§ 10-1101 *et seq.* ........................................................................... 1, 5, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3, 8

This memorandum of law is respectfully submitted on behalf of Defendants Daddy's House Recordings, Inc. ("Daddy's House") and Bad Boy Entertainment Holdings, Inc. ("BBE," and together with Daddy's House, the "Corporate Defendants") in support of their motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint [Dkt. No. 1] with prejudice.

## PRELIMINARY STATEMENT

Plaintiff alleges a single cause of action against five defendants under New York City's Victims of Gender-Motivated Violence Protection Law. N.Y.C. Admin. Code §§ 10-1101 *et seq.* (the "VGM"). All Defendants categorically deny Plaintiff's allegations against them. But, as to the two Corporate Defendants, as a matter of law, Plaintiff has failed to state a claim upon which relief can be granted against them.[1]

Plaintiff's claim fails against the Corporate Defendants for at least three reasons:

First, in Plaintiff's attempt to hold the Corporate Defendants liable, Plaintiff relies on language that was added to the VGM in 2022. Such language, which expanded the VGM's scope of liability, is inapplicable to Plaintiff's claim, which is based on misconduct that allegedly occurred in 2003. Retroactive application of amendments is presumptively disfavored, and there is no basis to find that this amendment operates retroactively.

Second, even if Plaintiff were permitted to rely on the VGM's amended language, she nonetheless fails to state a claim upon which relief can be granted against the Corporate Defendants. Beyond alleging that they "owned" and "operated" a location where a sexual assault occured, Plaintiff alleges no facts that the Corporate Defendants had any involvement whatsoever in any alleged misconduct. Such threadbare allegations, as here, do not and cannot form the basis

---

[1] Defendants Sean Combs and Harve Pierre, along with the Defendant Third Assailant, are collectively referred to as the "Individual Defendants."

1

of a claim against the Corporate Defendants.

And third, the alleged misconduct of the Individual Defendants cannot be imputed to the Corporate Defendants. It is well-settled that sexual assault and related misbehavior are outside the scope of employment and cannot be imputed to a corporate employer. Further, as to Defendant Sean Combs ("Mr. Combs"), Plaintiff has not alleged any facts or legal theory that can impute his alleged behavior to corporate entities he allegedly owns.

## RELEVANT COMPLAINT ALLEGATIONS

In broad strokes, the Complaint alleges that, on an unspecified date in the year 2003, Defendant Harve Pierre ("Mr. Pierre") and another defendant identified only as the "Third Assailant" befriended Plaintiff at the bar of an unnamed "lounge" in the greater Detroit area. Compl. ¶¶ 23-24, [Dkt. No. 1].[2]

After befriending Plaintiff at the bar, Mr. Pierre allegedly telephoned Mr. Combs, who invited Plaintiff to meet him that evening in "New York City." *Id.* ¶ 26. A "private jet" was allegedly waiting to transport her there. *Id*. Plaintiff allegedly agreed to accompany Mr. Pierre and the unnamed Third Assailant, but before leaving the lounge, Mr. Pierre allegedly smoked crack-cocaine in front of her and "sexually assault[ed]" her in a bathroom. *Id.* ¶¶ 28-29.

Undeterred, Plaintiff willingly traveled with Mr. Pierre and the Third Assailant, culminating in her arrival at "Daddy's House Recording Studio" in New York City, where she allegedly was "pl[ied]" with "copious amounts of drugs and alcohol." *Id.* ¶ 36.

In her allegedly intoxicated state, Plaintiff claims she was sexually assaulted by three men and abandoned on the bathroom floor until the next day when she was driven in an unidentified

---

[2] The allegations of the Complaint are entirely contested in the Answers of Mr. Combs and Mr. Pierre, which would exclude any possibility of misconduct or liability by the Corporate Defendants.

vehicle, transported to an unidentified airport, and flown back to Michigan on an unidentified aircraft. *Id.* ¶¶ 37-46.

