UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JANE DOE, | : Civil Action No. 23-cv-10628 (JGLC) |
| Plaintiff, | : **ANSWER AND DEFENSES** |
| v. | : **JURY TRIAL DEMANDED** |
| SEAN COMBS; HARVE PIERRE; THE THIRD ASSAILANT; DADDY'S HOUSE RECORDINGS, INC. and BAD BOY ENTERTAINMENT HOLDINGS, INC., | : |
| Defendants. | : |

---

Defendant Sean Combs ("<u>Defendant</u>"), by his attorneys, for his Answer and Defenses to the Complaint (the "<u>Complaint</u>") filed by Plaintiff, hereby denies knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the acts or omissions of third parties, unless otherwise specifically stated, and responds specifically with respect to each correspondingly numbered paragraph of the Complaint, as follows:

### RESPONSE TO PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint alleges hyperbole, characterizations, and/or opinions for which no response is required, and on that basis Defendant denies those allegations, denies all facts alleged therein, and admits only that on November 16, 2023, Casandra Ventura filed her complaint in this Court in which he was named a defendant.

2. Paragraph 2 of the Complaint alleges hyperbole and/or opinions for which no response is required, and on that basis Defendant denies those allegations, and denies all purported facts alleged therein.

1

3. Paragraph 3 of the Complaint alleges characterizations and/or opinions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that Joi Dickerson-Neal filed a complaint in the Supreme Court of the State of New York, County of New York, on November 23, 2023 in which Defendant was named a defendant, and Liza Gardner filed a complaint in the Supreme Court of the State of New York, County of New York, on November 27, 2023 in which Defendant was named a defendant, and respectfully refers the Court to those pleadings for their true content, meaning, and import.

4. Paragraph 4 of the Complaint alleges characterizations and/or opinions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that a pseudonymous plaintiff filed a complaint in the Supreme Court of the State of New York, County of New York (the "Jane Doe State Action"), on November 21, 2023, in which Harve Pierre, Bad Boy Records, and Combs Enterprises, LLC were named as defendants, and respectfully refers the Court to that pleading for its true content, meaning, and import.

5. Paragraph 5 of the Complaint alleges hyperbole and/or opinions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that he is named a defendant in this action.

6. Defendant denies the allegations in paragraph 6 of the Complaint, except Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint to the extent they relate to the acts or omissions of Plaintiff and all other persons, and on that basis denies them.

7. Defendant denies the allegations in paragraph 7 of the Complaint and avers that the context, genuineness, and/or accuracy of the photographs are disputed.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and on that basis denies them, except Defendant avers that he never participated in, witnessed, or was or is presently aware of any misconduct, sexual or otherwise, relating to Plaintiff in any circumstance whatsoever.

9. Paragraph 9 of the Complaint alleges legal conclusions, remedies, and other relief for which no response is required, and on that basis Defendant denies those allegations, except Defendant avers that Plaintiff is not entitled to any relief whatsoever under the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations.

11. Paragraph 11 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations.

## PARTIES

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13. Paragraph 13 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that he is an individual who resides in California.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16. Paragraph 16 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that

Daddy's House Recordings, Inc. ("Daddy's House") is incorporated in New York with its principal place of business at 9255 Sunset Boulevard, West Hollywood, California 90069. Defendant otherwise denies the allegations in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that Bad Boy Entertainment Holdings, Inc. ("BBE") is incorporated in New York with its principal place of business at 9255 Sunset Boulevard, West Hollywood, California 90069. Defendant otherwise denies the allegations in paragraph 17 of the Complaint.

## RESPONSE TO FACT ALLEGATIONS

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and on that basis denies them.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and on that basis denies them, except Defendant admits that he was born in 1969 and has been a musical artist, performer, and producer for decades.

20. Paragraph 20 of the Complaint alleges characterizations and/or hyperbole for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits that he founded BBE (which also has done business as "Bad Boy Records") in 1993, and that Mr. Pierre served in various positions in the company over time.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint, and on that basis denies them.

4

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint, and on that basis denies them.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint, and on that basis denies them.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint, and on that basis denies them.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint, and on that basis denies them.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint, and on that basis denies them.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint, and on that basis denies them.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint, and on that basis denies them.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint, and on that basis denies them, except avers that Defendant was and is the sole stockholder of Daddy's House.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint, and on that basis denies them.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint and avers that the context, genuineness, and/or accuracy of the photograph is disputed.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint and avers that the context, genuineness, and/or accuracy of the photographs are disputed.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint alleges hyperbole and/or opinions for which no response is required, and on that basis Defendant denies those allegations.

49. Paragraph 49 of the Complaint alleges hyperbole, characterizations, and/or opinions for which no response is required, and on that basis Defendant denies those allegations, denies all facts alleged therein, and admits only that on November 16, 2023, Casandra Ventura filed her complaint in this Court in which he was named a defendant.

