# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| JANE DOE, | : | Civil Action No. 23-cv-10628 (JGLC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEAN COMBS; HARVE PIERRE; THE THIRD | : | |
| ASSAILANT; DADDY'S HOUSE RECORDINGS, | : | |
| INC. and BAD BOY ENTERTAINMENT | : | |
| HOLDINGS, INC., | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CORPORATE DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF MOTION ON THE PLEADINGS ON BEHALF OF DEFENDANT SEAN COMBS

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464

Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, New York 10007
(212) 243-1100

-and-

Kinsella Holley Iser Kump Steinsapir LLP
(admitted *pro hac vice*)
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
(310) 566-9800

*Attorneys for Defendants Sean Combs, Daddy's House Recordings, Inc., and Bad Boy Entertainment Holdings, Inc.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT COMPLAINT ALLEGATIONS ........................................................................ 3

ARGUMENT .............................................................................................................................. 4

STANDARD OF REVIEW ........................................................................................................ 4

POINT I: PLAINTIFF'S CLAIM IS TIME-BARRED BECAUSE THE
VGM'S CLAIM-REVIVAL PROVISION IS PREEMPTED BY THE ASA AND CVA ............ 5

CONCLUSION ........................................................................................................................... 9

## **TABLE OF AUTHORITIES**

### **Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 4

*Bellino v. Tallarico*,
   No. 24-cv-0712, Dkt. No. 7 (S.D.N.Y. Feb. 22, 2024) ...................................... 1, 2, 6

*Carroll v. Trump*,
   650 F. Supp. 3d 213 (S.D.N.Y. 2023) .............................................................................. 2

*DeSimone v. Select Portfolio Servicing, Inc.*,
   No. 20-cv-3837 (PKC) (TAM), 2023 WL 6450236, (E.D.N.Y. Sept. 30, 2023)....................... 3

*DJL Rest. Corp. v. City of New York*,
   96 N.Y.2d 91 (N.Y. 2001) ............................................................................................ 6, 7

*Doe v. Gooding*,
   No. 20-cv-06569 (PAC), 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) ............................... 7, 8

*Engelman v. Rofe*,
   194 A.D.3d 26 (1st Dep't 2021).................................................................................... 7, 8

*Forest Park Pictures v. Universal Television Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012) ............................................................................................ 4

*Giunta v. Dingman*,
   893 F.3d 73 (2d Cir. 2018) .............................................................................................. 4

*Lively v. WAFRA Inv. Advisory Grp., Inc.*,
   6 F.4th 293 (2d Cir. 2021) .............................................................................................. 4

*Louis v. Niederhoffer*,
   No. 23-cv-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023)..................................... 5

*New York City Health & Hosps. Corp. v. Council of City of New York*,
   303 A.D.2d 69 (1st Dep't 2003)...................................................................................... 8

*Oawlawolwaol v. Boy Scouts of Am.*,
   No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880 (E.D.N.Y. Sept. 24, 2021)........................ 5

### **Statutes**

N.Y. C.P.L.R. § 214-g ...................................................................................................... 5, 7

N.Y. C.P.L.R. § 214-j. ................................................................................................ 5, 7

N.Y. Penal Law §§ 130, *et seq.* ...................................................................................... 7

N.Y.C. Admin. Code §§ 10-1101, *et seq.* ............................................................. *passim*

## **Rules**

Fed. R. Civ. P. 1 ........................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 4

Fed. R. Civ. P. 12(c) ............................................................................................... 1, 2, 4

This supplemental memorandum of law is respectfully submitted on behalf of the Corporate Defendants in further support of the Motion to Dismiss [Dkt. Nos. 41-43] because of a decision handed down by the Honorable Lewis A. Kaplan on February 21, 2024, which provides yet another basis to dismiss this action against the Corporate Defendants based on the running of the statute of limitations.

Defendant Sean Combs, who answered the Complaint, joins this supplemental memorandum in support of his motion, under Fed. R. Civ. P. 12(c), for judgment on the pleadings (the "Rule 12(c) Motion").[1]

The Court's consideration of Judge Kaplan's decision in *Bellino v. Tallarico*, No. 24-cv-0712, Dkt. No. 7 (S.D.N.Y. Feb. 22, 2024), which controls the final disposition of this case, will conserve judicial resources and minimize the legal costs of the parties.[2]

## PRELIMINARY STATEMENT

Plaintiff alleges a single cause of action against the five defendants under New York City's Victims of Gender-Motivated Violence Protection Law. N.Y.C. Admin. Code §§ 10-1101, *et seq.* (the "VGM"). Defendants have categorically denied Plaintiff's allegations in the Complaint. The lawsuit has singlehandedly irreparably damaged the Individual Defendants' reputations and their standing in the community and has resulted in them becoming victims of the "cancel culture" frenzy in the courts – well before any evidence has been presented, and on the basis of rank, uncorroborated allegations.

