UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| -against- | 23-CV-10628 (JGLC) |
| | **OPINION AND ORDER** |
| SEAN COMBS, et al., | |
| Defendants. | |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Jane Doe ("Plaintiff" or "Doe") brings this action against Sean Combs ("Combs"), Harve Pierre ("Pierre"), the Third Assailant, Daddy's House Recordings, Inc. ("Daddy's House") and Bad Boy Entertainment ("Bad Boy") (collectively, "Defendants"). Plaintiff alleges that Combs, Pierre and the Third Assailant trafficked, sexually assaulted and gang raped her when she was a teenager. Plaintiff moves to continue in this action under a pseudonym, concerned about press attention, and resulting trauma she would suffer, from her identity being publicly revealed. Defendants vigorously oppose this Motion, arguing that they will suffer prejudice as a result of Plaintiff proceeding anonymously while their identities have been revealed.

The Court recognizes that public disclosure of Doe's identity could have a significant impact on her, particularly given the graphic and disturbing allegations in this case. While the Court does not take Plaintiff's concerns lightly, the Court cannot rely on generalized, uncorroborated claims that disclosure would harm Plaintiff to justify her anonymity. Without more specific support, Plaintiff fails to overcome the prejudice to Defendants and public interest factors implicated here. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) ("[P]seudonyms are the exception and not the rule, and in order to receive the protections of

anonymity, a party must make a case rebutting that presumption."). Indeed, similar motions to proceed anonymously in sexual assault lawsuits involving public figures, including Kevin Spacey and Harvey Weinstein, were likewise denied. For these reasons and as further detailed herein, the Court denies Plaintiff's motion. The Court, however, stays the effect of this Order until after the Court decides Defendants' pending motion for judgment on the pleadings, ECF Nos. 45, 48.

## BACKGROUND

Doe alleges that in 2003, when she was 17 years old, she met Pierre and the Third Assailant in a lounge in the Detroit, Michigan area. ECF No. 1 ("Compl.") ¶¶ 18, 22–23. Pierre was, at one point, the President of Bad Boy, a music, media and entertainment company founded and owned by Combs. *Id.* ¶¶ 17, 20. Combs, a well-known and influential music artist, was 34 years old at the time. *Id.* ¶ 19. Plaintiff alleges that Pierre and Third Assailant approached her at the lounge, and Pierre repeatedly complimented her appearance and bragged to her that he was "best friend[s]" with Combs. *Id.* ¶ 23–24. Pierre called Combs and put Doe on the line. *Id.* ¶ 26. Combs encouraged Doe to fly to New York City with Pierre so that he could meet her. *Id.* Shortly after that phone call, Pierre directed Doe to go with him to the bathroom at the lounge. *Id.* ¶ 27. After using drugs in Doe's presence, Pierre sexually assaulted Doe. *Id.* ¶ 28.

Pierre directed Doe to accompany him, Third Assailant and another unnamed individual to the airport to take a private jet to meet Combs. *Id.* ¶ 29. Once they arrived in New York City, Doe was taken to Daddy's House, a recording studio owned by Combs and Bad Boy. *Id.* ¶ 32. After Doe arrived, Combs, Pierre and Third Assailant plied her with drugs and alcohol. *Id.* ¶ 36. Combs directed Doe to accompany him to the bathroom, where she was gang raped by all three men. *Id.* ¶¶ 40–45. She was eventually taken back to an airport and flown back to Michigan. *Id.* ¶

46. She alleges suffering significant emotional distress and shame that has severely impacted her life and personal relationships for the past 20 years. *Id.* ¶ 47.

On December 6, 2023, Plaintiff filed suit against Defendants, asserting a single cause of action under New York City's Gender-Motivated Violence Protection Law. *Id.* at 11. Plaintiff's complaint mentions other sexual assault lawsuits brought against Combs and Pierre, including one by Combs' former partner Casandra Ventura ("Cassie"). *Id.* ¶ 1. The Complaint alleges that within minutes of Cassie filing her lawsuit against Combs, her claims "were confirmed by various witnesses." *Id.* ¶ 2.

