# EXHIBIT D



| | City Hall |
|---|---|
| The New York City Council | New York, NY  10007 |

Legislation Text

**File #:** Int 1012-2015, **Version:** A

Int. No. 1012-A

By The Speaker (Council Member Mark-Viverito) and Council Members Chin, Johnson, Koo, Koslowitz, Lander, Richards, Rose, Rosenthal, Rodriguez, Kallos and Menchaca

A Local Law to amend the New York city charter and the administrative code of the city of New York, in relation to making improvements to clarify and strengthen the human rights law, and to repeal and replace section 8-102 of the administrative code of the city of New York, relating to definitions of terms in the human rights law, and to repeal sections 8-103, 8-104, 8-105 and 8-106 of the administrative code of the city of New York, relating to the functions, powers and duties of the commission on human rights and its relations with city departments and agencies

Be it enacted by the Council as follows:

Section 1. Paragraph 8 of subdivision e of section 905 of the New York city charter, as added by a vote of the electors on November 6, 2001, is amended to read as follows:

8. [to] Annual reporting. To submit [an annual] a report by September 30, 2018 and September 30 of each year thereafter to the mayor and the speaker of the council [which shall be published in City Record; and]. Such report shall be published in the City Record and shall include information for the previous fiscal year regarding: (i) inquiries received by the commission from the public; (ii) investigations initiated by the commission; (iii) complaints filed with the commission; and (iv) education and outreach efforts made by the commission.

§ 2. Sections 900, 901, 902, 903, 904, 905 and 906 of the New York city charter, as added by a vote of the electors on November 6, 2001 and paragraph 8 of subdivision e of section 905 as amended by section one of this local law, are amended to read as follows:

§ 900. Declaration of intent. It is [hereby declared as] the public policy of the city [of New York] to promote equal opportunity and freedom from unlawful discrimination through the provisions of the city's

File #: Int 1012-2015, **Version:** A

c. [No provision of this chapter shall be construed or interpreted so as to]This chapter does not limit the lawful exercise of any authority vested in the owner or operator of [the]a reproductive health care facility, the owner of the premises in which such a facility is located, or a law enforcement officer of [New York City]the city, the state of New York[ State] or the United States acting within the scope of [his or her] such person's official duties.

§ 47. Chapter 9 of title 8 of the administrative code of the city of New York, as added by local law number 73 for the year 2000, is re-designated as a new chapter 11 of title 10 of the administrative code of the city of New York and amended to read as follows:

[CHAPTER 9]CHAPTER 11

ACTIONS BY VICTIMS OF GENDER-MOTIVATED VIOLENCE

[§ 8-901]§ 10-1101 Short [Title]title. This [local law]chapter shall be known and may be cited as the "Victims of Gender-Motivated Violence Protection [Act."]Law".

[§ 8-902]§ 10-1102 Declaration of [Legislative Findings and Intent]legislative findings and intent. Gender-motivated violence inflicts serious physical, psychological, emotional and economic harm on its victims. Congressional findings have documented that gender-motivated violence is widespread throughout the United States, representing the leading cause of injuries to women ages 15 to 44. Further statistics have shown that three out of four women will be the victim of a violent crime sometime during their lives, and as many as [four million]4,000,000 women a year are victims of domestic violence. Senate hearings, various task forces and the United States [Department]department of [Justice]justice have concluded that victims of gender-motivated violence frequently face a climate of condescension, indifference and hostility in the court system and have documented the legal system's hostility towards sexual assault and domestic violence claims. Recognizing this widespread problem, [Congress]congress in 1994 provided victims of gender-motivated violence with a cause of action in federal court through the [Violence Against Women Act]violence against women act (VAWA) ([42 USC § 13981] section 13981 of title 42 of the United States code). In a May 15, 2000,

decision, the United States [Supreme Court]supreme court held that the [Constitution]constitution provided no basis for a federal cause of action by victims of gender-motivated violence against [their]perpetrators of offenses committed against them either under the[ Commerce Clause or the Equal Protection Clause of the Fourteenth Amendment] commerce clause or the equal protection clause of the fourteenth amendment. In so ruling, the [Court]court held that it could "think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims."

