# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANE DOE,                                                :        Civil Action No. 23-cv-10628 (JGLC)
                                                         :
      Plaintiff,           :        **ORAL ARGUMENT REQUESTED**
                                                         :
    v.                               :
                                                         :
SEAN COMBS; HARVE PIERRE; THE THIRD       :
ASSAILANT; DADDY'S HOUSE RECORDINGS, :
INC. and BAD BOY ENTERTAINMENT            :
HOLDINGS, INC.,                                          :
                                                         :
      Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<br>

<br>

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS
### AMENDED COMPLAINT AGAINST THE COMBS DEFENDANTS

<br>

<br>

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464

<br>

*Attorneys for Defendants Sean Combs, Daddy's House*
*Recordings, Inc., and Bad Boy Entertainment Holdings, Inc.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

THE RELEVANT AMENDED COMPLAINT ALLEGATIONS................................. 3

ARGUMENT ........................................................................................................... 4

STANDARD OF REVIEW ...................................................................................... 4

POINT I: PLAINTIFF'S CLAIM IS TIME-BARRED BECAUSE THE VGM'S "CLAIM-
REVIVAL" PROVISION IS PREEMPTED BY THE ASA AND CVA......................... 5

POINT II: THE VGM CANNOT BE RETROACTIVELY
ALLEGED AGAINST THE CORPORATE DEFENDANTS..................................... 10

POINT III: THE ALLEGED MISCONDUCT OF THE INDIVIDUAL DEFENDANTS
CANNOT BE IMPUTED TO THE CORPORATE DEFENDANTS ......................... 13

      A.     The Employees' Alleged Misconduct
            Cannot Be Imputed to the Corporate Defendants ................................. 14

      B.     Mr. Combs's Alleged Misconduct
            Cannot Be Imputed to the Corporate Defendants ................................. 16

CONCLUSION..................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Achtman v. Kirby, McInerney & Squire, LLP,*
  464 F.3d 328 (2d Cir. 2006) ..................................................................................... 5

*Adams v. Jenkins,*
  Index No. 115745/03, 2005 WL 6584554 (N.Y. Sup. Ct. Apr. 22, 2005) ............................... 12

*AJ Energy LLC v. Woori Bank,*
  No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) ...................................... 5

*Albany Area Builders Ass'n v. Town of Guilderland,*
  74 N.Y.2d 372 (1989) ............................................................................................... 7

*Am. Fuel Corp. v. Utah Energy Dev. Co.,*
  122 F.3d 130 (2d Cir. 1997) ...................................................................................... 16

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................. 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................ 4, 5

*Bellino v. Tallarico,*
  No. 24-cv-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ...................................... 7

*Cort v. Marshall's Dep't Store,*
  No. 14-cv-7385 (NGG) (RER), 2015 WL 9582426 (E.D.N.Y. Dec. 29, 2015) ..................... 15-16

*C.Q. v. Est. of Rockefeller,*
  No. 20-cv-2205 (VSB), 2021 WL 4942802 (S.D.N.Y. Oct. 21, 2021) ...................................... 15

*DJL Rest. Corp. v. City of New York,*
  96 N.Y.2d 91 (N.Y. 2001) ........................................................................................... 7

*Doe v. Alsaud,*
  12 F. Supp. 3d 674 (S.D.N.Y. 2014) ............................................................................. 14

*Doe v. Gooding,*
  No. 20-cv-06569 (PAC), 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) ............................... 8-9

*Doe v. Guthrie Clinic, Ltd.,*
  No. 11-cv-6089T, 2012 WL 531026 (W.D.N.Y. Feb. 17, 2012) ............................................ 15

*Doe v. New York City Dep't of Educ.,*
  No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ................................ 14

*Doe v. Solebury Sch.,*
  No. 21-cv-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022) ........................... 14, 15

*Eckhart v. Fox News Network, LLC,*
  No. 20-cv-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) ........................... 10

*EED Holdings v. Palmer Johnson Acquisition Corp.,*
  228 F.R.D. 508 (S.D.N.Y. 2005) ..................................................... 16-17

*Engelman v. Rofe,*
  194 A.D.3d 26 (1st Dep't 2021) ...................................................... 8-9

*Forest Park Pictures v. Universal Television Network, Inc.,*
  683 F.3d 424 (2d Cir. 2012) .......................................................... 5

*Giunta v. Dingman,*
  893 F.3d 73 (2d Cir. 2018) ........................................................... 4

*Gleason v. Gleason,*
  26 N.Y.2d 28 (1970) ................................................................. 11

*Gottwald v. Sebert,*
  40 N.Y.3d 240 (2023) ................................................................ 11

