## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| JANE DOE, | :  Civil Action No. 23-cv-10628 (JGLC) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SEAN COMBS; HARVE PIERRE; THE THIRD | : |
| ASSAILANT; DADDY'S HOUSE RECORDINGS, | : |
| INC. and BAD BOY ENTERTAINMENT | : |
| HOLDINGS, INC., | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
### COMBS DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House
Recordings, Inc., and Bad Boy Entertainment Holdings, Inc.*

## <u>TABLE OF CONTENTS</u>

REPLY STATEMENT .................................................................................................... 1

THE VGM'S CLAIM-REVIVAL
PROVISION IS PREEMPTED BY THE CVA AND ASA ........................................................ 2

THE VGM'S 2022 AMENDMENT IS NOT
RETROACTIVE AND THUS CANNOT RESUSCITATE PLAINTIFF'S CLAIM ................... 5

PLAINTIFF CANNOT ARGUE ALLEGATIONS
OUTSIDE OF THE COMPLAINT IN OPPOSING THIS MOTION ........................................... 8

CONCLUSION ............................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Bellino v. Tallarico*,
  No. 24-cv-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ............................ 1, 5, 8

*Doe v. Gooding*,
  No. 20-cv-06569 (PAC), 2022 WL 1104750 (S.D.N.Y April 13, 2022) ............................... 4, 5

*Doe v. N.Y.C. Dep't of Educ.*,
  669 F. Supp. 3d 160 (E.D.N.Y. 2023) .................................................................................. 3, 4

*Engelman v. Rofe*,
  194 A.D.3d 26 (1st Dep't 2021) ............................................................................................... 4

*Global Network Comc'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006) ..................................................................................................... 4

*Gottwald v. Sebert*,
  203 A.D.3d 488 (1st Dep't 2022) ............................................................................................. 7

*In re Gleason (Michael Vee, Ltd.)*,
  96 N.Y.2d 117 (2001) .............................................................................................................. 7

*Landgraf v. USI Film Prods.*,
  511 U.S. 244 (1994) ................................................................................................................. 6

*Louis v. Niederhoffer*,
  No. 23-cv-6470-LTS, 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ....................................... 8

*Majewski v. Broadalbin-Perth Cent. Sch. Dist.*,
  91 N.Y.2d 577 (1998) .............................................................................................................. 7

*Oliver v. City of New York*,
  No. 19-cv-11219 (PGG) (JLC), 2023 WL 2160062 (S.D.N.Y. Feb. 22, 2023) ...................... 9

*Ozbakir v. Scotti*,
  906 F. Supp. 2d 188 (W.D.N.Y. 2012) .................................................................................... 8

*Palin v. New York Times Co.*,
  510 F. Supp. 3d 21 (S.D.N.Y. 2020) ....................................................................................... 7

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
  35 N.Y.3d 332 (2020) .............................................................................................................. 6

*S & R Dev. Ests., LLC v. Town of Greenburgh, New York,*
   336 F. Supp. 3d 300 (S.D.N.Y. 2018) ...................................................................... 2

*S.A. v. Bell,*
   Index No. 950279/2021, 2023 WL 8653131 (Sup. Ct., N.Y. Cnty. Dec. 14, 2023) .............. 3, 4

*Swarna v. Al-Awadi,*
   622 F.3d 123 (2d Cir. 2010) ...................................................................... 10

*VIP Pet Grooming Studio, Inc. v. Sproule,*
   224 A.D.3d 78 (2d Dep't 2024)...................................................................... 7

**<u>Statutes</u>**

N.Y. C.P.L.R. § 201 ...................................................................... 4

N.Y. C.P.L.R. § 214(2) ...................................................................... 4

N.Y. C.P.L.R. § 214-g ...................................................................... 3, 5

N.Y. C.P.L.R. § 215(3) ...................................................................... 4

N.Y.C. Admin. Code § 10-1104 ...................................................................... 6, 8

N.Y.C. Admin. Code § 10-1105 ...................................................................... 1, 2, 4, 8

N.Y.C. Admin. Code § 10-1107 ...................................................................... 2

