**SHER TREMONTE LLP**

September 30, 2024

**BY ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, New York 10007

Re:   *Doe v. Combs et al.*, No. 23-cv-10628

Dear Judge Clarke,

We write on behalf of Sean Combs, Daddy's House Recordings, Inc., and Bad Boy Entertainment Holdings, Inc. (together, the "Combs Defendants"), defendants in the above-captioned case to respectfully request that certain materials improperly filed by Plaintiff be stricken from the record. On September 26, 2024, over three months after the conclusion of briefing on the Combs' Defendants' Motion to Dismiss the Amended Complaint, ECF Nos. 55-57, 61-62 (the "Motion to Dismiss"), Plaintiff filed a letter brief in further opposition to the Motion to Dismiss and attaching an affidavit from a New York state senator opining on the Child Victims Act, ECF No. 64 (the "Unauthorized Sur-Reply"). This filing is an unauthorized sur-reply, filed without advance permission and in violation of this Court's rules. Accordingly, we respectfully request that it be stricken from the record.

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules authorize litigants to file sur-replies. *See Kapiti v. Kelly*, No. 07-CV-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008). Supplemental filings generally require leave of the court prior to filing. *See Endo Pharms. Inc. v. Amneal Pharms., LLC*, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016). Sur-replies are disfavored "because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti*, 2008 WL 754686, at *1 n.1. Thus, courts regularly exercise their discretion to strike unauthorized sur-replies. *See, e.g.*, *Endo Pharms. Inc.*, 2016 WL 1732751, at *9. *See also infra* p. 2.

Plaintiff did not seek permission to file a sur-reply, let alone obtain permission from the Court prior to filing it. In addition to contravening this requirement, Plaintiff's sur-reply also violates Rule 4(b) of this Court's Individual Rules of Practice in Civil Cases, which specifically provides that "surreply memoranda are not allowed (unless

specifically permitted in extraordinary situations for good cause)."[1] Courts routinely strike unauthorized sur-replies under similar circumstances. *See, e.g.*, *Sec. & Exch. Comm'n v. Xia*, No. 21CV5350PKCRER, 2022 WL 2784871, at *2 (E.D.N.Y. July 15, 2022) (striking sur-reply where litigant "failed to bring their case within the narrow confines of the rule allowing sur-replies"); *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013) (granting motion to strike "procedurally flawed" motion to file sur reply, which was "substantially non-compliant with the Court's Individual Practices" and "d[id] not respond to 'new issues which are material to the disposition of the question before the [C]ourt"(citing *United States v. Int'l Bus. Mach.*, 66 F.R.D. 383 (S.D.N.Y 1975)); *Cunningham v. Lupis*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024) (granting motion to strike sur-reply and noting that plaintiff had "offered no argument warranting deviating from chambers practices and permitting a sur-reply in this case"); *Endo Pharm. Inc.*, 2016 WL 1732751, at *9 (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]"); *Ganim v. United States*, No. 3:08cv1759, 2009 WL 5216950, at *9 n.18 (D. Conn. Dec. 30, 2009) (striking sur-reply that was filed without leave of the court).

Even if Plaintiff had sought advance permission, the proposed filing should have been rejected as impermissible. "Courts in this circuit grant leave to file sur-replies sparingly." *Xia*, 2022 WL 2784871, at *1–2. Sur-replies are only appropriate in "the exceptional though rare case" where "a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court," or where the court determines that further briefing is appropriate. *Int'l Bus. Machines Corp.*, 66 F.R.D. at 384. Plaintiff has not attempted to make such a showing, nor could she, as there are no extraordinary circumstances that warrant a sur-reply. The affidavit of State Senator Brad Hoylman-Sigal – created for the purpose of another litigation five years after the statute was enacted – is immaterial to the merits of the Motion to Dismiss. It is well-settled that isolated statements by lawmakers after the passage of a law are not considered proper evidence of contemporaneous legislative intent, and are uniformly rejected. *See, e.g.*, *Heintz v. Jenkins*, 514 U.S. 291, 297-98 (1995) (rejecting statement of congressman made "not during the legislative process, but *after* the statute became law" and therefore "not a statement upon which other legislators might have relied in voting for or against the Act, but it simply represents the views of one informed person on an issue about which others may (or may not) have thought differently"); *Southeastern Comm. Coll. v. Davis*, 442 U.S. 397, 411 n.11 (1979) ("[I]solated statements by individual Members of Congress or its committees, all made after the enactment of the statute under consideration, cannot substitute for a clear expression of legislative intent at the time of enactment." (citations omitted)); *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 132 (1974) ("[P]ost-passage remarks of legislators, however explicit, cannot serve to change the legislative intent of Congress expressed before the Act's passage. Such statements 'represent only

---

[1] Hon. Jessica G. L. Clark, U.S. District Judge, Individual Rules & Practices in Civil Cases (July 2024), https://nysd.uscourts.gov/sites/default/files/practice_documents/JGLC%20Clarke%20Individual%20Rules%20and%20Practices%20in%20Civil%20Cases%20%5B7.1.24%20FINAL%5D.pdf.

the personal views of these legislators, since the statements were (made) after passage of the Act.'" (internal citations omitted)); *Ramspeck v. Fed. Trial Examiners Conf.*, 345 U.S. 128, 143 n.9 (1953) (rejecting statements in letter from senator, "taken out of context and written over five years after" enactment, as illustrative of congressional intent); *Cook v. Budget Rent-A-Car Corp.*, 502 F. Supp. 494, 499–500 (S.D.N.Y. 1980) ("[W]hile it is true that Senator Cranston was a co-sponsor of the Act (including Section 504) as originally enacted, the Court has great difficulty in regarding the statement of a single member of Congress, made six years after the passage of a statute, to be persuasive legislative history with respect to that statute."); *Sibley v. KLM-Royal Dutch Airlines (Koninklijke Luchtvaart Maatschappij N.V.)*, 454 F. Supp. 425, 429 n.7 (S.D.N.Y. 1978) ("[T]he Court does not consider [state senator's] statement, solicited for purposes of this litigation, more than four years after the enactment of the statute, to be persuasive evidence of legislative intent.").

Because Plaintiff's Unauthorized Sur-Reply was filed without seeking or receiving permission, and because its content is irrelevant to the Motion to Dismiss, it should be stricken from the record. To the extent the Court is inclined to consider the Unauthorized Sur-Reply, we respectfully request leave to respond to it.

Respectfully submitted,

*Erica A. Wolff*

Erica A. Wolff
Michael Tremonte

cc:     All Counsel of Record via ECF