UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

SEAN COMBS, et al.,

Defendants.

23-CV-10628 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Jane Doe filed this action under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") against Sean Combs, Harve Pierre, the "Third Assailant," Daddy's House Recordings, Inc. ("Daddy's House"), and Bad Boy Entertainment Holdings, Inc. ("Bad Boy"). Before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 55. At this stage, the questions before the Court are (1) whether the revived claims under the 2022 amendment to the VGMVPL, codified at N.Y.C. ADMIN. CODE. § 10-1105 (the "VGMVPL Revival Statute") are preempted by the Child Victims Act ("CVA"), codified at C.P.L.R. § 214-g; and (2) whether claims under the 2022 amendment can apply retroactively to conduct that occurred before its enactment. The Court holds that the VGMVPL Revival Statute is not preempted by the CVA, but finds that the presumption against retroactive application has not been overcome, and so Daddy's House and Bad Boy (together, the "Corporate Defendants") cannot be held liable for conduct that preceded the 2022 amendment to the VGMVPL. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.[1]

[1] The motion to dismiss was filed by Sean Combs, Daddy's House, and Bad Boy on May 10, 2024. *See* ECF No. 55. The same day, Harve Pierre filed a letter stating that he joined in the arguments raised in the motion to dismiss. *See* ECF No. 58.

## BACKGROUND

The following facts, unless otherwise noted, are taken from the amended complaint, ECF No. 52 ("Amended Complaint" or "Am. Compl.") and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff alleges that she met Harve Pierre and the Third Assailant at a lounge in the Detroit area in 2003, when she was 17 years old. Am. Compl. ¶¶ 18, 22–23. Mr. Pierre complimented her appearance and referenced his affiliation with Bad Boy and Defendant Combs. *Id.* ¶¶ 24–26. Pierre then sexually assaulted Plaintiff in the lounge bathroom. *Id.* ¶¶ 30–31. Shortly thereafter, Plaintiff flew to New York City with Mr. Pierre, the Third Assailant, and another individual and landed at Teterboro Airport, where SUVs picked them up and brought them to Daddy's House recording studio. *Id.* ¶¶ 31–34. Plaintiff alleges that Combs, Pierre, and the Third Assailant each sexually assaulted her at the recording studio. *Id.* ¶¶ 43–50. Plaintiff claims that "[t]he individual defendants used not only their affiliations with Bad Boy as a means to facilitate the unlawful conduct to follow, but also their affiliations with Daddy's House." *Id.* ¶ 28.

On December 6, 2023, Plaintiff filed this action asserting claims under the VGMVPL. ECF No. 1. On February 20, 2024, the Corporate Defendants moved to dismiss the complaint, and Defendant Combs filed a motion for judgment on the pleadings on February 23, 2024. ECF Nos. 41, 45. Plaintiff filed the Amended Complaint on March 29, 2024 asserting similar claims. ECF No. 52. On May 10, 2024, Defendants filed the instant motion to dismiss. *See* ECF Nos. 55, 58.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Defendants argue Plaintiff's claim is time-barred because the relevant provision of the VGMVPL is pre-empted by the CVA. ECF No. 57 ("Mem.") at 6. Defendants also assert the Corporate Defendants would not be liable under the VGMVPL as enacted in 2000. *Id.* at 10. For this reason, Defendants argue, the 2022 amendment to the VGMVPL creates a substantive change, and so Plaintiff's claim under the VGMPVPL Revival Statute has not overcome New York's presumption against retroactivity. *Id.* at 10–11. The Court holds that the VGMVPL Revival Statute is not preempted by the CVA, but finds that the presumption against retroactive application has not been overcome. The Court therefore concludes the Corporate Defendants cannot be held liable by the VGMVPL Revival Statute for conduct that preceded the 2022 amendment to the VGMVPL.

