

**Michael J. Willemin**
mwillemin@wigdorlaw.com

January 2, 2025

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Court
500 Pearl Street, Room 1040
New York, New York 10007-1312

      Re:    *Kane v. Combs, et al.*, Case No. 1:23-cv-10628 (JGLC)

Dear Judge Clarke,

We represent Plaintiff in this action and write on behalf of all parties pursuant to Your Honor's order contained at Dkt. No. 70. Attached is the parties' joint proposed case management plan and scheduling order. See Exhibit A. As Your Honor will see, the scheduling order in this matter is complicated by the fact that Defendant Sean Combs is facing criminal charges that are currently scheduled for a May 2025 trial. As such, Defendants proposed, and Plaintiff has agreed, to hold off on conducting depositions until after the criminal trial. As a result, the parties are seeking a fact discovery end date of 90 days after the conclusion of the criminal trial (or any plea).

## I.    The Need For an Initial Conference

The parties believe that an initial conference is unnecessary given their agreement to the attached proposed case management plan and scheduling order.

## II.    A Brief Statement of the Case and Principal Defenses

Plaintiff brings claims under the New York City Gender-Motivated Violence Protection Law ("VGMVPL"), and alleges that Defendants[1] trafficked her to New York City and raped her, one at a time, in Defendant Sean Combs' recording studio.

The major factual issue in this case is whether or not any of the defendants engaged in the alleged violations of the VGMVPL. Mr. Combs and Mr Pierre vigorously dispute Ms. Kane's allegations as to them and intend to raise a number of affirmative defenses, including that Plaintiff's claim is barred by the statute of limitations, preempted by the Child Victims Act

---

[1]    The Corporate Defendants have been dismissed. The remaining Defendants are Mr. Combs, Harve Pierre and the Third Assailant.



Hon. Jessica G. L. Clarke
January 2, 2025
Page 2

("CVA"), N.Y. C.P.L.R. § 214-g, arises from the acts of third parties over which Mr. Combs had no responsibility or control, and violates the due process clauses of the New York State Constitution and/or the U.S. Constitution.

**III.      Jurisdiction**

Diversity jurisdiction exists in this matter because: (i) Plaintiff is a citizen of the State of Michigan and Canada, whereas Defendants are citizens of California, New Jersey and/or New York; and (ii) the amount in controversy exceeds $75,000.

**IV.      Deadlines**

Defendants' deadline to answer Plaintiff's Amended Complaint is January 7, 2025.

**V.      Motions**

There are currently no motions pending in this matter.

**VI.      Discovery**

Discovery has not yet commenced.  The parties believe that, at a minimum, paper discovery will need to be conducted prior to any meaningful settlement discussions.  Moreover, the parties believe that settlement is unlikely prior to the disposition of the criminal charges pending against Mr. Combs.

**VII.      Settlement Discussions**

Prior to the filing of this action, the parties discussed the possibility of settlement, but it quickly became clear that settlement would not be possible prior to at least some discovery.

*          *          *          *          *

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin