UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anna Kane

        Plaintiff(s),

   -against-

SEAN COMBS, HARVE PIERRE, and THE THIRD ASSAILANT

        Defendant(s).

<u>23</u>-cv-<u>10628</u> (JGLC)

**<u>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

  This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ✓] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The parties [have ✓ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Settlement discussions [have ☐ / have not ✓] taken place.

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: _____

   _____

   b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   ☐ Immediate referral to the District's Mediation Program

   ☐ Immediate referral to a Magistrate Judge

   ☐ Referral to the District's Mediation Program after the close of fact discovery

  ☐ Referral to a Magistrate Judge after the close of fact discovery

  ☐ Retention of a private mediator

  ☐ Other

 c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.

4. [*If an action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.*] The party asserting the existence of such jurisdiction [has ☑ / has not ☐] filed a letter explaining the basis for the party's belief that diversity of citizenship exists. If the party has not yet filed this letter, the party will do so at least three days before the Initial Pretrial Conference.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than January 23, 2025. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than 30 days following the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

7. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than February 10, 2025.

8. Fact Discovery

 a. All fact discovery shall be completed no later than 90 days after the conclusion of Mr. Combs' criminal trial which is scheduled to begin in May 2025*. [*A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.*] *Given the unique complexities and exceptional circumstances attendant to Mr. Combs' approaching criminal trial, depositions and the end of fact discovery shall be deferred until 90 days after the conclusion of Mr. Combs' criminal trial

 b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than February 10, 2025. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

 c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no later than May 12, 2025**. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

  **Given the unique complexities and exceptional circumstances attendant to Mr. Combs' approaching criminal trial, responses to interrogatories shall be deferred until 60 days after the conclusion of Mr. Combs' criminal trial

    d.  Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no later than __May 12, 2025*____. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*] ***Given the unique complexities and exceptional circumstances attendant to Mr. Combs' approaching criminal trial, responses to requests to admit shall be deferred until 60 days after the conclusion of Mr. Combs' criminal trial

    e.  Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 8(a).

    f.  Any of the deadlines in paragraphs 8(b)–(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. [*If applicable*] Expert Discovery

    a.  Anticipated types of experts: __Plaintiff anticipates calling damages experts. Defendant Combs anticipates the parties may call experts in the field of forensic psychology and reserves all rights to call any rebuttal experts and any experts relevant to issues that may arise as discovery progresses.__

    b.  All expert discovery, including expert reports and depositions, shall be completed no later than __75 days after close of fact discovery__. [*Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 8(a).*]

    c.  Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than __30 days after close of fact discovery__.

    d.  Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than __30 days after close of fact discovery__.

    e.  The interim deadlines in paragraphs 9(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 9(b).

10. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

11. Any discovery disputes shall be addressed according to Section 4(k) of the Court's Individual Rules and Practices in Civil Cases.

12. By __1 week after close of fact discovery__ [*one week after the close of fact discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(d) of the Court's Individual Rules and Practices in Civil Cases.

13. [*If applicable*] By __1 week after close of expert discovery__ [*one week after the close of expert discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(e) of the Court's Individual Rules and Practices in Civil Cases.

14. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Trial Rules and Procedures and Fed. R. Civ. P. 26(a)(3).

15. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

16. The case [is ✓/ is not ☐] to be tried to a jury.

17. Counsel for the parties have conferred and their best estimate of the length of trial is 5-7 days.

18. The parties believe the initial pretrial conference [is ☐/ is not ✓] necessary.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

20. Counsel for the Parties:

    Anna Kane — Wigdor LLP, Meredith Firetog, Michael Willemin, and Douglas Wigdor
    Sean Combs — Sher Tremonte LLP, Erica Wolff and Michael Tremonte
    Harve Pierre — Law Offices of Scott E. Leemon, PC, Scott Leemon; Jonathan Savella, Jonathan Savella

21. The next case management conference is scheduled for July 10, 2025 at 10:00 AM in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. [*To be completed by the Court.*]
    The initial pre-trial conference scheduled for January 9, 2025 is HEREBY ADJOURNED.

22. This Order may not be modified or the dates herein extended, except as provided in paragraphs 8(f) and 9(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 8(f) and 9(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated: January 3, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge