**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNA KANE,<br><br>                     Plaintiff,<br><br>     v.<br><br>SEAN COMBS, HARVE PIERRE and THE THIRD ASSAILANT,<br><br>                     Defendants. | Case No.: 23-cv-10628<br><br>**DEFENDANT SEAN COMBS'**<br>**ANSWER TO THE AMENDED**<br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant, Sean Combs ("Defendant"), by his attorneys, hereby answers the Amended Complaint of Plaintiff, Anna Kane, as follows:

**PRELIMINARY STATEMENT**

1. The allegations in Paragraph 1 of the Amended Complaint purport to describe a pleading filed in a different litigation; Defendant refers the Court to that document for a full and complete recitation of its contents, and otherwise denies the allegations in Paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 of the Amended Complaint purport to describe pleadings filed in different litigations; Defendant refers the Court to those documents for a full and complete recitation of their contents, and otherwise denies the allegations in Paragraph 3 of the Amended Complaint.

4. The allegations in Paragraph 4 of the Amended Complaint purport to describe a pleading filed in a different litigation; Defendant refers the Court to that document for a full and

complete recitation of its contents, and otherwise denies the allegations in Paragraph 4 of the Amended Complaint.

5. The allegations in Paragraph 5 of the Amended Complaint purport to describe the original complaint filed in this action; Defendant refers the Court to that document for a full and complete recitation of its contents, and otherwise denies the allegations in Paragraph 5 of the Amended Complaint.

6. To the extent the allegations in Paragraph 6 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 6 of the Amended Complaint.  As to the allegations in Paragraph 6 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. To the extent the allegations in Paragraph 7 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 7 of the Amended Complaint.  As to the allegations in Paragraph 7 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. To the extent the allegations in Paragraph 8 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 8 of the Amended Complaint.  As to the allegations in Paragraph 8 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint states legal conclusions to which no response is required.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Amended Complaint states legal conclusions to which no response is required.

11. Paragraph 11 of the Amended Complaint states legal conclusions to which no response is required.

## PARTIES

12. To the extent the allegations in Paragraph 12 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 12 of the Amended Complaint. As to the allegations in Paragraph 12 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant admits he was the owner of Bad Boy Entertainment Holdings and Daddy's House Recordings, Inc., and otherwise denies the allegations in Paragraph 13 of the Amended Complaint.

14. To the extent the allegations in Paragraph 14 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 14 of the Amended Complaint. As to the allegations in Paragraph 14 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

15. To the extent the allegations in Paragraph 15 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 15 of the Amended Complaint. As to the allegations in Paragraph 15 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant admits that Daddy's House Recordings, Inc. is a music, media, and entertainment company founded by Sean Combs and incorporated and headquartered in New York, and otherwise denies the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant admits that Bad Boy Entertainment Holdings, Inc., is a music, media, and entertainment company founded by Sean Combs and incorporated in New York, and otherwise denies the allegations in Paragraph 17 of the Amended Complaint.

## **FACTUAL ALLEGATIONS**

18. To the extent the allegations in Paragraph 18 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 18 of the Amended Complaint. As to the allegations in Paragraph 18 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

19. To the extent the allegations in Paragraph 19 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 19 of the Amended Complaint. As to the allegations in Paragraph 19 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21. To the extent the allegations in Paragraph 21 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 21 of the Amended Complaint. As to the allegations in Paragraph 21 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22. To the extent the allegations in Paragraph 22 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 22 of the Amended Complaint. As to the allegations in Paragraph 22 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

23. To the extent the allegations in Paragraph 23 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 23 of the Amended Complaint. As to the allegations in Paragraph 23 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

24. To the extent the allegations in Paragraph 24 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 24 of the Amended Complaint. As to the allegations in Paragraph 24 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint.

25. To the extent the allegations in Paragraph 25 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 25 of the Amended Complaint. As to the allegations in Paragraph 25 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint.

26. To the extent the allegations in Paragraph 26 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 26 of the Amended Complaint. As to the allegations in Paragraph 26 of the Amended Complaint that pertain to persons other than

Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint.

27. To the extent the allegations in Paragraph 27 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 27 of the Amended Complaint. As to the allegations in Paragraph 27 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.

