July 11, 2025

**BY ECF**
The Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Kane v. Combs et al.*, 23-cv-10628 (JGLC)

Dear Judge Clarke:

        We write on behalf of Defendants Sean Combs and Harve Pierre, to seek a stay of discovery pending two appeals in the Second Circuit that will decide a dispositive legal issue in this case—whether the 2022 amendment, N.Y.C. Admin. Code § 10-1105 (the "NYC Revival Provision"), to New York City's Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* (the "GMVL") is preempted by New York State's Child Victims Act, N.Y. C.P.L.R. § 214-g (the "CVA") and Adult Survivor's Act, N.Y. C.P.L.R. § 214-j (the "ASA"), thus rendering Plaintiff's action time-barred.  As far as undersigned counsel is aware, every other case in the Southern District of New York that, like this one, involves a single cause of action under the GMVL and relies on the NYC Revival Provision, has been effectively stayed until the Second Circuit decides *Parker v. Alexander*, No. 25-487 and *Doe v. Black*, 25-564.  We respectfully submit that the Court should join those other courts and stay discovery pending resolution of those appeals.

**Relevant Procedural History**

        Plaintiff's operative complaint alleges one count—violation of the GMVL premised on conduct alleged to have occurred in 2003, over twenty years before she filed this lawsuit.  ECF No. 74.  There is no dispute that absent the NYC Revival Provision, this claim would be time-barred under the GMVL's 7-year statute of limitations.  N.Y.C. Admin. Code § 10-1105(a).  On May 10, 2024, Mr. Combs filed a motion to dismiss, joined by Mr. Pierre, arguing, *inter alia*, that Plaintiff cannot rely on the NYC Revival Provision which purports to create a two-year revival window in which to bring expired GMVL claims because the NYC Revival Provision is preempted by the New York State CVA and ASA.  ECF Nos. 57, 63.  On December 5, 2024, the Court granted in part and denied in part that motion, holding, *inter alia*, that the NYC Revival Provision is not preempted by the CVA for the reasons set forth in the Court's opinion in *Doe v. Black*, No. 23-cv-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024).  ECF No. 70.  On November 8, 2024, the Court certified its decision in *Doe v. Black* for interlocutory appeal, No. 23-cv-6418, ECF No. 253, which is now pending before the Second Circuit.  *Doe v. Black*, 25-564.

        On January 3, 2025, the Court entered a Case Management Plan and Scheduling Order (the "CMO") that adjourned the deadline for fact discovery until 90 days after the

90 Broad Street | 23rd Floor | New York, NY 10004

www.shertremonte.com | tel. 212.202.2600 | fax. 212.202.4156

conclusion of Mr. Combs' criminal trial.  ECF No. 80.  Except for initial disclosures, no discovery has yet taken place in this case.[1]

Thereafter, another district court reached a conclusion different from this Court's: in *Parker v. Alexander*, Judge Kaplan held that the NYC Revival Provision was preempted by state law.  No. 24-cv-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).  Plaintiff in *Parker* appealed.  *Parker v. Alexander*, No. 25-487 (2d Cir.).  The *Parker* and *Black* appeals have been ordered to proceed in tandem and are expected to resolve the GMVL preemption question that will control this case.  *See Parker*, No. 25-487 (2d Cir.) at ECF No. 19.  The *Parker* appeal is fully briefed.  *See id.* at ECF Nos. 23, 36, 38.  The *Black* appeal is expected to be fully briefed in October 2025.  *See Black*, No. 25-564 at ECF Nos. 55, 57; LR 31.2(a).

On July 2, 2025, the Court ordered the parties to confer and submit a revised case management plan and scheduling order by July 14, in light of the jury rendering its verdict in Mr. Combs' criminal trial.  ECF No. 84.  Counsel for the parties have met and conferred, and Counsel for Mr. Combs requested Plaintiff's consent to stay discovery pending the Second Circuit's decisions in *Parker* and *Black*.  Plaintiff does not consent to a stay.  Mr. Combs remains detained at the MDC pending sentencing on his conviction for violation of the Mann Act; sentencing is scheduled for October 3, 2025.  *See U.S. v. Combs*, 24-cr-542, ECF Nos. 447, 450.

## Defendants' Request for a Stay

Defendants submit that a stay of this case is an appropriate conservation of party and judicial resources during the pendency of two Second Circuit appeals, *Parker v. Alexander*, No. 25-487 and *Doe v. Black*, 25-564.  The Second Circuit's rulings on these appeals—which will resolve whether the NYC Revival Provision is preempted by state law—will determine whether Plaintiff is permitted to pursue her sole claim.  Pursuant to the Court's inherent authority to manage the dockets of the cases before it, "with economy of time and effort for itself, for counsel, and for litigants," *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), the Court should use its discretion to stay this case until *Parker* and *Black* are decided.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original).  Courts consider the following factors in determining whether to stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Doe v. Alexander*, No. 25-cv-01631 (JAV), 2025 WL 1384786, at *1 (S.D.N.Y.