Missing from the Complaint are any substantive allegations concerning the Corporate Defendants relating to the alleged misconduct:

The Complaint identifies BBE as a "music, media, and entertainment company founded and owned by Defendant Sean Combs," with Mr. Pierre having been made "President" a decade prior to the alleged incident. *Id.* ¶¶ 17, 20. It further alleges that BBE "owned and operated Daddy's House Recording Studio [sic]" where the New York assaults allegedly occurred. *Id.* ¶¶ 6, 17, 32, 35. And finally, quoting language from the VGM, the Complaint alleges a legal conclusion that BBE "enabled Defendants' commission of the crime of violence motivated by gender[.]" *Id.* ¶ 56. No other facts are alleged about BBE.[3] *Id. passim*.

The Complaint alleges less about Daddy's House. Although it mentions Daddy's House as a *location* in several paragraphs, it references Daddy's House as a *business entity* only in Paragraph 16 where it is identified as a "music, media, and entertainment company," which "owned and operated the Daddy's House Recording Studio [sic]." *Id.* ¶ 16. No other facts are alleged about Daddy's House. *Id. passim*.

## ARGUMENT

### STANDARD OF REVIEW

Subject to certain limitations, under Fed. R. Civ. P. 12(b)(6), a district court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). Dismissal is warranted if

---

[3] While the Complaint references "unlawful employment practices and intentional and negligent tortious conduct" in the "Jurisdiction and Venue" section, Compl. ¶ 11, it does not ascribe those purported practices and conduct to any defendant and provides no details regarding the specific practices or conduct challenged.

the complaint fails to plead allegations which, if accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

While a plaintiff is not required to provide "detailed factual allegations," a complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555; *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 436 (S.D.N.Y. 2010) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" (quoting *Iqbal*, 556 U.S. at 678)).

### POINT I

### THE PROVISIONS OF THE VGM THAT PLAINTIFF RAISES FOR CORPORATE LIABILITY ARE WITHOUT RETROACTIVE EFFECT

Although the VGM was originally passed in 2000, it was amended in 2022 to include language broadening its scope of liability. Plaintiff relies on this language to hold the Corporate Defendants subject to a claim, but this would require an impermissible retroactive application of the amended law. Accordingly, Plaintiff's claims against the Corporate Defendants must be dismissed with prejudice.

Prior to 2022, the VGM provided, in relevant part, "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender … has a cause of action against such *individual* … ." *See* Ex. A at 59-60 (emphasis adjusted); *see also Eckhart v. Fox News*

*Network, LLC*, No. 20-cv-5593 (RA), 2021 WL 4124616, at *25 (S.D.N.Y. Sept. 9, 2021) (quoting original language).

The Corporate Defendants cannot be held liable under the original wording of the statute. The Corporate Defendants may be "parties," but they are not "individuals" under the plain meaning of that term. *See Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454-57 (2012) (explaining that the ordinary meaning of "individual" refers to "a natural person" as opposed to "a corporation," and that most statutes adopt this usage except where the legislature indicates otherwise); *see also Ray v. Ray*, 22 F.4th 69, 73 (2d Cir. 2021) (statute is construed according to "plain meaning" where language is unambiguous). Further, Plaintiff does not claim that the Corporate Defendants "committed" a crime of violence motivated by gender; instead, she alleges only that BBE (but not Daddy's House) is liable because it "*enabled*" the commission of that crime. Compl. ¶ 56 (emphasis added).

That new language was added in 2022, when the New York City Council (the "Council") amended the VGM to change the word "*individual*" to "*party*" and to add "*directs, enables, participates in, or conspires in*" next to "*commits*." The VGM now reads, in relevant part, that "any person claiming to be injured by a *party* who commits, *directs, enables, participates in, or conspires in* the commission of a crime of violence motivated by gender has a cause of action against such *party* … ." N.Y.C. Admin. Code § 10-1104 (emphasis added); *see also* Ex. B (identifying amended wording).

Plaintiff attempts to rely on this amended wording to allege her claim against the Corporate Defendants. But because this language was not effective until 2022, it is inapplicable to Plaintiff's claim. New York courts uniformly recognize a "'deeply rooted' presumption against retroactivity … based on '[e]lementary considerations of fairness [that] dictate that individuals should have an

5

opportunity to know what the law is and to conform their conduct accordingly.'" *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020) (quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 265 (1994)). "In light of these concerns, '[i]t takes a clear expression of the legislative purpose … to justify a retroactive application' of a statute." *Id.* (*Gleason v. Gleason*, 26 N.Y.2d 28, 36 (1970)). Indeed, the New York Court of Appeals has held that "statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (quoting *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 584 (1998)).