50. Paragraph 50 of the Complaint alleges characterizations and/or opinions for which no response is required, and on that basis Defendant denies those allegations, except Defendant admits

that the Jane Doe State Action was filed in which Harve Pierre, Bad Boy Records, and Combs Enterprises, LLC were named as defendants, and respectfully refers the Court to that pleading for its true content, meaning, and import.

51. Paragraph 51 of the Complaint alleges hyperbole and/or opinions for which no response is required, and on that basis Defendant denies those allegations.

**FIRST CAUSE OF ACTION**

52. In response to paragraph 52 of the Complaint, Defendant repeats and realleges his responses to paragraphs 1 through 51 as if set forth at length herein.

53. Paragraph 53 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

54. Paragraph 54 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

55. Paragraph 55 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

56. Paragraph 56 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

57. Paragraph 57 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

58. Paragraph 58 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

59. Paragraph 59 of the Complaint alleges legal conclusions for which no response is required, and on that basis Defendant denies those allegations, inclusive of all allegations incorporated therein.

## RESPONSE TO PRAYER FOR RELIEF

60. Defendant denies that Plaintiff is entitled to any of the relief enumerated in paragraphs A through F of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred because Plaintiff cannot satisfy all or some of the required elements of her claim under the Victims of Gender-Motivated Violence Protection Law, New York City Admin. Code §§ 10-1101 *et seq.* (the "VGM").

## THIRD DEFENSE

The Complaint is barred because the VGM is unconstitutional on its face, both substantively and procedurally.

Plaintiff's decision to wait more than two decades to file her Complaint has prejudiced Defendant, as he has lost the ability to defend himself fully and fairly in this action. For example, some or all evidence that otherwise would have been available if the action had been promptly commenced may be unavailable, lost, or compromised.

The absence of evidence materially impacts Defendant's ability to defend against essential aspects of Plaintiff's claims. Witness identification, availability, and recollections are likely compromised due to the substantial passage of time since the alleged incident.

Allowing this action to proceed violates Defendant's rights under the U.S. Constitution and the New York State Constitution.

**FOURTH DEFENSE**

The Complaint is barred under the applicable statute of limitations, including, without limitation, because the statute of limitations revival provisions of the VGM, on their face, violate the Due Process rights of Defendant under the U.S. Constitution and New York State Constitution.

**FIFTH DEFENSE**

The Complaint is barred under the doctrine of laches. Plaintiff has waited an unreasonably long time to file this action, more than two decades, and thus Defendant's ability to defend the claim has been prejudiced due to this unreasonable delay, including denying him access to, among other things, documents or other physical evidence and witnesses with complete or reliable memories.

**SIXTH DEFENSE**

The Complaint is barred based on Plaintiff's acts, omissions, or other culpable conduct. Damages, if any, must be reduced by the proportion of which such conduct is attributed to Plaintiff. Notwithstanding, Defendant denies causing any damage to Plaintiff.

**SEVENTH DEFENSE**

The Complaint is barred because Plaintiff would be unjustly enriched by any judgment in her favor against Defendant. Notwithstanding, Defendant denies causing any damage to Plaintiff.

**EIGHTH DEFENSE**

The Complaint is barred based on the doctrine of unclean hands, as the claim alleges an entirely fictional account that never occurred.

**NINTH DEFENSE**

Plaintiff's damages, if any, are governed by the collateral source of payment rule, which reduces any damages that could be awarded in her favor against Defendant. Notwithstanding, Defendant denies causing any damage to Plaintiff.

**TENTH DEFENSE**

Plaintiff is barred from recovery of any damages because they are uncertain, contingent, and/or speculative. Notwithstanding, Defendant denies causing any damage to Plaintiff.

**RESERVATION OF RIGHTS**

Defendant presently has insufficient knowledge or information upon which to form a basis whether he has additional defenses. Accordingly, Defendant reserves the right to amend this Answer to allege additional defenses after conducting further investigation, discovery, and/or research.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant requests a trial by jury on all issues so triable.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment as follows:

(a) Dismissing the Complaint with prejudice in all respects;

(b) Interest, attorney's fees, costs, and disbursements, as permitted by contract, law, or statute; and

(c) Such other and further relief as the Court deems just and proper.

Dated: February 20, 2024
New York, New York

JONATHAN D. DAVIS, P.C.

By: /s/Jonathan D. Davis
Jonathan D. Davis
Anthony C. LoMonaco
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464
jdd@jddavispc.com
acl@jddavispc.com

Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, New York 10007
(212) 243-1100
bcsternheim@mac.com

-and-

Kinsella Holley Iser Kump Steinsapir LLP (admitted *pro hac vice*)
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
(310) 566-9800
SHolley@khiks.com

*Attorneys for Defendant Sean Combs*