---

[1] Having answered the Complaint, the Rule 12(c) Motion is timely. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). Accompanying this memorandum of law is a notice of motion.

[2] The defined terms in the "Memorandum of Law in Support of Motion to Dismiss the Complaint Against Defendants Daddy's House Recordings Studio, Inc. and Bad Boy Entertainment Holdings, Inc." [Dkt. 43] (the "Corp. Defs' Mem.") are incorporated herein unless otherwise stated.

On February 20, 2024, the Corporate Defendants filed the Motion to Dismiss, contending that Plaintiff's claim fails as a matter of law against the Corporate Defendants because: (1) the provisions of the VGA on which the claim relies are without retroactive effect; (2) the Complaint's threadbare allegations fail to state a claim for which relief can be granted; and (3) the Individual Defendants' conduct cannot be imputed to the Corporate Defendants. *See* Corp. Defs' Mem. Mr. Combs and Mr. Pierre have answered the Complaint, denying the allegations therein. [Dkt. Nos. 38, 44.]

One day after Defendants filed their responses, Judge Kaplan issued a first-of-its-kind opinion, holding that the claim-revival provision of the VGM is preempted by the adoption by the New York State Legislature (the "NY Legislature") of the Child Victims Act ("CVA") and the Adult Survivors Act ("ASA"). *Bellino v. Tallarico*, No. 24-cv-0712, Dkt. No. 7.[3] Under Judge Kaplan's reasoning, Plaintiff's claim, which is brought under the VGM's claim-revival provision, is preempted by the CVA and ASA, and therefore must be dismissed with prejudice.

The Corporate Defendants filed the Motion to Dismiss only three days ago. Good cause exists to consider this supplemental submission in deciding that motion. The preemption ground applied by Judge Kaplan interrelates with the Corporate Defendants' retroactivity argument, insofar as both concern the timeliness of Plaintiff's claim. *See* Corp. Defs.' Mem. at 4-7. Furthermore, the opinion is controlling precedent that compels dismissal of Plaintiff's claim with prejudice. *See DeSimone v. Select Portfolio Servicing, Inc.,* No. 20-cv-3837 (PKC) (TAM), 2023

---

[3] Judge Kaplan is a leading jurist regarding New York's claim-revival statutes. *See Carroll v. Trump*, 650 F. Supp. 3d 213 (S.D.N.Y. 2023). For the Court's convenience, both Judge Kaplan's opinion in *Bellino* and the memorandum of law containing the reasoning his Honor substantially adopted are attached to the Supplemental Declaration of Jonathan D. Davis as Exhibits A and B, respectively.

WL 6450236, at *4 (E.D.N.Y. Sept. 30, 2023) ("While it would be ideal for parties to discover and submit all relevant [authority] before a motion is fully briefed, '[i]t is fairly standard practice for parties to send letters or to otherwise file supplemental authority after briefing is complete.'" (quoting *Delgado v. Ocwen Loan Servicing, LLC,* No. 13-cv-4427 (NGG) (ST), 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016)).

Moreover, permitting the Corporate Defendants to supplement the Motion to Dismiss now will promote judicial economy and conserve judicial and party resources. *See* Fed. R. Civ. P. 1 (the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Also, consideration of this additional ground will allow the parties to brief – and the Court to decide – the Motion to Dismiss and preemption argument at one time. Otherwise, the Corporate Defendants may have to file a separate motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings.

Finally, Plaintiff will not be prejudiced if the Court considers the preemption argument now, as the Corporate Defendants filed the Motion to Dismiss this week, and Plaintiff, who has not yet responded, will have the unrestricted opportunity to respond to all of Defendants' arguments at one time. Accordingly, it is respectfully submitted that the Court should not be hesitant to decide the preemption argument now.