Shortly after filing this suit, Plaintiff filed a motion to proceed anonymously, ECF No. 14. Plaintiff revealed her identity to Defendants but "has not spoken publicly about the incidents that underlay the . . . Complaint." ECF No. 16. Although her identity has not been publicly revealed, Defendants maintain that Plaintiff has a "significant social media and online presence." ECF No. 30 at 2.

Defendants have moved to dismiss this action. The Entity Defendants—Bad Boy and Daddy's House—seek to dismiss the action for failing to state a claim against them. ECF No. 41. Individual Defendants—Combs and Pierre—filed a motion for judgment on the pleadings, ECF No. 45, maintaining that this action is time-barred based on a recent decision by Judge Kaplan. *See* ECF No. 47 at 1. Plaintiff has not yet had a chance to respond, and the Court has not yet ruled, on any of these motions. However, if the Court were to grant Defendants' motion for judgment on the pleadings, it would dispose of this action in its entirety.

## STANDARD

The Federal Rules of Civil Procedure require that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule "serves the vital purpose of facilitating public

scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). However, this rule is not absolute. *See id*. at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) ("Courts have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously.'").

The Second Circuit has held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has further laid out a non-exhaustive list of factors that courts should consider when balancing these interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of their age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose their identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189–90 (cleaned up). Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4.

## DISCUSSION

The Court weighs the *Sealed Plaintiff* factors, analyzing related factors together and finding that they ultimately weigh against Plaintiff proceeding anonymously, assuming this action is not dismissed.

### I.   Factors 1 and 7: The Case Involves Highly Sensitive and Personal Claims and Plaintiff's Identity Has Remained Confidential

The first factor weighs heavily in Plaintiff's favor. This case concerns highly sensitive and personal matters, including allegations that Defendants trafficked, drugged and gang raped Doe. Although Plaintiff is now an adult, she was a minor when the alleged incidents occurred, making the case particularly sensitive. Regarding factor seven, Plaintiff maintains, and Defendants do not dispute, that other than informing Defendants of her identity, Doe has not publicly revealed her identity related to these allegations.

Although these factors weigh in Plaintiff's favor, they are not dispositive. *See, e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) ("Courts in this district have explained that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.") (internal citation omitted) (collecting cases); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (denying plaintiff's motion to proceed anonymously in action involving Kevin Spacey's alleged sexual abuse of plaintiff when he was a minor). And every

other factor, as described below, weighs against Plaintiff maintaining her anonymity for the entirety of this action.

## II.   Factors 2 and 3: Doe Failed to Identify Particularized Harm from Disclosure

Factors two and three focus on the harm that identification would cause to Plaintiff. The relevant inquiry for these factors is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). "[P]laintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Doe v. Freydin*, No. 21-CV-8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021).

Where a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff. *See, e.g.*, *Weinstein*, 484 F. Supp. 3d at 95 ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym."); *Doe v. Smith*, 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999) (granting anonymity on reconsideration after plaintiff presented "specific evidence [from a medical expert] predicting that revelation of [plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life"); *Doe No. 2. v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (concluding plaintiff's submissions, which included psychiatrist's declaration "are sufficiently particularized and specific to establish a serious risk of harm to plaintiff's mental health"). That corroborating evidence must detail how revealing plaintiff's name in particular, as opposed to the trauma that could occur through reliving the experience

6

through litigation, would cause harm. *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (finding anonymity was not warranted "absent more direct evidence linking disclosure of [plaintiff's] name to a specific physical or mental injury"); *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (finding plaintiff failed to demonstrate risk of injury where letter from plaintiff's therapist failed to establish a link between public disclosure of plaintiff's name and psychological risk to plaintiff).