In light of the void left by the [Supreme Court's]supreme court's decision, this [Council]council finds that victims of gender-motivated violence should have a private right of action against [their] perpetrators of offenses committed against them under the [Administrative Code]administrative code. This private right of action aims to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence.

[§ 8-903]§ 10-1103 Definitions. [For purposes of]As used in this chapter, the following terms have the following meanings:

[a. "Crime of violence"]Crime of violence. The term "crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction.

[b. "Crime of violence motivated by gender"]Crime of violence motivated by gender. The term "crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

[§ 8-904]§ 10-1104 Civil [Cause of Action]cause of action. Except as otherwise provided by law, any

**File #:** Int 1012-2015, **Version:** A

person claiming to be injured by an individual who commits a crime of violence motivated by gender [as defined in section 8-903 of this chapter, shall have ]has a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief:

[1. compensatory]a. Compensatory and punitive damages;

[2. Injunctive]b. Injunctive and declaratory relief;

[3. attorneys']c. Attorney's fees and costs; and

[4. such]d. Such other relief as a court may deem appropriate.

[§ 8-905]§ 10-1105 Limitations. a. A civil action under this chapter [must]shall be commenced within seven years after the alleged crime of violence motivated by gender [as defined in section 8-903 of this chapter ]occurred. If, however, due to injury or disability resulting from an act or acts giving rise to a cause of action under this chapter, or due to infancy as defined in the civil procedure law and rules, a person entitled to commence an action under this chapter is unable to do so at the time such cause of action accrues, then the time within which the action must be commenced shall be extended to seven years after the inability to commence the action ceases.

b. Except as otherwise permitted by law, nothing in this chapter entitles a person to a cause of action for random acts of violence unrelated to gender or for acts that cannot be demonstrated, by preponderance of the evidence, to be a crime of violence motivated by gender[ as defined in section 8-903].

c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

[§ 8-906]§ 10-1106 Burden of [Proof]proof. Conviction of a crime arising out of the same transaction, occurrence or event giving rise to a cause of action under this chapter [shall be considered]is conclusive proof of the underlying facts of that crime for purposes of an action brought under this chapter. That such crime was a crime of violence motivated by gender must be proved by a preponderance of the evidence.

[§ 8-907]§ 10-1107 Severability. If any section, subsection, sentence, clause, phrase or other portion of

File #: Int 1012-2015, **Version:** A

this [local law]chapter is, for any reason, declared unconstitutional or invalid, in whole or in part, by any court of competent jurisdiction, such portion shall be deemed severable, and such unconstitutionality or invalidity shall not affect the validity of the remaining portions of this law, which remaining portions shall continue in full force and effect.

§ 48. Chapter 10 of title 8 of the administrative code of the city of New York, as added by local law number 73 for the year 2003, is re-designated as a new subchapter 1 of chapter 1 of title 21 of the administrative code of the city of New York and amended to read as follows:

[CHAPTER 10]SUBCHAPTER 1

EQUAL ACCESS TO HUMAN SERVICES

[§ 8-1001]§ 21-189 Short title. This chapter shall be known and may be cited as the "Equal Access to Human Services [Act]Law of 2003[.]".

[§ 8-1002]§ 21-190 Definitions. For purposes of this chapter, the following terms have the following meanings:

[a. "Agency"]Agency. The term "agency" means the human resources administration/department of social services, including any part, subdivision, field office or satellite facility thereof.[b. Agency office. "Agency office" means a job center, food stamp office, medical assistance program office, or other part, subdivision, field office or satellite facility of the agency or agency contractor office that performs a covered function.]

[c. "Agency]Agency contractor. The term "agency contractor" means any contractor that enters into a covered contract with the agency.

Agency office. The term "agency office" means a job center, food stamp office, medical assistance program office or other part, subdivision, field office or satellite facility of the agency or agency contractor office that performs a covered function.

[d. "Agency]Agency personnel. The term "agency personnel" means bilingual personnel or interpreter