*Hopkins v. Lincoln Trust Co.,*
  233 N.Y. 213 (1922) .................................................................. 9

*In re Jamie J.,*
  30 N.Y.3d 275 (2017) ................................................................ 13

*Landgraf v. USI Film Prod.,*
  511 U.S. 244 (1994) ................................................................. 11

*La Pietra v. RREEF Am., L.L.C.,*
  738 F. Supp. 2d 432 (S.D.N.Y. 2010) .................................................. 5

*Louis v. Niederhoffer,*
  No. 23-cv-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ...................... 11, 12

*Majewski v. Broadalbin-Perth Cent. School Dist.,*
  91 N.Y.2d 577 (1998) ................................................................ 11

*Mohamad v. Palestinian Auth.,*
  566 U.S. 449 (2012) ................................................................. 10

*New York City Health & Hosps. Corp. v. Council of City of New York*,
    303 A.D.2d 69 (1st Dep't 2003) ............................................................................. 9

*N.X. v. Cabrini Med. Ctr.*,
    97 N.Y.2d 247 (2002) .................................................................................. 14, 15

*Oawlawolwaol v. Boy Scouts of Am.*,
    No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880 (E.D.N.Y. Sept. 24, 2021) ...................... 6

*Ozbakir v. Scotti*,
    906 F. Supp. 2d 188 (W.D.N.Y. 2012) ...................................................................... 14

*PC-41 Doe v. Poly Prep Country Day Sch.*,
    590 F. Supp. 3d 551 (E.D.N.Y. 2021) ........................................................................ 9

*Ray v. Ray*,
    22 F.4th 69 (2d Cir. 2021) ................................................................................... 10

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020) .......................................................................... 9, 11, 12, 13

*Ross v. Mitsui Fudosan, Inc.*,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ......................................................................... 15

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d. Cir. 2002) .................................................................................. 5

*Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*,
    No. 10-cv-4754 (JGK), 2011 WL 4056306 (S.D.N.Y. Sept. 13, 2011) ............................ 16

*Swarna v. Al-Awadi*,
    622 F.3d 123 (2d Cir. 2010) ................................................................................. 15

## Statutes

N.Y. C.P.L.R. § 214-g ........................................................................................... 2, 6, 8

N.Y. C.P.L.R. § 214-j ............................................................................................... 6, 8

N.Y. Penal Law §§ 130 *et seq.* ..................................................................................... 8

N.Y.C. Admin. Code §§ 10-1101 *et seq.* .................................................................. *passim*

## Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 4

This memorandum of law is respectfully submitted on behalf of Defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings, Inc. ("DHR"), and Bad Boy Entertainment Holdings, Inc. ("BBE" and DHR are collectively the "Corporate Defendants") in support of their motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing the Amended Complaint [Dkt. No. 52] (the "FAC") with prejudice.[1]

## PRELIMINARY STATEMENT

This is Plaintiff's second attempt to state an entirely false and hideous claim against the Combs Defendants under New York City's Victims of Gender-Motivated Violence Protection Law. N.Y.C. Admin. Code §§ 10-1101 *et seq.* (the "VGM").[2] At the top of Plaintiff's pleading is a bolded, legally irrelevant "trigger warning" calculated to focus attention on its salacious and depraved allegations. This stunt is intended to prominently showcase a baseless and time-barred claim, which was designed to cause the Combs Defendants unwanted publicity, embarrassment, and financial costs, so Plaintiff could extract an undeserved financial recovery from them.

The sparse amendments to the original Complaint cannot remedy the falsehoods and incurable defects in the new pleading. Like the original Complaint, it fails to state any viable claim and must be dismissed.[3] Mr. Combs and his companies categorically deny Plaintiff's decades-old tale against them, which has already caused incalculable damage to the reputations and business

---

[1] This memorandum of law is accompanied by the Declaration of Jonathan D. Davis, dated May 10, 2024 ("Davis Decl."), together with exhibits. BBE, DHR, and Mr. Combs are referred to herein as the "Combs Defendants." Mr. Combs and Defendant Harve Pierre ("Mr. Pierre"), along with the Defendant Third Assailant, are collectively referred to as the "Individual Defendants."

[2] Plaintiff brought this action using a pseudonym, and belatedly sought the Court's permission to do so. [Dkt. Nos. 14-16.] Defendants opposed that relief [Dkt. No. 30] and, on February 29, 2024, the Court denied Plaintiff such relief, and ordered that, if the action proceeds, she must proceed using her legal name. Order [Dkt. No. 49] at 12.