N.Y.C. Admin. Code § 8-502(d) ...................................................................... 4

## REPLY STATEMENT

The Combs Defendants respectfully submit this reply memorandum in further support of their motion to dismiss the FAC.[1] Plaintiff's decades-old VGM claim is time-barred. She purports to pursue the FAC under the VGM's claim-revival provision in § 10-1105. However, under the preemption doctrine, a New York City Council *local law* cannot lengthen the NY Legislature's *state law* claim-revival window, which was previously closed shut. Reviving stale claims is an extreme exercise of legislative power, and the NY Legislature previously decided that Plaintiff's window to bring her claim closed on August 14, 2021. Plaintiff has no recourse under the New York City local law, which must yield to the State's legislative judgment on the limitations period for asserting claims.

The only court to address this issue held, consistent with settled principles of preemption doctrine, that New York City *local law* cannot lengthen the NY Legislature's *state law* claim-revival window, which had lapsed. *See Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024). The rationale of *Bellino* is directly applicable here. Because the FAC was filed after the deadline set by the NY Legislature, it is time-barred, and New York City local law does not extend that deadline. Plaintiff has no caselaw to the contrary.

Plaintiff's arguments against the Corporate Defendants are similarly unavailing. The Opposition reveals a fundamental misunderstanding of the nature and scope of the presumption against statutory retroactivity. Plaintiff contends the doctrine does not apply to her application of a 2022 amendment that would allow her to pursue a decades-old claim. But the unfairness and prejudice that would follow from holding a party liable under a law that was non-existent when

---

[1] The memorandum uses the defined terms from the Combs Defendants' opening memorandum [Dkt. No. 57] ("MTD Brief" or "MTD Br."). "Opposition" or "Opp. Br." refer to "Plaintiff Jane Doe's Memorandum of Law in Opposition to Defendants' Motion to Dismiss," dated June 7, 2024 [Dkt. No. 61].

the alleged misconduct occurred is precisely what the presumption against retroactivity guards against and why, in this case, Plaintiff's claim is foreclosed.

Lastly, Plaintiff's naked assertion that the Individual Defendants' alleged misconduct is "within the scope of employment" because the Corporate Defendants are "in the very business of sexual misconduct" is contrived and conclusory. Not only is this nonsensical theory absent in any allegation of the FAC, which makes such argument impermissible, but it is also predicated on unproven allegations from unrelated lawsuits against some of the Corporate Defendants, which lawsuits allege nothing about their businesses serving as conduits for sexual misconduct.

For these reasons, the FAC is defective as a matter of law and must be dismissed.

## THE VGM'S CLAIM-REVIVAL
## PROVISION IS PREEMPTED BY THE CVA AND ASA

Plaintiff erroneously contends the VGM's claim-revival provision is not preempted because the VGM is an *independent cause of action*, whereas the CVA is a mechanism to "revive[] previously extinguished causes of action for a finite period" concerning claims that remedy sexual offenses against children. Opp. Br. at 3-5.[2] But that makes no difference. The CVA does not preempt all VGM claims. Instead, as explained in Defendants' moving brief, the CVA, a state statute, preempts the New York City local law's claim-revival provision in § 10-1105.[3] Indeed, Plaintiff has conceded that the VGM's claim-revival provision encroaches upon the CVA.

---

[2] As explained in the MTD Brief, the ASA also preempts the VGM's claim revival. MTD Br. at 7-9. *See also S & R Dev. Ests., LLC v. Town of Greenburgh, New York*, 336 F. Supp. 3d 300, 308 (S.D.N.Y. 2018) ("A defense of preemption is properly considered on a motion to dismiss because all preemption claims are 'conclusion[s] of law,' and are therefore properly decided absent a full factual record." (quoting *Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 672 (S.D.N.Y. 2017))).

[3] A finding that the claim-revival provision in § 10-1105 is preempted would leave the remaining provisions of the VGM intact. *See* N.Y.C. Admin. Code § 10-1107 (noting that if any "sentence, clause, phrase or other portion" of the VGM is "declared ... invalid," it "shall not affect the validity of the remaining portions of this law").