## I. The VGMVPL Revival Statue Is Not Preempted by the CVA

For the reasons set forth at length in the Court's prior opinion in *Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *2–7 (S.D.N.Y. Sept. 27, 2024), the Court holds that the VGMVPL Revival Statute is not preempted by the CVA.[2] Accordingly, Defendants' motion to dismiss the VGMVPL claim as time-barred is DENIED.

## II. The 2022 Amendment to the VGMVPL Does Not Apply Retroactively.

Prior to the 2022 amendment, the VGMVPL provided: "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender . . . has a cause of action against such *individual* in any court of competent jurisdiction . . . ." N.Y.C. ADMIN. CODE § 10-1104 (2000) (*previously codified at* § 8-904) (the "2000 VGMVPL") (emphases added). In 2022, the VGMVPL was amended to provide a civil cause of action against "any person claiming to be injured by a *party* who commits, *directs, enables, participates in, or conspires in the commission of* a crime of violence motivated by gender has a cause of action against such party in any court of competent jurisdiction . . . ." N.Y.C. ADMIN. CODE § 10-1104 (the "2022 VGMVPL") (emphases added). The 2022 VGMVPL therefore appears to expand the scope of liability: whereas the 2000 VGMVPL applied to any "individual," the 2022 VGMVPL applies to any "party." And while the 2000 VGMVPL only included those who "commit[ed]" an action—the 2022 VGMVPL additionally includes those who "direct[], enable[], participate[] in, or conspire[] in" an action.

The 2000 VGMVPL did not define the term "individual." In these circumstances, the Court looks to the ordinary meaning of that term. *See FCC v. AT&T Inc.*, 562 U.S. 397, 403

---

[2] The Court certified this decision for interlocutory appeal on November 8, 2024. *See* Order, *Doe v. Black*, No. 23-CV-6418 (JGLC) (S.D.N.Y. Nov. 8, 2024), ECF No. 153.

(2011) (internal citation omitted). Its ordinary meaning is a single person, as opposed to a group or institution.[3] Plaintiff does not argue that the legislature intended "individual" to mean anything broader in the 2000 VGMVPL. Nor is the Court aware of any authority pre-dating the 2022 VGMVPL that held otherwise. Accordingly, the Court understands that the Corporate Defendants, as corporations, would not be liable under the terms of the 2000 VGMVPL. Plaintiff has conceded this point. ECF No. 61 ("Opp.") at 9.

The 2022 VGMVPL created a substantive change by expanding the scope of liability. "[L]egislation that affects substantive rights, such as a statute that 'would impair rights a party possessed when [they] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' would have retrospective effect if a court were to apply new law existing at the time of the decision . . . ." *Matter of Mia S.*, 179 N.Y.S.3d 732, 735 (2d Dep't 2022) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 245 (1994)), *leave to appeal dismissed*, 208 N.E.3d 745 (2023). Plaintiff's claims against the Corporate Defendants—which are based on events prior to 2022—would therefore require retroactive application.

"Retroactive operation is not favored by the courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (cleaned up). This "deeply rooted presumption against retroactivity is based on elementary considerations of fairness." *Id.* (cleaned up). "In determining whether a statute should be given retroactive effect, we have recognized two axioms of statutory interpretation. Amendments are presumed to have prospective application unless the

---

[3] *See* Individual, *Oxford English Dictionary*, https://www.oed.com/dictionary/individual_adj?tab=meaning_and_use#513655 (last visited Dec. 5, 2024); Individual, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/individual#dictionary-entry-2 (last visited Dec. 5, 2024) ("[A] single human being as contrasted with a social group or institution" or "a particular person.").

[l]egislature's preference for retroactivity is explicitly stated or clearly indicated . . . [and] remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." *In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001) (internal quotation marks and citations omitted).

The Court first looks to whether the New York state legislature expressed a clear intent to apply the broader language of the 2022 VGMVPL retroactively. The language of the 2022 VGMVPL does not mention or otherwise discuss retroactivity. Plaintiff argues the two-year look back window in the VGMVPL Revival Statute demonstrates the "Amendment in its entirety was intended to extend backwards." Opp. at 11. But this confuses claim revival with retroactive application: "reviving a time-barred claim is not the same as making new substantive obligations retroactive . . . the former revives claims that were complete, while the latter makes a claim complete." *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024). In short, Plaintiff has not pointed to, and the Court has not seen, any language in the legislative history addressing retroactivity.