28. To the extent the allegations in Paragraph 28 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 28 of the Amended Complaint. As to the allegations in Paragraph 28 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint.

29. To the extent the allegations in Paragraph 29 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 29 of the Amended Complaint. As to the allegations in Paragraph 29 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint.

30. To the extent the allegations in Paragraph 30 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 30 of the Amended Complaint. As to the allegations in Paragraph 30 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint.

31. To the extent the allegations in Paragraph 31 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 31 of the Amended Complaint. As to the allegations in Paragraph 31 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint.

32. To the extent the allegations in Paragraph 32 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 32 of the Amended Complaint. As to the allegations in Paragraph 32 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint.

33. To the extent the allegations in Paragraph 33 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 33 of the Amended Complaint. As to the allegations in Paragraph 33 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint.

34. To the extent the allegations in Paragraph 34 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 34 of the Amended Complaint. As to the allegations in Paragraph 34 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint.

35. To the extent the allegations in Paragraph 35 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 35 of the Amended Complaint. As to the allegations in Paragraph 35 of the Amended Complaint that pertain to persons other than

Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38. To the extent the allegations in Paragraph 38 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 38 of the Amended Complaint. As to the allegations in Paragraph 38 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39. To the extent the allegations in Paragraph 39 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 39 of the Amended Complaint. As to the allegations in Paragraph 39 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. To the extent the allegations in Paragraph 41 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 41 of the Amended Complaint. As to the allegations in Paragraph 41 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint.

42. To the extent the allegations in Paragraph 42 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 42 of the Amended Complaint. As to the allegations in Paragraph 42 of the Amended Complaint that pertain to persons other than

Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. To the extent that the allegations in Paragraph 45 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 45 of the Amended Complaint. As to the allegations in Paragraph 45 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint.

46. To the extent that the allegations in Paragraph 46 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 46 of the Amended Complaint. As to the allegations in Paragraph 46 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint.

47. To the extent that the allegations in Paragraph 47 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 47 of the Amended Complaint. As to the allegations in Paragraph 47 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. To the extent the allegations in Paragraph 49 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 49 of the Amended Complaint. As to the allegations in Paragraph 49 of the Amended Complaint that pertain to persons other than

Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint.

50. To the extent the allegations in Paragraph 50 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 50 of the Amended Complaint. As to the allegations in Paragraph 50 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52. To the extent the allegations in Paragraph 52 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 52 of the Amended Complaint. As to the allegations in Paragraph 52 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint.

53. To the extent the allegations in Paragraph 53 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 53 of the Amended Complaint. As to the allegations in Paragraph 53 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint.

54. To the extent the allegations in Paragraph 54 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 54 of the Amended Complaint. As to the allegations in Paragraph 54 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint.

55. To the extent the allegations in Paragraph 55 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 55 of the Amended Complaint. As to the allegations in Paragraph 55 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint.

56. The allegations in Paragraph 56 of the Amended Complaint purport to describe pleadings filed in different litigations; Defendant refers the Court to those documents for a full and complete recitation of their contents. To the extent that the allegations in Paragraph 56 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 56 of the Amended Complaint. As to the allegations in Paragraph 56 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint.

57. The allegations in Paragraph 57 of the Amended Complaint purport to describe pleadings filed in different litigations; Defendant refers the Court to those documents for a full and complete recitation of their contents. To the extent the allegations in Paragraph 57 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 57 of the Amended Complaint. As to the allegations in Paragraph 57 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint.

58. To the extent the allegations in Paragraph 58 of the Amended Complaint pertain to Mr. Combs, Defendant denies the allegations in Paragraph 58 of the Amended Complaint. As to the allegations in Paragraph 58 of the Amended Complaint that pertain to persons other than

Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint.

## COUNT I
### Violation of the Victims of Gender Motivated Violence Protection Law, N.Y.C. Admin. Code 10-1101, et seq. ("VGMVPL")
### (Against All Defendants)

59. Defendant realleges and incorporates his responses to the preceding Paragraphs as if fully set forth herein.

60. Paragraph 60 of the Amended Complaint states legal conclusions to which no response is required and cites legislative history from a document that speaks for itself; Defendant refers to such document for a full and complete recitation of its contents.

61. Paragraph 61 of the Amended Complaint states legal conclusions to which no response is required and cites legislative history from a document that speaks for itself; Defendant refers to such document for a full and complete recitation of its contents.

62. To the extent the allegations in Paragraph 62 of the Amended Complaint contain factual allegations, Defendant denies the allegations in Paragraph 62 of the Amended Complaint. To the extent Paragraph 62 of the Amended Complaint states legal conclusions, no response is required.

63. To the extent the allegations in Paragraph 63 of the Amended Complaint contain factual allegations that pertain to Mr. Combs, Defendant denies the allegations in Paragraph 63 of the Amended Complaint. As to the allegations in Paragraph 63 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint. To the extent Paragraph 63 of the Amended Complaint states legal conclusions, no response is required.

64. To the extent the allegations in Paragraph 64 of the Amended Complaint contain factual allegations that pertain to Mr. Combs, Defendant denies the allegations in Paragraph 64 of the Amended Complaint. As to the allegations in Paragraph 64 of the Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint. To the extent Paragraph 64 of the Amended Complaint states legal conclusions, no response is required.

65. Paragraph 65 of the Amended Complaint states legal conclusions as to entities that are no longer parties to this litigation, having been dismissed from the lawsuit by order dated December 5, 2024 (ECF No. 70), to which no response is required. To the extent Paragraph 65 of the Amended Complaint contains factual allegations pertaining to Mr. Combs, Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66. Paragraph 66 of the Amended Complaint states legal conclusions to which no response is required. To the extent Paragraph 66 of the Amended Complaint contains factual allegations pertaining to Mr. Combs, Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67. Paragraph 67 of the Amended Complaint states legal conclusions to which no response is required. To the extent Paragraph 67 of the Amended Complaint contains factual allegations pertaining to Mr. Combs, Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Paragraph 68 of the Amended Complaint states legal conclusions to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

Defendant, Sean Combs, denies every allegation in the Complaint except those expressly

admitted above, and denies that Plaintiff is entitled to any damages, relief, judgment, award, fees, or costs whatsoever.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses and reserves his right to later assert other and additional defenses, cross-claims, counterclaims, and third-party claims not asserted herein of which he becomes aware through discovery or other investigation as may be appropriate. In asserting these affirmative defenses, Defendant does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon another party.

### FIRST AFFIRMATIVE DEFENSE

69. The Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

70. Plaintiff's claim is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

71. Plaintiff's claim is barred because it is preempted by the Child Victims Act ("CVA"), N.Y. C.P.L. R. § 214-g.

### FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff's claim is barred by the doctrine of latches.

### FIFTH AFFIRMATIVE DEFENSE

73. Plaintiff's claim is barred by the doctrine of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

74. Plaintiff has suffered no damages attributable to any wrongful conduct by Defendant.

**SEVENTH AFFRIMATIVE DEFENSE**

75. If Plaintiff has any injuries or damages, such injuries or damages were the result of acts of third parties over which Defendant has no responsibility or control. Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant under the principles of equitable allocation, set-off, proportionate responsibility, and comparative fault.

**EIGHTH AFFRIMATIVE DEFENSE**

76. Plaintiff's claim is barred to the extent that the provisions of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code § 10-1101, *et seq.* ("VGMVPL") violate the New York State Constitution and/or the United States Constitution, including the Due Process Clause in Article 1, Section 6 of the Constitution of the State of New York.

**NINTH AFFRIMATIVE DEFENSE**

77. Plaintiff's claim is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

78. Plaintiff's claim is barred by Plaintiff's failure to mitigate.

**ELEVENTH AFFIRMATIVE DEFENSE**

79. Plaintiff is not entitled to recover any punitive damages because Defendant did not engage in any wrongful conduct, let alone conduct with malice or reckless disregard for Plaintiff's rights.

**DEMAND FOR A JURY TRIAL**

Defendant Sean Combs demands a jury trial.

Dated: New York, New York  
      January 7, 2025

Respectfully submitted,

 /s/ *Erica A. Wolff*

Erica A. Wolff  
Michael Tremonte  
SHER TREMONTE LLP  
90 Broad Street, 23rd Floor  
New York, New York 10004  
Tel.: (212) 202-2600  
Fax: (212) 202-4156  
ewolff@shertremonte.com

*Attorneys for Sean Combs*