---

[1] Pursuant to the CMO, all other interim deadlines were adjourned on consent of all parties.

Apr. 25, 2025) (internal citation omitted).   Indeed, ten other GMVL cases pending in the Southern District of New York involving Mr. Combs (and *every single* other case based solely on a GMVL claim brought pursuant to the NYC Revival Provision), in front of seven different judges (including some who raised the issue *sua sponte* and) have already been effectively stayed.[2]   Other GMVL cases not involving Mr. Combs have similarly been stayed pending the Second Circuit's decision in *Parker* and *Black*.[3]

The balance of interests in this case squarely favors a stay.  Mr. Combs and Mr. Pierre vigorously dispute Plaintiff's allegations; if this case proceeds into discovery, the parties will expend significant resources in pursuit of the truth.  Therefore, all parties "stand to benefit from gaining clarity on the scope of the [GMVL] before engaging in potentially expensive—and uncertain—litigation" and "[i]t would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision that will significantly impact this litigation." *Alexander*, 2025 WL 1384786, at *1-2 (internal citation omitted).

Moreover, any interest Plaintiff may have in proceeding expeditiously is undermined by the fact that this plaintiff waited more than twenty years to bring this lawsuit.  Statutes of limitations which typically prevent such delayed filings "are designed to spare" a defendant "from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007).  Thus, a revival window is an "'extreme example of legislative power'" and such windows must be "narrowly construed." *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19-cv-707S, 2022 WL 2124608, at *4 (W.D.N.Y. June 13, 2022) (internal citation omitted).  The CVA established a narrow revival window for claims like Plaintiff's.  The NYC Revival Provision expanded that window.  This Court and Judge Kaplan disagreed as to whether such expansion is permissible, and the Second Circuit is presently deciding that dispute.  We respectfully submit that Mr. Combs and Mr. Pierre should not be burdened with the expense and intrusion of discovery when controlling law may very well determine that Plaintiff is not entitled to pursue her claim at all.

---

[2] *See Doe v. Combs*, No. 24-cv-07776 (NRB), Order (Apr. 24, 2025), ECF No. 69; *Doe v. Combs*, No. 24-cv-08812 (NRB), Order (Apr. 24, 2025), ECF No. 43; *McKinney v. Combs*, No. 24-cv-03931 (NRB), Order (Apr. 24, 2025), ECF No. 49; *Doe v. Combs*, No. 24-cv-08808 (JAV), Order (Apr. 28, 2025), ECF No. 50; *Doe v. Combs*, No. 24-cv-08813 (JGK), Order (Apr. 30, 2025), ECF No. 44; *Doe v. Combs*, No. 24-cv-07774 (JPO), Order (May 8, 2025), ECF No. 79; *Doe v. Combs*, No. 24-cv-07778 (JLR), Order (May 16, 2025), ECF No. 74; *Doe v. Combs*, No. 24-cv-09852 (JLR), Opinion and Order (May 16, 2025), ECF No. 55; *English v. Combs*, No. 24-cv-05090 (AT), Order (May 29, 2025), ECF No. 100; *Doe v. Combs*, No. 24-cv-08054 (MKV), Order (June 11, 2025), ECF No. 89.

[3] *See, e.g.*, *Willett v. Alexander*, No. 24-cv-05672 (NRB), Endorsed Letter (Mar. 18, 2025), ECF No. 23; *Buck v. Alexander*, No. 25-cv-02112 (NRB), Endorsed Letter (Apr. 1, 2025), ECF No. 12; *Doe v. Alexander*, 25-cv-02106 (DEH), Order (Apr. 8, 2025), ECF No. 23; *Goodwin v. Alexander*, No. 25-cv-02247 (PAE), Order (Apr. 14, 2025), ECF No. 7; *Doe v. Alexander*, No. 25-cv-01631 (JAV), 2025 WL 1384786 (S.D.N.Y. Apr. 25, 2025); *Doe v. Alexander*, No. 25-cv-02108 (RA), Order (Apr. 30, 2025), ECF No. 22; *Doe v. Alexander*, No. 25-cv-2113 (JMF), Order (June 2, 2025), ECF No. 26.

Respectfully submitted,

_/s/ Scott Leemon_                                      _/s/ Erica A. Wolff_

Scott Leemon                                           Erica A. Wolff

*Counsel for Defendant Harve Pierre*          *Counsel for Defendant Sean Combs*