Here, there is no express language nor necessary implication requiring retroactive effect. *Louis v. Niederhoffer* is instructive. No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023). There, plaintiff sought to bring a claim under the VGM for misconduct that occurred in the 1970s. Noting the presumption against retroactivity, the court ruled that nothing justified affording the VGM retroactive effect. *Id.* (citing *Adams v. Jenkins*, Index No. 115745/03, 2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005), finding the same).

Importantly, the *Louis* court recognized that this presumption was not adversely impacted by the VGM's claims-revival provision, which was added in the 2022 amendment. N.Y.C. Admin. Code § 10-1105 ("any civil claim … that is *barred because the applicable period of limitation has expired is hereby revived* and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022" (emphasis added)). As the court correctly recognized, this provision does not open the door to claims based on misconduct that occurred *before* the statute was passed. *Louis*, 2023 WL 8777015, at *1.

In this case, the Corporate Defendants are not exposed to claims based on misconduct that allegedly occurred before the 2022 amendments took effect. Although the misconduct at issue

6

allegedly occurred after the original passage of the VGM, such misconduct occurred almost 20 years before the 2022 amendment. Because a claim against the Corporate Defendants predicated on the amended statute cannot be "barred because the applicable period of limitation has expired," it nonetheless cannot be "revived" by the claims-revival provision. N.Y.C. Admin. Code § 10-1105. Rather, such a claim did not exist at all, and could only be brought two decades later when the statute was amended to apply to "parties" instead of "individuals," and to expand the scope of unlawful conduct to include "direct[ing], enabl[ing], participat[ing] in, [and] conspir[ing] in" violation of the VGM. *Id*. § 10-1104.[4] The Council never directly or indirectly expressed or implied, either by word or deed, that it intended to expand the liability for violations of the VGM to misconduct occurring before the amendments were passed – much less decades before them.[5]

For these reasons, the VGM cannot be applied to the Corporate Defendants, and thus the claim should be dismissed with prejudice.

## POINT II

## PLAINTIFF'S THREADBARE ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if Plaintiff were permitted to rely upon the amended language of the VGM – and she is not – her claim would still fail to state a claim against the Corporate Defendants. Plaintiff bases the VGM claim on the following: (1) BBE and Daddy's House are alleged to have "owned and

---

[4] The same concerns regarding the retroactive effect of new statutes apply to amendments. *See Regina*, 35 N.Y.3d at 349 (considering retroactive effect of amendments to existing law).

[5] Such an expansive application of retroactive liability would be unconstitutional under the Due Process Clauses of both the U.S. and New York Constitutions, as there is no rational basis for creating a tacit and unspecified retroactivity period that reaches back decades. *Regina*, 35 N.Y.3d at 376 ("In determining whether retroactive application of a statute is supported by a rational basis, the relationship between the length of the retroactivity period and its purpose is critical."). This constitutional impediment bolsters denying the retroactivity of the VGM amendments. *In re Jamie J.*, 30 N.Y.3d 275, 282 (2017) (the "canon of constitutional avoidance" counsels courts to "construe the statute, if possible, to avoid [a] due process infirmity").

operated" the location where sexual assaults were allegedly committed; and (2) BBE allegedly "enabled" the commission of the alleged sexual assaults. *Id.* ¶¶ 6, 16, 17, 32, 35, 56. Plaintiff's threadbare allegations cannot sustain this purported claim.

The mere fact that the Corporate Defendants "owned and operated" a location in which misconduct allegedly occurred, whether true or not, does not make them liable. *Cf. Cort v. Marshall's Dep't Store*, No. 14-cv-7385 (NGG) (RER), 2015 WL 9582426, at *1, 5 (E.D.N.Y. Dec. 29, 2015) (mere fact that assault occurred on corporate premises insufficient, without more, to hold corporation liable). Nor does Plaintiff's vague and boilerplate allegation equate to a *plausible* allegation that the Corporate Defendants "directed," "enabled," "participated in," or "conspired in" the commission of any misdemeanor or felony against Plaintiff.

A complaint must provide each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Medina v. Bauer*, No. 02-cv-8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). Consequently, courts will dismiss claims at the pleading stage where the complaint fails to give the defendant any notice of the misconduct it is alleged to have committed. *See, e.g., Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, No. 12-cv-2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (dismissing complaint where, *inter alia*, it failed to allege specific misconduct undertaken by each defendant and "force[d] the various defendants to guess at the nature of its claims"), *aff'd*, 530 F. App'x 19 (2d Cir. 2013); *Medina*, 2004 WL 136636, at *6 (dismissing complaint against three defendants where it had only one allegation specific to each defendant and "fail[ed] to give adequate notice to these defendants as to what they did wrong.").

Notably, the Complaint alleges no acts or omissions by the Corporate Defendants or their agents that describe any involvement by them in misconduct that allegedly occurred in connection

8

with the alleged incident.[6] Plaintiff's apparent view is that complicity in a "crime of violence" should be inferred based on a single boilerplate allegation of "own[ership] and opera[tion]." This view is untenable and is a radical departure from the well-established pleading standards under Fed. R. Civ. P. 12. *See Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level … ."); *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, No. 09-cv-3855 (JS) (WDW), 2013 WL 12368698, at *9 (E.D.N.Y. Feb. 19, 2013) (granting dismissal of RICO claim where there "exist[ed] … a void in the factual allegations" suggesting corporate involvement, and the court would have to make unwarranted "inferential leap"), *amended on reconsideration in non-rel. part*, No. 09-cv-3855 (JS) (WDW), 2013 WL 5295713 (E.D.N.Y. Sept. 18, 2013).[7] Put simply, not a single probative or supporting allegation can be found in the Complaint that would warrant including the Corporate Defendants in this claim.

Similarly futile is Plaintiff's legal conclusion that BBE "enabled Defendants' commission of the crime of violence motivated by gender." Compl. ¶ 56. It is black-letter law that copying the language of a statute and planting it in a complaint is insufficient to state a claim. *See, e.g., Herman v. City of New York*, No. 15-cv-3059 (JG), 2016 WL 901667, at *2 (E.D.N.Y. Mar. 9, 2016) ("A complaint cannot escape the charge that it is entirely conclusory in nature merely by quoting … words from the statutes … ." (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972))); *La Pietra*, 738 F. Supp. 2d at 436 (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" (quoting *Iqbal*, 556 U.S.

---

[6] As discussed in Section III, *infra*, the alleged misconduct of the Individual Defendants cannot be imputed to the Corporate Defendants.

[7] The Complaint fails to allege the requisite "animus" against the Corporate Defendants, particularly given that they cannot be held vicariously liable for the alleged misconduct of the Individual Defendants. *See* Section III, *infra*.

9

at 678)).

Accordingly, even under the amended language of the VGM, Plaintiff fails to state a claim against the Corporate Defendants.

**POINT III**

**THE ALLEGED MISCONDUCT OF THE INDIVIDUAL DEFENDANTS CANNOT BE IMPUTED TO THE CORPORATE DEFENDANTS**

Having failed to state a claim against the Corporate Defendants, Plaintiff also cannot sustain a claim against them based on a theory of vicarious liability arising from the alleged misconduct of the Individual Defendants. Aside from the fact that Plaintiff has not alleged vicarious liability, the Complaint also fails to allege facts that give rise to such liability.

**A.     Mr. Pierre and the Third Assailant's Alleged Misconduct Cannot Be Imputed to the Corporate Defendants**

The Complaint fails to show any linkage or tie between the Third Assailant, on the one hand, and Daddy's House or BBE, on the other hand. *See*, *e.g.*, *N. Am. Airlines, Inc. v. Virgin Atl. Airways, Ltd.*, No. 05-cv-150 (JG), 2006 WL 3782862, at *6 (E.D.N.Y. Dec. 22, 2006) ("Underlying the doctrine of vicarious liability is the notion of authority or control over the alleged wrongdoer." (quoting *Hilliard v. Roc-Newark Associates*, 287 N.Y.S.2d 421, 692 (2d Dep't 2001)). The Third Assailant is simply identified as Mr. Pierre's "friend." Compl. ¶ 23. There is no allegation that the Third Assailant was under the "authority or control" of the Corporate Defendants. Thus, there is no basis to hold the Corporate Defendants vicariously liable for his alleged misconduct.

While Mr. Pierre is alleged to be BBE's "President," Compl. ¶ 20, as employer, BBE

cannot be held vicariously liable for Mr. Pierre's purported misconduct under New York law.[8] While an employer may be liable for the torts of its employees when an employee's actions fall within the scope of employment, "it is well-settled in the Second Circuit that employers are not liable to plaintiffs for sexual assaults under a theory of *respondeat superior* since *sexual misconduct is necessarily outside the scope of employment*." *Doe v. New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023) (emphasis added); *see also*, *e.g.*, *Doe v. Solebury Sch.*, No. 21-cv-06792 (LLS), 2022 WL 1488173, at *3 (S.D.N.Y. May 11, 2022) (dismissing vicarious liability claim against employer related to sexual assaults); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing *respondeat superior* claim against employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of *respondeat superior* was held to apply to sexual assault").

Indeed, "where an employee undertook conduct for personal reasons, or had personal motivations, the employee's conduct cannot be attributed to his or her employer." *Doe v. Guthrie Clinic, Ltd.*, No. 11-cv-6089T, 2012 WL 531026, at *5 (W.D.N.Y. Feb. 17, 2012) (citing cases). The Second Circuit finds sexual assault and related behavior "arise from personal motives and do not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010) (quoting *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 531 (S.D.N.Y. 1998)). Accordingly, it cannot be a predicate act to impose vicarious liability.

Here, even if Plaintiff attempted to raise a vicarious liability theory, it would be futile. Plaintiff's claim against the Individual Defendants is premised on "sexual assault." Compl. ¶¶ 53-55 (identifying the "crime of violence" at issue as "sexual assault"). Such alleged behavior is

---

[8] Mr. Pierre is not alleged to have a relationship with Daddy's House.

driven by personal motive and outside the scope of employment. Plaintiff does not allege otherwise, thus neither Corporate Defendant can be held liable.

### B. Mr. Combs's Alleged Misconduct Cannot Be Imputed to the Corporate Defendants

Plaintiff pleads no facts to impute the alleged misconduct of Mr. Combs to the Corporate Defendants. While Mr. Combs is alleged to be the "owner" of both Corporate Defendants, Compl. ¶¶ 16-17, there is no basis to hold them liable for his alleged actions. In exceptional cases, a corporate entity may be liable for the acts of its owner under a "reverse piercing theory." *See*, *e.g.*, *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). However, reverse-piercing is appropriate only where (i) a corporation is "dominated," such that, for example, corporate formalities are not observed, and (ii) the "domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Id.*; *see also Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10-cv-4754 (JGK), 2011 WL 4056306, at *5 (S.D.N.Y. Sept. 13, 2011) ("Disregard of the corporate form is warranted only in 'extraordinary circumstances,' and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss" (quoting *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 511-12 (S.D.N.Y. 2005)).

Suffice it to say, not only are there no allegations concerning any non-observance of corporate formalities, there also are no allegations regarding any "dominance and control" over BBE or Daddy's House by anyone. No claim has been stated against the Corporate Defendants and they should be dismissed from the action with prejudice.

**CONCLUSION**

For all the foregoing reasons, the Corporate Defendants respectfully request that the Court grant an order dismissing the Complaint against the Corporate Defendants with predjudice, together with such other and further relief as the Court deems just and proper.

Dated: February 20, 2024
New York, New York

JONATHAN D. DAVIS, P.C.

By: /s/Jonathan D. Davis
Jonathan D. Davis
Anthony C. LoMonaco
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464
jdd@jddavispc.com
acl@jddavispc.com

Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, New York 10007
(212) 243-1100
bcsternheim@mac.com

-and-

Kinsella Holley Iser Kump
Steinsapir LLP
(admitted *pro hac vice*)
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
(310) 566-9800
SHolley@khiks.com

*Attorneys for Defendants Daddy's House Recordings, Inc. and Bad Boy Entertainment Holdings, Inc.*

13