## RELEVANT COMPLAINT ALLEGATIONS

The material allegations of the Complaint are recited in the Motion to Dismiss. *See* Corp. Defs.' Mem. at 2-3. Critical to the argument in this memorandum, however, is that all misconduct alleged in the Complaint occurred in 2003. *See*, *e.g.*, Compl. ¶ 6. Because Plaintiff's claim accrued in 2003, it *expired* under the VGM's 7-year statute of limitations in 2010. Thus, Plaintiff relies on the claim-revival provision of the VGM, which purports to revive claims that have otherwise

expired under the VGM's statute of limitations. *Id.* ¶ 59 ("Pursuant to § 10-1105(a), this cause of action is timely because it is commenced within 'two years and six months after September 1, 2022.'").

## ARGUMENT

### STANDARD OF REVIEW

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). Thus, under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), subject to certain limitations, a district court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). Dismissal is warranted if the complaint fails to plead allegations which, if accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). While a plaintiff is not required to provide "detailed factual allegations," a complaint must assert "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## POINT I

## PLAINTIFF'S CLAIM IS TIME-BARRED BECAUSE THE VGM'S CLAIM-REVIVAL PROVISION IS PREEMPTED BY THE ASA AND CVA

In 2000, the New York City Council (the "City Council") passed the VGM. *See* N.Y.C. Admin. Code §§ 10-1101, *et seq.*; *see also Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023). The VGM carries a 7-year statute of limitations. *Id.* § 10-1105. The alleged misconduct underlying Plaintiff's claim occurred in 2003. *See* Compl. ¶ 6. Thus, Plaintiff's claim expired in 2010 and is now time-barred.

In 2019, however, the NY Legislature passed the CVA, which revived – for a limited period of time – claims related to alleged "sexual offenses" under the New York Penal Law that were committed against individuals under age 18. To effectuate this goal, the CVA added N.Y. C.P.L.R. § 214-g, creating a two-year claim-revival period.[4] Thus, under § 214-g, individuals, like Plaintiff, who possessed expired sexual offense claims that allegedly occurred when they were under age 18, were entitled to pursue those expired claims, but only within a two-year window:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary … every civil claim or cause of action brought against any party alleging … conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age … which is barred as of the effective date of this section because the applicable period of limitation has expired ... *is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section*. …

N.Y. C.P.L.R. § 214-g (emphasis added). The claim-revival window opened on August 14, 2019 and closed on August 14, 2021. *See Oawlawolwaol*, 2021 WL 4355880, at *1 n.1. Therefore,

---

[4] The statute originally provided for a 1-year claim-revival period, but later increased it to 2 years. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y. Sept. 24, 2021).

Plaintiff's claim was revived on August 14, 2019, but expired on August 14, 2021 and became time-barred.[5]

Notwithstanding her failure to timely file suit during the CVA's 2-year window, Plaintiff now improperly files her VGM claim, relying on the claim-revival provision in § 10-1105. Compl. ¶ 59. That provision, which the City Council added in 2022, provides a 2-year claim-revival window ending in 2025:

> Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022.

N.Y.C. Admin. Code § 10-1105. Plaintiff's reliance on this provision of the VGM is barred because, as Judge Kaplan ruled, § 10-1105 "is preempted by the state's adoption of the [CVA] and the [ASA]," and cannot form the basis of a timely claim. *See Bellino*, No. 24-cv-0712, Dkt. No. 7, at 2-3.[6]

In so ruling, Judge Kaplan found that the VGM's claim-revival provision was preempted "substantially for the reasons set forth by the defendant." *Id.* at 3. In support of his motion to dismiss the complaint, the defendant there argued that *state law may preempt local law* either expressly or implicitly. *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (N.Y. 2001). In

---

[5] In 2022, the NY Legislature passed the ASA to create a similar claims-revival window that expired in November 2023 for individuals alleging misconduct that occurred when they were age 18 or older. *See* N.Y. C.P.L.R. § 214-j. Because Plaintiff alleges that she was age 17 at the time of the alleged misconduct, Compl. ¶ 6, the CVA is applicable.

[6] Judge Kaplan also found that plaintiff failed to plead facts amounting to a violation of the VGM, but he held *preemption* to be an "independent" ground to dismiss. *Bellino*, No. 24-cv-0712, Dkt. No. 7, at 1-2. Further, it is notable that Judge Kaplan granted defendant's motion "readily," even without plaintiff having opposed the motion. *Id.* at 1. On Thursday, February 22, 2024, counsel for plaintiff wrote Judge Kaplan explaining that he was without notice of the motion. However, given the Court's observation that the "motion is disposed of readily" based on statute of limitations grounds, there is little doubt that plaintiff's opposition will not alter the outcome.

cases of implicit field preemption, where the state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area," a local government, like the City Council, is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." *Id.* (internal quotations and citations omitted).

Here, the ASA and CVA comprise a comprehensive and detailed regulatory scheme concerning the revival of claims derived from state-based sexual offenses. *See Bellino*, No. 24-cv-0712, Dkt. No. 6, at 14. Indeed, the claim-revival provisions passed under the ASA and CVA cover *all claims and causes of action* based on misconduct that constitutes an offense under N.Y. Penal Law §§ 130, *et seq.*[7] *See* N.Y. C.P.L.R. §§ 214-g, 214-j (applying to "*every civil claim or cause of action* brought against any party alleging … conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" (emphasis added)).

Moreover, the ASA and the CVA expressly specify that they apply "notwithstanding any provision of law which imposes a period of limitation *to the contrary*." *Id.* (emphasis added). The VGM's claim-revival provision is indisputably "contrary" to that clause because it creates an entirely separate claim-revival period for claims based on sexual offenses under state law. Therefore, the VGM is preempted by the ASA and CVA.

As the *Bellino* defendant explained, preemption of the VGM's claim-revival provision by the ASA and CVA is underscored by cases discussing the VGM prior to its amendment. *See Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750, at *2 (S.D.N.Y. Apr. 13, 2022);[8] *Engelman v. Rofe*, 194 A.D.3d 26, 32 (1st Dep't 2021). In *Engelman*, the First Department

---

[7] N.Y. Penal Law §§ 130, *et seq.* covers sexual offenses.

[8] Although *Gooding* was decided after the VGM's amendment, that case did not discuss preemption of the claim-revival provision because "Plaintiff's claim would not need 'revival' because it never lapsed in the first place." *Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750, at *3.

considered whether the New York statute of limitations for assault and battery preempted the VGM's limitations period, and in so ruling that it *did not*, the court reasoned that "the legislative intent of the VGM was to *create a civil rights remedy* or cause of action such as in [the Violence Against Women Act], rather than to *extend the statute of limitations for a particular class of assaults*." 194 A.D.3d at 32 (emphasis added); *see also Gooding*, 2022 WL 1104750, at *2-3 (adopting *Engelman*).

But each of those cases were decided without analysis of the claim-revival provisions of the CVA, ASA, and VGM. Now that the City Council has amended the VGM to include a claim-revival provision that mimics the CVA and ASA, it has effected precisely what the First Department observed could not lawfully be done: "extend the statute of limitation for a particular class of assaults." *Engelman*, 194 A.D.3d at 32; *see also New York City Health & Hosps. Corp. v. Council of City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003) ("Nevertheless, the City Council may not exercise its police power to adopt a law … which is inconsistent with a state statute").

The NY Legislature, through the passage of the CVA and ASA, intended to occupy the entire field of statutes reviving claims based on sexual offenses under state law. The City Council, through the VGM, cannot frustrate the NY Legislature's statutory scheme by creating a separate, inconsistent claim-revival window for the same claims. Accordingly, Plaintiff cannot rely on VGM § 10-1105. Her claim is time-barred and the Complaint must be dismissed.

## CONCLUSION

For all the foregoing reasons, the Corporate Defendants and Mr. Combs respectfully request that the Court grant an order dismissing the Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:   February 23, 2024
             New York, New York

JONATHAN D. DAVIS, P.C.

By:      /s/Jonathan D. Davis
          Jonathan D. Davis
          Anthony C. LoMonaco
          1 Rockefeller Plaza, Suite 1712
          New York, New York 10020
          (212) 687-5464
          jdd@jddavispc.com
          acl@jddavispc.com

          Law Offices of Bobbi C. Sternheim
          225 Broadway, Suite 715
          New York, New York 10007
          (212) 243-1100
          bcsternheim@mac.com

                        -and-

          Kinsella Holley Iser Kump
          Steinsapir LLP
          (admitted *pro hac vice*)
          11766 Wilshire Boulevard, Suite 750
          Los Angeles, California 90025
          (310) 566-9800
          SHolley@khiks.com

          *Attorneys for Defendants Sean
          Combs, Daddy's House Recordings,
          Inc., and Bad Boy Entertainment
          Holdings, Inc.*

9