Here, Doe has failed to identify any particularized harm that revealing her identity would cause. She claims only generally and without corroboration that she will suffer trauma if her identity is revealed and she becomes the focus of media attention. As in *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019), "Plaintiff simply projects generalized harm, and more is required for her to satisfy her burden." Her conclusory assertions fall short of demonstrating the particularized harm she would suffer as a result of disclosure. *See Doe v. City Univ. of New York*, No. 21-CV-9544 (NRB), 2021 WL 5644642, at *4 (S.D.N.Y. Dec. 1, 2021) ("[W]hile plaintiff claims the risk of 'ostracization and emotional harm' as a result of the statements is 'self-evident,' . . . he presents no evidence of the specific harm that he would be subject to if his name were disclosed."). As such, Plaintiff fails to demonstrate that these factors weigh in her favor.

### III.    Factor 4: Plaintiff Has Not Identified Any Current Vulnerabilities Warranting Anonymity

"The plaintiff's age is a critical factor" in the determination of the fourth factor. *Rapp*, 537 F. Supp. 3d at 530. "[C]ourts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Id*. The fact that a plaintiff was a minor at the time of the alleged harm, alone, is insufficient to meet this factor. *City Univ. of New York*, 2021 WL

5644642, at *4. Here, although Plaintiff was a minor when the assault allegedly occurred, she is now an adult in her late 30s. She fails to identify any other, relevant vulnerabilities.

## IV.     Factor 6: Defendants Have Identified Prejudice

Factor six requires the Court to analyze the prejudice Defendants will face if Plaintiff were to proceed anonymously. "Courts will examine the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). "[F]undamental fairness suggests that defendants are prejudiced when required to defend themselves publicly . . . while plaintiff make[s] accusations from behind a cloak of anonymity." *Rapp*, 537 F. Supp. 3d at 531–32 (cleaned up).

In this case, the most significant form of prejudice to Defendants in the Court's view is the discovery disadvantage that Plaintiff's anonymity would present. A plaintiff who levies serious allegations "puts [her] credibility in issue." *Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022). In such a situation, when one party is anonymous while others are not, there is an "asymmetry in fact-gathering." *Id.* This asymmetry is more profound in cases involving substantial publicity, because "information about only one side may come to light as a result." *Id.* (cleaned up).

Plaintiff's own complaint demonstrates how this imbalance could play out. Doe references previously-filed public lawsuits against Combs and Pierre, including one against Combs by Cassie. In describing Cassie's suit, the Complaint asserts that almost immediately after her allegations became public, witnesses with relevant knowledge about Combs came forward to corroborate her claims. Permitting Plaintiff to remain anonymous undermines Defendants' ability to discover relevant information about Plaintiff. This is especially true, as

Plaintiff herself acknowledges, in a case like this that happened decades ago where evidence and witnesses may be difficult to find. *See* Compl. ¶ 2.

Accordingly, the prejudice to Defendants, which they would suffer most if this action were to proceed into discovery, weighs against Plaintiff maintaining anonymity.

## V.    Factors 5, 8, and 9: The Public Interest Factors Weigh in Favor of Disclosure

Factors five, eight and nine all relate to the public's interest in knowing Plaintiff's identity. "The fifth factor considers whether the suit concerns the actions of the government or a private party." *Leonelli*, 2022 WL 2003635, at *4. "In private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits 'do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.'" *Rapp*, 537 F. Supp. 3d at 532. Because this action involves only private parties, this factor weighs in favor of disclosure. *See id.*

"The ninth factor looks to whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities." *Id.* This action ultimately does not involve a purely legal issue, where the public interest in the parties' identities is low. *See also Townes*, 2020 WL 2395159, at *6. The issue of whether Plaintiff's claims are time-barred, however, is a purely legal issue. That weighs in favor of Plaintiff maintaining her anonymity until that issue is decided.

"The eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Leonelli*, 2022 WL 2003635, at *4. Plaintiff identifies the public interest in protecting sexual assault victims so that others will not be deterred from reporting crimes. The Court agrees that this is certainly a public interest; however, this has been "repeatedly rejected by courts in this District as an adequate basis by itself to warrant

anonymity." *Doe v. Telemundo Network Grp. LLC*, No. 22-CV-7665 (JPC), 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023); *see, also*, *Leonelli*, 2022 WL 2003635, at *4; *Rapp*, 537 F. Supp. 3d at 532–33; *Weinstein*, 484 F. Supp. 3d at 98.

Furthermore, the public's interest in protecting sexual assault victims is not the only interest implicated here. There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity. *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). The public also has a legitimate interest in knowing the underlying facts of a litigation, including the identities of litigants. *Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities."); *Del Rio*, 241 F.R.D. at 158 ("Judicial proceedings are an aspect of governance and thus should be open to public scrutiny in a democratic society."). Therefore, the public interest factors weigh against anonymity for the entirety of this action.

## VI.   Factor 10: Alternative Mechanisms for Protecting Confidentiality Exist

Factor ten examines whether there are other mechanisms, including sealing, redaction of documents, protective orders and confidentiality agreements, that could protect the plaintiff's confidentiality. Here, Defendants have agreed to abide by a protective order. *See Skyline Auto.*, 375 F. Supp. 3d at 408; *Townes*, 2020 WL 2395159, at *6. While this promise will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery. This factor weights minimally in favor of disclosure.

**VII.    Balance of Factors Weighs Against Anonymity**

Although this case involves highly sensitive allegations and Doe has not publicly revealed her identity, all other factors weigh against Plaintiff's motion should this case survive Defendants' dispositive motions. She has failed to demonstrate particularized harm or current vulnerabilities, Defendants have demonstrated prejudice they would suffer, the public interest factors weigh in favor of disclosure and there are at least some measures that could be implemented to protect sensitive information exchanged during discovery.

Further, the Court could not find a case in this Circuit—and Plaintiff fails to point to one—with similar allegations where a plaintiff's opposed motion to proceed anonymously was granted. While Plaintiff relies on *Doe v. Black* to support its position, that case is readily distinguishable. No. 23-CV-6418 (JGLC) (S.D.N.Y Aug. 18, 2023). There, as counsel for Plaintiff is aware, Defendant did not oppose the motion and as a result, pointed to no prejudice in the plaintiff proceeding anonymously. *Id.* After "according substantial weight to the fact that Defendant [did] not oppose Plaintiff's request," the Court in its discretion granted the motion at the outset of the litigation. *Id.* at 3; *see also Doe v. Gooding*, No. 20-CV-06569 (PAC), 2021 WL 5991819, at *3 (S.D.N.Y. July 29, 2021) (granting plaintiff's motion to proceed anonymously without prejudice to future objection where the defendant failed to appear to oppose the motion); *Trooper 1 v. N.Y. State Police,* No. 22-CV-893 (LDH) (TAM), ECF No. 37 (E.D.N.Y. June 9, 2022) (granting plaintiff's motion to proceed anonymously on consent and without prejudice to the defendant's future objection). The Court declines to do so here where Defendants vigorously oppose the request, identify prejudice they would suffer as a result and where Plaintiff fails to point to specific harm to overcome these factors.

The Court will, however, stay the effect of this Order until after the Court decides the pending motion for judgment on the pleadings. *See Freydin*, 2021 WL 4991731, at *4 (staying the effect of the court's decision on a motion to proceed anonymously); *Branca U.S.A.*, 2022 WL 2713543, at *5 (same). If the Court were to dismiss this action, it would do so for a purely legal reason, where Plaintiff's identity is irrelevant to that decision. Furthermore, the prejudice to Defendants here is at its greatest if this matter were to proceed to discovery. Therefore, if this action survives a decision on Defendants' motion, Plaintiff shall pursue this action using her legal name.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to proceed anonymously, but stays the effect of this Order until after the Court decides the pending motion for judgment on the pleadings, ECF Nos. 45, 48. Defendants' opposition brief shall remain under seal unless and until this Order goes into effect.

The Clerk of Court is respectfully directed to close ECF No. 14.

Dated:  February 29, 2024
        New York, New York

                                        SO ORDERED.

                                        *Jessica Clarke*

                                        JESSICA G. L. CLARKE
                                        United States District Judge