[3] A copy of a redlined version of the FAC is attached to the Davis Decl. at Ex. A for the purpose of prominently identifying the new allegations to the original Complaint.

standing of the Combs Defendants, even before any evidence has been presented. Plaintiff cannot allege what day or time of year the alleged incident occurred, yet purports to miraculously recall the most prurient details with specificity. Accordingly, this case should be dismissed now, with prejudice, to protect the Combs Defendants from further reputational injury and before more party and judicial resources are squandered.

Plaintiff filed the Complaint on December 6, 2023 [Dkt. No. 1]. On February 20, 2024, the Corporate Defendants moved to dismiss the Complaint [Dkt. Nos. 41-43], and Mr. Combs and Mr. Pierre answered [Dkt. Nos. 38, 44]. On February 21, 2024, the Honorable Lewis A. Kaplan ruled that the VGM's "claim-revival" provision – the statute upon which Plaintiff relies – is preempted under New York state statutory law. Accordingly, on February 23, 2024, the Corporate Defendants supplemented their motion to dismiss the Complaint based on preemption, while the Individual Defendants moved for judgment on the pleadings on the same ground [Dkt. Nos. 45-48].

Instead of addressing Defendants' motions, on March 29, 2024, Plaintiff filed the FAC. While the FAC alleges a few "new" purported facts, it does not and cannot overcome the fatal defects to Plaintiff's sole claim, which were scrupulously examined in Defendants' prior motions:

First, Plaintiff's VGM claim is time-barred. Based on conduct that allegedly occurred in 2003, and applying the VGM's seven-year statute of limitations, Plaintiff's claim expired in 2010. Plaintiff erroneously contends that her claim is saved by the VGM's "claim-revival" provision. But the VGM's "claim-revival" provision is preempted by the Child Victims Act ("CVA"), which was enacted in 2019 by the New York State Legislature (the "NY Legislature"). N.Y. C.P.L.R. § 214-g.

Although the CVA, like the VGM, afforded parties a two-year window in which to bring otherwise expired claims, Plaintiff failed to file her purported claim until well after that window

closed on <u>August 14, 2021</u>. Plaintiff cannot now pursue her lawsuit based upon any maneuvering under the VGM. New York state law trumps New York City law, without exception, and therefore Plaintiff's claim is conclusively time-barred.

<u>Second</u>, Plaintiff's claim against the Corporate Defendants fails for the additional reason that the amendments upon which Plaintiff purports to rely were added to the VGM in 2022, long after the 2003 conduct alleged in the FAC. Retroactive application of an amendment is presumptively disfavored in New York. No basis exists for retroactive application of the amendments here.

And <u>third</u>, even if Plaintiff could rely upon the VGM's amended provisions, the FAC fails to state a claim against the Corporate Defendants because the Individual Defendants' alleged misconduct cannot be imputed to them. Sexual assault and related misbehavior by an employee are outside the scope of employment and cannot be imputed to an employer. Finally, Plaintiff has neither alleged facts nor law that can impute Mr. Combs's alleged misconduct to a corporate entity that he supposedly owns.

For all the above reasons, the FAC is fatally deficient and must be dismissed with prejudice because no amendment can save it.

## THE RELEVANT AMENDED COMPLAINT ALLEGATIONS

In broad strokes, Plaintiff alleges that, on an unspecified date or time of year in 2003, Mr. Pierre and another defendant, identified only as the "Third Assailant," befriended Plaintiff in an unnamed "lounge" in the Greater-Detroit area. FAC ¶¶ 22-24.

After befriending Plaintiff and purportedly touting his executive status at BBE, Mr. Pierre allegedly telephoned Mr. Combs with Plaintiff, resulting in her invitation to visit New York City that evening to meet Mr. Combs. *Id.* ¶¶ 25-27. Plaintiff alleges that a private jet was waiting to

transport Plaintiff, Mr. Pierre, and the unidentified "Third Assailant." *Id*. While still at the lounge, prior to accompanying Mr. Pierre on this alleged trip on a private jet, Plaintiff alleges that Mr. Pierre led her into a bathroom where he smoked crack-cocaine and then "sexually assault[ed]" her. *Id*. ¶¶ 29-31.

Undeterred by Mr. Pierre's alleged drug use and sexual assault, Plaintiff willingly left the lounge with Mr. Pierre and the identified Third Assailant, culminating in her alleged private jet flight to "Daddy's House Recording Studio" in New York City. Once there, Plaintiff alleges she was "pl[ied]" with "copious amounts of drugs and alcohol." *Id*. ¶¶ 34, 38. Messrs. Combs and Pierre allegedly flaunted their associations with the music industry and "the accoutrements of the studio" to "entice" Plaintiff to "stay and drink alcohol and do drugs." *Id*. ¶¶ 28, 36, 41, 48, 51.

In an allegedly intoxicated state, Plaintiff claims she was sexually assaulted at the recording studio by Messrs. Combs and Pierre and the unknown Third Assailant, and then left on the bathroom floor until the next day when she was driven in an unidentified vehicle, transported to an unidentified airport, and then flown on an unidentified carrier to Michigan. *Id*. ¶¶ 42-54.

Notably, the FAC fails to allege any new specifics concerning any act or conduct by the Corporate Defendants that could or would sustain the VGM claim against them.

## ARGUMENT

## STANDARD OF REVIEW

Subject to certain limitations, under Fed. R. Civ. P. 12(b)(6), a district court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). Dismissal is warranted if a complaint fails to plead allegations which, if accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). While a plaintiff is not required to provide "detailed factual allegations," a complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555; *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 436 (S.D.N.Y. 2010) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" (quoting *Iqbal*, 556 U.S. at 678)).

Indeed, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d. Cir. 2002)); *see also AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019) ("A district court reviewing a motion to dismiss is not required to credit conclusory allegations unsupported by facts, … or to suspend common sense in conducting its analysis"), *aff'd*, 829 F. App'x 533 (2d Cir. 2020).

### POINT I

### PLAINTIFF'S CLAIM IS TIME-BARRED BECAUSE THE VGM'S "CLAIM-REVIVAL" PROVISION IS PREEMPTED BY THE ASA AND CVA

In 2000, the New York City Council (the "City Council") passed the VGM, which carries a seven-year statute of limitations. *See* N.Y.C. Admin. Code § 10-1105. Here, the alleged misconduct underlying Plaintiff's claim occurred in 2003. *See* FAC ¶ 6. Thus, Plaintiff's claim expired in 2010.

Although Plaintiff's underlying expired VGM claim was revived for a limited period, Plaintiff missed the window to pursue it. In 2019, the NY Legislature enacted the CVA, which revived claims tied to "sexual offenses" under the New York Penal Law, which were committed against individuals under the age of eighteen.[4] To effectuate this goal, the CVA added N.Y. C.P.L.R. § 214-g, creating a two-year claim-revival period.[5] Under § 214-g, certain otherwise expired claims tied to sexual assault could be pursued within the statutory two-year window:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary … every civil claim or cause of action brought against any party alleging … conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age … which is barred as of the effective date of this section because the applicable period of limitation has expired … *is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section*. …

N.Y. C.P.L.R. § 214-g (emphasis added). The claim-revival window closed on <u>August 14, 2021</u>. *See Oawlawolwaol*, 2021 WL 4355880, at *1 n.1. Plaintiff's claim was not commenced until <u>December 6, 2023</u>, more than two years after that date, and is therefore time-barred.

Plaintiff cannot escape the consequences of failing to timely file a lawsuit within the CVA's claim-revival window by predicating her claim on the VGM's claim-revival provision. FAC ¶ 68. In 2022, the City Council enacted the VGM's claim-revival provision, § 10-1105, which parrots the CVA's claim-revival provision:

---

[4] In 2022, the NY Legislature enacted the Adult Survivors Act ("<u>ASA</u>"), which created a similar claim-revival window that expired in November 2023, for individuals to allege expired sexual misconduct claims that occurred when they were age eighteen or older. *See* N.Y. C.P.L.R. § 214-j. Because Plaintiff alleges that she was seventeen when the alleged misconduct allegedly occurred, FAC ¶ 6, the CVA, not the ASA, applies to her purported sexual assault claim.

[5] The statute originally provided for a one-year claim-revival window, but it was increased to two years in 2020 because of the COVID-19 pandemic. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y. Sept. 24, 2021).

> Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022.

N.Y.C. Admin. Code § 10-1105. But Plaintiff cannot rely on this provision because the CVA's claim-revival provision *preempts* the VGM's claim-revival provision.

As Judge Kaplan held in *Bellino v. Tallarico*, a time-barred claim – like the one brought by Plaintiff here – cannot be revived by § 10-1105 of the VGM because that New York City law "is preempted by the state's adoption of the [CVA] and the [ASA]." *See* No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024). In so ruling, Judge Kaplan found that the VGM's claim-revival provision was preempted "substantially for the reasons set forth by the defendant." *Id.*[6] As defendant explained in *Bellino*, a state law may preempt a local law either expressly or implicitly. *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001).

In cases of implicit field preemption of statutes, where the state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area," a local government, like the City Council, is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." *Id.* (internal quotations and citations omitted); *see also Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a

---

[6] Judge Kaplan also ruled that plaintiff failed to plead facts amounting to a violation of the VGM, but held preemption to be an "independent" ground to dismiss the complaint. *Bellino*, 2024 WL 1344075, at *1. Notably, the court "readily" granted defendant's motion even though it was unopposed. *Id.* at 1. Plaintiff thereafter moved for reconsideration of the motion, but the court denied it, permitting her only to move to amend her complaint. Davis Decl., Ex. B. On April 26, 2024, plaintiff's motion to amend was denied. Davis Decl., Ex. C. Although the court did not address preemption, the original decision was not vacated or altered in any respect. *Id. passim.*

State-wide statute.").

Here, the ASA and CVA represent a comprehensive and detailed regulatory scheme concerning the revival of claims based on sexual offenses. This is manifestly apparent from the plain language of those statutes. The claim-revival provisions enacted under the ASA and CVA cover *all claims and causes of action* for misconduct tied to an offense under the N.Y. Penal Law §§ 130, *et seq*. *See* N.Y. C.P.L.R. §§ 214-g, 214-j (applying to "*every civil claim or cause of action* brought against any party alleging intentional or negligent act or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law … ." (emphasis added)).

Moreover, the ASA and the CVA specify that they apply "[n]otwithstanding any provision of law which imposes a period of limitation *to the contrary*." *Id.* (emphasis added). The VGM's claim-revival provision is "contrary" to that clause because it creates an independent claim-revival period for claims based on sexual offenses. And both the ASA and CVA dictate that the actions they revive "may be commenced … *not later than*" the date when their revival windows expire. *Id.* (emphasis added). The VGM contradicts this provision by permitting the filing of claims *after* the expiration of the deadlines set under the ASA and CVA. Hence, the VGM's claim-revival provision is incompatible with the ASA and CVA and is barred by the preemption doctrine.[7]

---

[7] No prior precedent conflicts with the applicability of the preemption doctrine over the VGM's claim-revival provision. *See Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750, at *2 (S.D.N.Y. Apr. 13, 2022); *Engelman v. Rofe*, 194 A.D.3d 26, 32 (1st Dep't 2021). In *Engelman*, the First Department ruled that the VGM's limitations period was not preempted by state law because "the legislative intent of the VGM was *to create a civil rights remedy or cause of action* such as in [the Violence Against Women Act], rather than to extend the statute of

Furthermore, allowing the VGM to override the revival windows created by the ASA and CVA would frustrate the policy judgment of the NY Legislature. As the Court of Appeals has held, "*[r]evival is an extreme exercise of legislative power*. … Uncertainties are resolved against consequences so drastic." *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371 (2020) (quoting *Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213, 215 (1922)). To balance this extreme exercise of legislative power and its "upsetting [of] the strong public policy favoring finality, predictability, fairness and repose served by the statute of limitations," the NY Legislature provides only "a limited window when stale claims may be pursued." *Id.* at 371-72.

The CVA has a two-year claim-revival period, reflecting the NY Legislature's deliberate balancing of the interests at stake in circumstances involving sexual offenses against children. *Id.*; *see also PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551, 564-65 (E.D.N.Y. 2021) (discussing length of revival window). Indeed, allowing the City Council to alter that limitations period would undercut the NY Legislature's state-wide authority and its policy judgments affecting New Yorkers. Through the passage of the CVA and ASA, the NY Legislature intended to occupy the entire field of statutes reviving claims based on sexual offenses.

In short, the City Council cannot frustrate the NY Legislature's statutory scheme by creating a separate, inconsistent claim-revival window for the same claims. Accordingly, Plaintiff cannot rely on VGM § 10-1105 to save her expired sexual assault claim. Her claim is time-barred

---

limitations for a particular class of assaults." 194 A.D.3d at 32 (emphasis added); *see also Gooding*, 2022 WL 1104750, at *2-3 (adopting *Engelman*). But *Engelman* and *Gooding* were decided without analysis or comparison of the claim-revival provisions of the CVA, ASA, or VGM. The City Council amended the VGM to revive claims that were already revived under CVA and ASA. That is impermissible under *Engelman* and inconsistent with the intent and purpose of those statutes. *See New York City Health & Hosps. Corp. v. Council of City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003) ("the City Council may not exercise its police power to adopt a law … which is inconsistent with a state statute").

and the FAC must be dismissed with prejudice.

## POINT II

### THE VGM CANNOT BE RETROACTIVELY
### ALLEGED AGAINST THE CORPORATE DEFENDANTS

Plaintiff's claim against the Corporate Defendants is barred for an additional, independent reason beyond the unalterable running of the statute of limitations. Although the VGM was originally passed in 2000, it was amended in 2022 to broaden its scope. Plaintiff relies on this amended language to ensnare the Corporate Defendants, but she cannot do so because it would require a retroactive application of the amended law, which is prohibited.

Prior to 2022, the VGM provided, in relevant part, "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender … has a cause of action against such *individual* … ." *See* Davis Decl., Ex. D at 59-60 (emphasis adjusted); *see also Eckhart v. Fox News Network, LLC*, No. 20-cv-5593 (RA), 2021 WL 4124616, at *25 (S.D.N.Y. Sept. 9, 2021) (quoting original language).

The Corporate Defendants have no liability under the original version of the VGM because they are not "individuals" under the plain meaning of that term. *See Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454-57 (2012) (explaining that the ordinary meaning of "individual" refers to "a natural person" as opposed to "a corporation," and that most statutes adopt this usage except where the legislature indicates otherwise); *see also Ray v. Ray*, 22 F.4th 69, 73 (2d Cir. 2021) (statute is construed according to "plain meaning" where language is unambiguous).[8]

The VGM was amended in 2022 to change the word "*individual*" to "*party*" and add

---

[8] For the reasons discussed in Point III, *infra*, intentional sexual misconduct cannot be imputed to a corporate employer, thus the Corporate Defendants cannot be deemed to have "committed" a crime of violence under the original version of the VGM.

"*directs, enables, participates in, or conspires in*" next to "*commits*" to expand the conduct captured by the statute. The VGM now provides, in relevant part, that "any person claiming to be injured by a *party* who commits, *directs, enables, participates in, or conspires in* the commission of a crime of violence motivated by gender has a cause of action against such *party* … ." N.Y.C. Admin. Code § 10-1104 (emphasis added); *see also* Davis Decl., Ex. E (identifying amended statute).

Plaintiff relies on this amended provision of the VGM in an attempt to allege a claim against the Corporate Defendants. FAC ¶ 65. Because the amendment was not operative until 2022, it is inapplicable to Plaintiff's claim. New York courts uniformly recognize a "'deeply rooted' presumption against retroactivity … based on '[e]lementary considerations of fairness [that] dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.'" *Regina Metro. Co., LLC*, 35 N.Y.3d at 370 (quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 265 (1994)). "In light of these concerns, '[i]t takes a clear expression of the legislative purpose … to justify a retroactive application' of a statute." *Id.* (quoting *Gleason v. Gleason*, 26 N.Y.2d 28, 36 (1970)). Indeed, the Court of Appeals has held that "statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (quoting *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 584 (1998)).

Here, neither by express language nor necessary implication is the VGM afforded retroactive effect. For this reason, in *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023), the court held that the VGM does not apply retroactively. Plaintiff there filed a claim under the VGM for misconduct that occurred in the 1970s. However, the court dismissed the claim because the VGM "is not the type of statute that would be given

retroactive effect." *Id.* (quoting *Adams v. Jenkins*, Index No. 115745/03, 2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005) (holding the VGM does not apply retroactively to conduct pre-dating its enactment)).

Significantly, the *Louis* court expressly held that the VGM is not a retroactive statute and the claim-revival amendment "does not alter this conclusion." *Id.*; N.Y.C. Admin. Code § 10-1105 ("any civil claim … that is *barred because the applicable period of limitation has expired is hereby revived* and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022" (emphasis added)). The court correctly recognized that this provision did not open the door to claims for misconduct occurring *before* the statute was enacted. *Louis*, 2023 WL 8777015, at *1.

Concurring with these decisions, Judge Kaplan recently held that the VGM is without retroactive effect. In denying plaintiff's motion to amend her complaint, Judge Kaplan held that the VGM claim could not be sustained, in part, because the VGM "was not enacted until *approximately 25 years after the alleged crime of violence occurred and does not even purport to be retroactive*, [and thus] the proposed amended complaint would fail to state a legally sufficient claim under that statute … ." Davis Decl., <u>Ex. C</u> at 2 (emphasis added).

Under these precedents, the Corporate Defendants are likewise not exposed to claims involving misconduct allegedly occurring before the enactment of the 2022 amendment of the VGM to bring non-individual "parties" within its scope. *Id*. § 10-1104.[9] Because Plaintiff's claim is premised on allegations dating back to 2003, it cannot be asserted against the Corporate Defendants by virtue of the VGM's claim-revival provision. N.Y.C. Admin. Code § 10-1105. The

---

[9] The same limitations regarding the retroactive effect of new statutes apply to a statute's amendment. *See Regina*, 35 N.Y.3d at 349 (considering retroactive effect of amendments to existing law).

City Council never expressed any intent to expand liability for violations of the VGM to misconduct occurring before its amendment – much less decades before it.[10]

For these reasons, the VGM cannot apply to the Corporate Defendants, and thus the claim should be dismissed with prejudice.

### POINT III

### THE ALLEGED MISCONDUCT OF THE INDIVIDUAL DEFENDANTS CANNOT BE IMPUTED TO THE CORPORATE DEFENDANTS

Even if Plaintiff were permitted to rely upon the amendment of the VGM, her claim is still doomed against the Corporate Defendants. The FAC alleges that the Corporate Defendants "enabled the commission of the crime of violence motivated by gender." FAC ¶ 65. To substantiate this allegation, the FAC further alleges: (1) Mr. Combs was the owner of BBE and DHR, *id.* ¶¶ 13, 16; (2) Mr. Pierre and the unidentified Third Assailant were employees of BBE, with Mr. Pierre being a "high-ranking executive," *id.* ¶¶ 14, 15; (3) the alleged sexual assault occurred on premises owned by BBE and DHR, with the Individual Defendants there as onlookers, who encouraged the misconduct, *id.* ¶¶ 16-17, 48-49, 51; and (4) the Individual Defendants used their "ownership," "title[s]," and/or "affiliations" with the Corporate Defendants, as well as the "accoutrements of the studio," to facilitate the alleged assault. *Id.* ¶¶ 16-17, 25, 28, 36, 41, 48, 51.

None of those allegations support imputation of the Individual Defendants' purported misconduct to the Corporate Defendants, and the claims against them should therefore be

---

[10] The expansive application of retroactive liability sought by Plaintiff is also unconstitutional under the Due Process Clauses of both the United States and New York State Constitutions. No rational basis exists for creating a tacit and unspecified retroactivity period that reaches back decades. *Regina*, 35 N.Y.3d at 376 ("In determining whether retroactive application of a statute is supported by a rational basis, the relationship between the length of the retroactivity period and its purpose is critical."). This constitutional impediment bolsters denying the retroactivity of the VGM amendments. *In re Jamie J.*, 30 N.Y.3d 275, 282 (2017) (the "canon of constitutional avoidance" counsels courts to "construe the statute, if possible, to avoid [a] due process infirmity").

dismissed.

### A. The Employees' Alleged Misconduct
### <u>Cannot Be Imputed to the Corporate Defendants</u>

A corporation "can only act through its employees." *Ozbakir v. Scotti*, 906 F. Supp. 2d 188, 194 (W.D.N.Y. 2012). Thus, for Plaintiff to demonstrate that the Corporate Defendants engaged in acts that would render them liable under the VGM, she must identify an act taken by an employee that can be imputed to them. The two employees referenced in the FAC are Mr. Pierre and the unidentified Third Assailant. FAC ¶¶ 14, 15. Their alleged acts, which consisted of intentional sexual misconduct, were outside the scope of their employment as a matter of law, and thus cannot be imputed to the Corporate Defendants.[11]

Under New York law, an employer may be responsible for the acts of its employees "only if those acts were committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002). "It is well-settled in the Second Circuit" that "*sexual misconduct is necessarily outside the scope of employment.*" *Doe v. New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023) (emphasis added); *see also*, *e.g.*, *Doe v. Solebury Sch.*, No. 21-cv-06792 (LLS), 2022 WL 1488173, at *3-4 (S.D.N.Y. May 11, 2022) (dismissing *vicarious liability* claim against employer related to sexual assaults); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing *respondeat superior* claim against employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of *respondeat superior* was held to apply to sexual assault").

Indeed, "where an employee undertook conduct for personal reasons, or had personal

---

[11] Mr. Pierre and the unidentified Third Assailant are not alleged to be employees of DHR. Thus, the claim against DHR must be dismissed.

motivations, the employee's conduct cannot be attributed to his or her employer." *Doe v. Guthrie Clinic, Ltd.*, No. 11-cv-6089T, 2012 WL 531026, at *5 (W.D.N.Y. Feb. 17, 2012) (citing cases). Sexual assault and related behaviors are considered to "arise from personal motives and do not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010) (quoting *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998)); *see also Cabrini Med. Ctr.*, 97 N.Y.2d at 251 ("A sexual assault perpetrated by a hospital employee is not in furtherance of hospital business and is a clear departure from the scope of employment, having been committed for wholly personal motives."). Accordingly, such misconduct cannot be imputed to a corporate employer.

Here, Mr. Pierre and the unidentified Third Assailant are alleged to have committed intentional acts driven by personal motive, culminating in an alleged "sexual assault." FAC ¶¶ 62-64 (identifying the "crime of violence" as "sexual assault"). None of this alleged misconduct, which is wholly based on *personal motive*, is or could be in furtherance of the Corporate Defendants' businesses, which consist of "music, media, and entertainment." *Id.* ¶¶ 16-17.

The Individual Defendants are also alleged to have exploited their corporate titles and corporate property to further their personal agendas, but this does not alter the fact that sexual assault cannot be imputed to the Corporate Defendants. *Id.* ¶¶ 16-17, 25, 28, 36, 41, 48, 51. An employee's abuse of perks or privileges bestowed by an employer does not render personally-motivated misconduct within the scope of employment. *See C.Q. v. Est. of Rockefeller*, No. 20-cv-2205 (VSB), 2021 WL 4942802, at *2-4 (S.D.N.Y. Oct. 21, 2021) (employee's misuse of employer's apartment to engage in sexual abuse could not be imputed to employer); *Solebury Sch.*, 2022 WL 1488173, at *3-4 (school not vicariously liable for sexual assaults committed on campus by teacher abusing position of authority); *see also Cort v. Marshall's Dep't Store*, No. 14-cv-7385

(NGG) (RER), 2015 WL 9582426, at *1, 5 (E.D.N.Y. Dec. 29, 2015) (mere fact that assault occurred on corporate premises insufficient, without more, to hold corporation liable).[12]

The misconduct alleged in the FAC can only be inferred to be driven by personal motive, which is outside the scope of employment. Thus, the actions of neither Mr. Pierre nor the unidentified Third Assailant (and Mr. Combs assuming he is included as an employee) cannot be imputed to the Corporate Defendants.

### B. Mr. Combs's Alleged Misconduct Cannot Be Imputed to the Corporate Defendants

The FAC omits any allegation imputing the alleged misconduct of Mr. Combs to the Corporate Defendants. While Mr. Combs is alleged to be the "owner" of both Corporate Defendants, FAC ¶¶ 16-17, no lawful basis exists to hold them liable for his alleged misconduct. A corporate entity may only be held liable for the acts of its owner in extraordinary circumstances, under a "reverse piercing theory." *See, e.g., Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). However, reverse-piercing is appropriate only where (i) a corporation is "dominated," such that, for example, corporate formalities are not observed, and (ii) the "domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Id.*; *see also Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10-cv-4754 (JGK), 2011 WL 4056306, at *5 (S.D.N.Y. Sept. 13, 2011) ("Disregard of the corporate form is warranted only in 'extraordinary circumstances,' and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss" (quoting *EED Holdings v. Palmer Johnson Acquisition*

---

[12] Mr. Combs is not alleged to be one of the Corporate Defendants' employees, but even if he were, it would not impute liability to the entities. It makes no difference that the FAC alleges that "Mr. Combs had [Plaintiff] trafficked to New York to observe him working prior to committing unlawful acts against her at her place of employment." FAC ¶ 36. That Mr. Combs allegedly wanted Plaintiff to "observe him working" does not evidence that such purported gratification furthered the business of the Corporate Defendants. The only inference that can be objectively drawn from the allegations is that Mr. Combs acted from personal motive to "entice" Plaintiff to New York. *Id.* ¶¶ 28, 41.

*Corp.*, 228 F.R.D. 508, 511-12 (S.D.N.Y. 2005)).

None of the allegations required to support reverse piercing have been pleaded. The FAC contains: (1) no allegation of any non-observance of corporate formalities; (2) no allegations of Mr. Combs's purported "dominance and control" over BBE or DHR; and (3) no allegations that such dominance was used to perpetrate a fraud or wrong against Plaintiff. Accordingly, no claim has been stated against the Corporate Defendants and they should be dismissed from the action with prejudice.

## **CONCLUSION**

For all the foregoing reasons, the Combs Defendants respectfully request that the Court grant an order dismissing the Amended Complaint against them with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:  May 10, 2024
         New York, New York

                                        JONATHAN D. DAVIS, P.C.


                              By:   */s/ Jonathan D. Davis*
                                    Jonathan D. Davis
                                    Anthony C. LoMonaco
                                    1 Rockefeller Plaza
                                    Suite 1712
                                    New York, New York 10020
                                    (212) 687-5464

                                    *Attorneys for Defendants*
                                    *Sean Combs, Daddy's House*
                                    *Recordings, Inc., and Bad*
                                    *Boy Entertainment Holdings, Inc.*

17