*Compare* Opp. Br. at 3 ("[T]he [City] Council amended the [VGM] to revive [VGM] claims that had already expired"), *with id.* at 4 (the CVA "reviv[ed] the statute of limitations for civil claims related to sexual offenses against minors").

Plaintiff's suggestion that "the CVA did not 'revive' [P]laintiff's [VGM] claims" is wrong. Opp. Br. at 5. The CVA applies to "*every* civil claim or cause of action" arising from alleged "conduct which would constitute a sexual offense." N.Y. C.P.L.R. § 214-g (emphasis added). That includes VGM claims for sexual assault, as well as claims established by other local laws. *See, e.g.*, *S.A. v. Bell*, Index No. 950279/2021, 2023 WL 8653131, at *1 (Sup. Ct., N.Y. Cnty. Dec. 14, 2023) (discussing VGM claim brought under CVA); *Doe v. N.Y.C. Dep't of Educ.*, 669 F. Supp. 3d 160, 168 (E.D.N.Y. 2023) (noting CVA revived claim under the New York City Human Rights Law ("<u>NYCHRL</u>")). Accordingly, once the CVA's revival window closed, Plaintiff could no longer bring her time-barred claim.[4]

The CVA controls all claims within its ambit: "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." N.Y. C.P.L.R. § 214-g. Plaintiff misinterprets the meaning of "notwithstanding" in the CVA when she argues that it "makes clear that the State Legislature acknowledged that other limitations periods may apply to claims that fall under the statute." Opp. Br. at 4. The opposite is true. "Notwithstanding" means "despite; in spite of." BLACK'S LAW DICTIONARY (11th ed. 2019). The NY Legislature used "notwithstanding" to express its intent and commandment that the CVA exclusively controls, *despite* any contrary statute of limitations provision that extends a claim, including the VGM's claim-revival

---

[4] Plaintiff claims "countless legal commentaries" support her preemption argument. Opp. Br. at 5. But she cites only a law firm blog that hardly counts as citable authority, which does not even mention preemption. *Id.*

provision.[5]

Next, Plaintiff erroneously contends that the preemption issue here has already been decided in her favor. In fact, neither *Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021) nor *Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750 (S.D.N.Y April 13, 2022) addressed the preemption argument raised by the Combs Defendants. *Engelman* and *Gooding* fail to discuss the CVA, and *Engelman* was decided before the VGM's claim-revival provision was enacted.

*Engelman* decided a different issue altogether: whether the seven-year statute of limitations in the VGM was preempted by the one-year statute of limitations for assault under C.P.L.R. § 215(3), or the three-year statute of limitations for liabilities "imposed by statute" under C.P.L.R. § 214(2). The *Engelman* court held that neither of those statutes preempts the VGM. Section 215(3) was inapplicable because the VGM "claim is in the nature of a civil rights cause of action" rather than for assault, and § 214(2) did not apply because C.P.L.R. § 201 "states that the times listed in C.P.L.R. article 2 apply 'unless a different time is prescribed by law.'" 194 A.D.3d at 30, 32.[6]

Neither rationale above applies here. The question is whether the CVA, which briefly revived time-barred VGM claims, preempts the VGM from reviving those claims again. The *Engelman* court never mentioned the CVA, which explicitly applies "*[n]otwithstanding* any

---

[5] Public filings reveal that plaintiffs filed ASA claims in higher numbers immediately before the expiration of the ASA window, consistent with the conclusion that the VGM's claim-revival provision *did not* revive sexual assault claims outside the State's claim-revival periods. *See, e.g.*, *Global Network Comc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (noting court may take judicial notice of public filings). Notwithstanding the 2022 enactment of the VGM's claim-revival provision in New York City (where the VGM only applies), the number of ASA cases filed in the last month of the ASA window (November 2023) was *more than twenty times* the monthly average for such filings in the preceding months. In all other counties in New York State (where the VGM claim-revival was *not* available), the number of ASA cases filed in the last month of the ASA window was approximately *nineteen times* the monthly average in the preceding months.

[6] As illustrated by *N.Y.C. Dep't of Educ.* and *Bell*, *supra*, C.P.L.R. § 201 did not prevent the CVA from reviving VGM and NYCHRL claims, even though each has its own statute of limitations. *See* N.Y.C. Admin. Code § 8-502(d) (providing a three-year period for the NYCHRL); § 10-1105 (providing a seven-year statute of limitations for the VGM).

provision of law which imposes a period of limitation to the contrary." N.Y. C.P.L.R. § 214-g (emphasis added). Thus, *Engelman* did not address the similarities between the claim-revival provisions in the VGM and the CVA. The New York City Council passed the claim-revival provision less than a year after the CVA's window closed, incorporating language from the CVA. The VGM cannot revive claims that were revived once before and then expired again.

*Doe v. Gooding* is similarly inapposite. The court there also did not discuss preemption of the claim-revival provision. It explicitly stated that the claim-revival provision was irrelevant because, unlike Plaintiff's claim, the claim in *Gooding* never expired. 2022 WL 1104750, at *3 ("Plaintiff's claim would not need 'revival' because it never lapsed in the first place").

The only court to address the preemption question presented here squarely held that the CVA and the ASA preempt the VGM's claim-revival provision in § 10-1105. *Bellino*, 2024 WL 1344075, at *1 ("the limitations provision of the [VGM] is preempted by the state's adoption of the [CVA] and [ASA]"). Plaintiff's claim that Judge Kaplan in a second decision "clarified why the case before him was time-barred," and that it was not based on "pre-emption," misstates *Bellino*. Opp. Br. at 9. That is because Judge Kaplan decided two motions. In his second decision, the court denied plaintiff's motion for leave to file an amended complaint on unrelated grounds. *See* Davis Decl. Ex. C. That decision had no bearing on Judge Kaplan's first decision to dismiss the complaint based on the CVA's preemption of the VGM's claim-revival provision. *Bellino*, the only decision cited by either party addressing the specific preemption issue here, mandates dismissal of Plaintiff's time-barred claim.

### THE VGM'S 2022 AMENDMENT IS NOT RETROACTIVE AND THUS CANNOT RESUSCITATE PLAINTIFF'S CLAIM

Nothing in the VGM's legislative history or any caselaw supports retroactive application

of the VGM's 2022 amendment. As an initial matter, Plaintiff misunderstands the concept of retroactivity, as evidenced by her claim that retroactivity is irrelevant because Plaintiff "brings claims under the current law." Opp. Br. at 9. Every plaintiff seeking retroactive application of a statute or rule "brings claims under the current law." Retroactivity concerns whether "current law" may be applied to conduct occurring before that law was enacted. *See*, *e.g.*, *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 349 (2020) (analyzing whether amendments *currently in effect* applied to conduct that occurred before their passage). Plaintiff cannot apply the 2022 amendment extending VGM liability to include "part[ies]" in her case.

"[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). When deciding if this presumption applies, a court must determine whether the legislature "expressly prescribed the statute's proper reach" and, if it did not, "whether [the statute] would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. Here, the VGM amendment's language does not address retroactivity. Nor does Plaintiff cite any legislative history discussing retroactivity. Second, the amendment expanded liability by extending the VGM's application from individuals to parties and broadening liability from only those who "commit" gender-motivated violence to those who "direct[], enable[], participate[] in, or conspire[]" to commit such acts. N.Y.C. Admin. Code § 10-1104. Thus, the presumption against retroactivity applies.

Plaintiff's argument that the VGM was "fashioned as remedial, giving rise to a presumption of retroactivity," Opp. Br. at 10, does not change the retroactivity analysis, and Plaintiff's reliance

on *In re Gleason (Michael Vee, Ltd.)* is misplaced. That case observed that "remedial legislation should be given retroactive effect *in order to effectuate its beneficial purpose*." 96 N.Y.2d 117, 120 (2001) (emphasis added). Thus, "remedial" statutes are not presumptively retroactive, but *may* be retroactive, if necessary, to effectuate a specific purpose. *See VIP Pet Grooming Studio, Inc. v. Sproule*, 224 A.D.3d 78, 89 (2d Dep't 2024) ("the remedial nature of a statutory amendment … is not a basis, in and of itself, for *ignoring the long-standing legal presumption that new enactments be prospective* … [because] [a]ll statutory amendments, are at some level, remedial" (emphasis added)).

The 2022 VGM amendment is not remedial. As explained in *Gleason*, a statute is remedial if: (1) the legislature passed the statute with "a sense of urgency," "swiftly after" the occurrence necessitating the statute, and (2) the legislative history establishes that the amendment's purpose "was to clarify *what the law was always meant to do and say*." *Gleason*, 96 N.Y.2d at 122 (emphasis added). The 2000 VGM statute, enacted in response to and nearly immediately after the Violence Against Women Act was struck down (*see* Opp. Br. at 10-11), arguably satisfies the urgency requirement. The same cannot be said of the 2022 VGM amendment, which was enacted *over two decades after* the statute's original enactment. That is the antithesis of urgency and is not ameliorated by language that the amendment will "take effect immediately." *See Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 583 (1998) ("the fact that a statute is to take effect immediately" is "'equivocal' in an analysis of retroactivity" (quoting *Becker v. Huss Co.*, 43 N.Y.2d 527, 541 (1978))).[7] Moreover, Plaintiff makes no suggestion that the amendment was

---

[7] *Palin v. New York Times Co.* does not support a different conclusion. 510 F. Supp. 3d 21 (S.D.N.Y. 2020). It relied on legislative history that demonstrated the amendment was designed to expand an earlier and narrower interpretation of the law. *Id.* 25, 27. Further, the First and Second Departments rejected the *Palin* court's analysis. *See Sproule*, 224 A.D.3d at 86-90; *Gottwald v. Sebert*, 203 A.D.3d 488, 489 (1st Dep't 2022), *rev'd on other grounds*, 40 N.Y.3d 240 (2023).

designed to correct a misinterpretation or to fill a gap. There is nothing remedial about it.

Finally, the *claim-revival* provision in § 10-1105 does not support *retroactivity* of the VGM. Plaintiff erroneously maintains that because the amendment's purpose was to create a two-year look-back window for limitations purposes, the Council's intent was that the amendment "in its entirety … extend[s] backwards." Opp. Br. at 11. That argument conflates the distinct legal concepts of retroactivity and claim-revival. A claim-revival provision revives claims that *could have been brought* at the time of the alleged conduct but have expired due to the running of the applicable statute of limitations. In contrast, retroactivity allows a statute or amendment to apply to alleged conduct *that occurred before the statute or amendment became effective*.

Here, Plaintiff's purported claim is based on alleged misconduct occurring before the amended language in § 10-1104 was enacted, but nothing in that amendment provides for, refers to, or suggests that it should be applied retroactively. Both *Bellino* and *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) are controlling, despite Plaintiff's contrary view. Opp. Br. at 11. While the conduct in those cases occurred before the 2000 enactment of the VGM, neither court found that the claim-revival provision in § 10-1105 supported a retroactivity argument. *See* MTD Br. at 12.

Accordingly, because the VGM is not retroactive, Plaintiff's claim is barred.

## PLAINTIFF CANNOT ARGUE ALLEGATIONS OUTSIDE OF THE COMPLAINT IN OPPOSING THIS MOTION

As stated in the MTD Brief, a corporation "can only act through its employees." *Ozbakir v. Scotti*, 906 F. Supp. 2d 188, 194 (W.D.N.Y. 2012). Thus, Plaintiff's suggestion that corporate liability need not be "imputed" from the misconduct of an employee is plainly wrong. Opp. Br. at 11. Here, the only employees identified in the FAC are the Individual Defendants, whose alleged

misconduct is indisputably outside the scope of employment.[8] At most, Plaintiff argues – without relying on a single paragraph in the FAC – that "because the studio and the record label plainly 'made [it] possible' for the horrific assault of Ms. Doe to occur, the Corporate Defendants enabled the unlawful conduct and are therefore liable." Opp. Br. at 12. But Plaintiff never explains how "the studio and record label" did anything – she simply makes a conclusory, bald-faced assertion that they jointly engaged in unexplained conduct. Without alleging an identifiable act or omission, any direct liability claim against the Corporate Defendants cannot survive this motion.

In a last-ditch effort, Plaintiff argues that the Individual Defendants' alleged misconduct is imputable to the Corporate Defendants because it was within the scope of employment. Specifically, Plaintiff baldly states that "there is ample evidence that sexual assault was, in fact, a regular part of Bad Boy's business" and that "for an executive or employee of Combs's companies, including Bad Boy and Daddy's House, sexual misconduct was part and parcel of the job." *Id.* at 12-13. In support, Plaintiff references unproven allegations in four other recently filed lawsuits. *Id.* at 13-14. On the basis of those pleadings only, Plaintiff concludes, without more, that "Sean Combs's corporations … were in the very business of sexual misconduct." *Id.* at 14. That allegation is not even close to those necessary to sustain her claim.

In reviewing the FAC, it alleges only that the Corporate Defendants are in the business of "music, media, and entertainment," but makes no allegation concerning any business involving "sexual misconduct." FAC ¶¶ 16-17; *see also id.* ¶ 25 (identifying BBE as a "well-known recording label"). Plaintiff cannot use the Opposition as a means to insert "facts" into her pleading. *Oliver v. City of New York*, No. 19-cv-11219 (PGG) (JLC), 2023 WL 2160062, at *7 (S.D.N.Y. Feb. 22,

---

[8] Plaintiff does not attempt to impute any conduct by Mr. Combs onto the Corporate Defendants based on his alleged ownership interests. For the reasons in the MTD Brief, any such theory should be rejected. MTD Br. at 16-17.

2023) ("allegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, because ... [they] do not amend a complaint").

Further, the amended allegations regarding the Corporate Defendants are entirely dependent on unproven allegations in other complaints not before this Court. Those allegations reference purported misconduct, some of which allegedly occurred in a corporate setting, but they allege nothing about the nature of the "business" of any Corporate Defendants or whether engaging in sexual misconduct was "part and parcel of the job." Opp. Br. at 13-14.

Finally, Plaintiff's allegations that certain employees were fulfilling "their boss's desires" and "therefore doing 'work' within the scope of their employment" are nothing but unsubstantiated words without any present legal significance. *Id.* at 12. And the FAC fails to demonstrate how those employees were "furthering their boss's desires." Instead, the FAC alleges that they used their ties to leverage their own *personal desires* having nothing to do with the Corporate Defendants. *See*, *e.g.*, FAC ¶¶ 16, 17, 25, 28-30, 39, 46-47, 50; *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010) (stating that sexual assault and related behaviors "*arise from personal motives*" (emphasis added)).

Accordingly, without reference to matters not before the Court – which are unproven claims – Plaintiff cannot allege any direct or indirect claim against the Corporate Defendants.

## **CONCLUSION**

For all the foregoing reasons, the Combs Defendants respectfully request that the Court grant an order dismissing the FAC with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:  June 21, 2024
         New York, New York

10

JONATHAN D. DAVIS, P.C.


By:  */s/ Jonathan D. Davis*
     Jonathan D. Davis
     Anthony C. LoMonaco
     1 Rockefeller Plaza
     Suite 1712
     New York, New York 10020
     (212) 687-5464
     jdd@jddavispc.com
     acl@jddavispc.com

     SHER TREMONTE LLP


By:  */s/ Erica Wolff*
     Erica Wolff
     Michael Tremonte
     90 Broad Street, 23rd Floor
     New York, New York 10004
     (212) 202-2600
     ewolff@shertremonte.com
     mtremonte@shertremonte.com

     *Attorneys for Defendants*
     *Sean Combs, Daddy's House*
     *Recordings, Inc., and Bad*
     *Boy Entertainment Holdings, Inc.*