Plaintiff next argues that the 2022 VGMVPL is remedial, such that it "should be given retroactive effect in order to effectuate its beneficial purpose. Opp. at 10 (quoting *In re Gleason*, 96 N.Y.2d at 122). However, "[c]lassifying a statute as remedial does not automatically overcome the strong presumption of prospectivity since the term may broadly encompass any attempt to supply some defect or abridge some superfluity in the former law." *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998) (internal citation and quotation marks omitted). Indeed, "[a]ll statutory amendments are, at some level, remedial." *VIP Pet Grooming Studio, Inc. v. Sproule,* 203 N.Y.S.3d 681, 689 (2d Dep't 2024). To examine the remedial nature of a statute, courts look at "whether the Legislature has made a specific

pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be." *In re Gleason*, 96 N.Y.2d at 122.

Considering these factors, the Court does not find sufficient evidence to overcome the presumption against retroactivity. *See Bensky*, 2024 WL 3676819, at *10 (finding presumption against retroactivity for 2022 VGMVPL not overcome). Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history regarding retroactive effect. Nor has the Court seen any references as to whether the 2022 VGMVPL was designed to rewrite an unintended judicial interpretation. And although Plaintiff argues that the City Council "conveyed a sense of urgency when it acted in 2000," Opp. at 10, this refers to urgency about the passage of the *2000 VGMVPL*, not the amendment in 2022, which came over two decades later. Even if, as Plaintiff argues, the City Council may have directed that the VGMVPL Revival Statute take effect immediately, *see In re Gleason*, 96 N.Y.2d at 122, "a statute's command that it take effect 'immediately' does not resolve the question of whether, under New York law, the amendment should be applied retroactively . . . ." *See CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 261 (2d Cir. 2009). Additionally, although the VGMVPL bill summary states it would "clarify that the law applies to such acts committed by parties who direct, enable, participate in, or conspire in a gender-motivated act of violence," this alone does not indicate the 2000 VGMVPL was originally intended to sweep so broadly. Press Release, *Council Votes on Historic Municipal Voting Rights Legislation*, NEW YORK CITY COUNCIL (Dec. 9, 2021), https://council.nyc.gov/press/2021/12/09/2115. Rather, it merely restates the new language of the 2022 amendment.

Finally, to the extent Plaintiff argues that *Gleason* requires *all* remedial statutes be applied retroactively, Opp. at 10, the Court disagrees. In *Gleason*, the Court applied the relevant statue retroactively because the amendment promptly corrected an unwanted judicial interpretation, and found it clarified what the law "was always meant to do and say." *In re Gleason*, 96 N.Y.2d at 122. As described above, these circumstances do not exist here.

Because the Court finds nothing in the text or legislative history that overcomes the presumption against retroactivity, the motion to dismiss the claims against the Corporate Defendants is granted. Further, because the Court has concluded the 2022 VGMVPL is not retroactive—such that it does not apply to the Corporate Defendants—the Court need not determine whether the actions of the Individual Defendants can be imputed to the Corporate Defendants.

**CONCLUSION**

For the reasons stated herein, the motion to dismiss is GRANTED in part and DENIED in part. The cause of action against Daddy's House and Bad Boy is DISMISSED. Plaintiff is also now directed to comply with the Court's earlier ruling (ECF No. 49) finding that she may no longer proceed anonymously.

It is hereby ORDERED that the initial pretrial conference in this matter is set for **January 9, 2025 at 4:00 PM** in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. A joint letter and proposed Civil Case Management Plan and Scheduling Order shall be filed by **January 2, 2025**. The Clerk of Court is directed to terminate ECF No. 55.

Dated: December 5, 2024
New York, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge