UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kane

                                 Plaintiff(s),               23 -cv- 10628 (JGLC)

        -against-                               **CIVIL CASE MANAGEMENT PLAN**
                                                        **AND SCHEDULING ORDER**

Combs and Pierre

                                 Defendant(s).

JESSICA G. L. CLARKE, United States District Judge:

     This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ✔] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.*]

2. The parties [have ✔ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Settlement discussions [have ☐ / have not ✔] taken place.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: N/A: Defendants seek to stay this action pending resolution of the Second Circuit's decisions in Doe v. Black, No. 25-564 and Parker v. Alexander, No. 25-487 and do not believe settlement efforts would be productive at this time.

    b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    ☐ Immediate referral to the District's Mediation Program

    ☐ Immediate referral to a Magistrate Judge

    ☐ Referral to the District's Mediation Program after the close of fact discovery

☐ Referral to a Magistrate Judge after the close of fact discovery

☐ Retention of a private mediator

☐ Other  Defendants do not believe ADR would be productive at this time

c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.

4. [*If an action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.*] The party asserting the existence of such jurisdiction [has ✓ / has not ☐] filed a letter explaining the basis for the party's belief that diversity of citizenship exists. If the party has not yet filed this letter, the party will do so at least three days before the Initial Pretrial Conference.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than N/A [completed 1/23/25]. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than 30 days from this Order. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

7. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than date document demands served.

8. Fact Discovery: Defendants have filed a motion to stay discovery (ECF No. 85) and contend that fact discovery should not commence until 30 days after resolution of the Second Circuit's decisions in *Doe v. Black*, 25-564 and *Parker v. Alexander*, 25-487 which will determine whether Plaintiff's claim is time-barred/preempted. Plaintiff opposes a stay and contends fact discovery should commence within 14 days of Mr. Combs's sentencing which is scheduled to take place on October 3, 2025.

   a. All fact discovery shall be completed no later than 120 days from start of fact discovery. [*A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than 30 days from the start of fact discovery. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

   c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no later than 30 days from the start of fact discovery. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

    d. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no later than <u>30 days from the start of fact discovery</u>. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

    e. Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 8(a).

    f. Any of the deadlines in paragraphs 8(b)–(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. [*If applicable*] Expert Discovery

    a. Anticipated types of experts: <u>Plaintiff anticipates calling damages experts. Defendants anticipate parties may call experts in the field of forensic psychology and reserves all rights to call any rebuttal experts and any experts relevant to issues that may arise as discovery progresses</u>

    b. All expert discovery, including expert reports and depositions, shall be completed no later than <u>75 days after close of fact discovery</u>. [*Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 8(a).*]

    c. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than <u>30 days after close of fact discovery</u>.

    d. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than <u>30 days after close of fact discovery</u>.

    e. The interim deadlines in paragraphs 9(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 9(b).

10. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

11. Any discovery disputes shall be addressed according to Section 4(k) of the Court's Individual Rules and Practices in Civil Cases.

12. By <u>1 week after close of fact discovery</u> [*one week after the close of fact discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(d) of the Court's Individual Rules and Practices in Civil Cases.

13. [*If applicable*] By <u>1 week after close of expert discovery</u> [*one week after the close of expert discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(e) of the Court's Individual Rules and Practices in Civil Cases.

3

14. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Trial Rules and Procedures and Fed. R. Civ. P. 26(a)(3).

15. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

16. The case [is ✔ / is not ☐] to be tried to a jury.

17. Counsel for the parties have conferred and their best estimate of the length of trial is __5-7 days__.

18. The parties believe the initial pretrial conference [is ✔ / is not ☐] necessary.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
Whether this case should be stayed until the Second Circuit decides in two pending appeals which are being heard in tandem and which will decide whether Plaintiff's sole cause of action is time-barred / preempted, as set forth in Defendants' pending motion to stay.

20. Counsel for the Parties:

    | | |
    |---|---|
    | Plaintiff, Anna Kane | Wigdor LLP, Meredith Firetog & Michael Willemin |
    | Defendant, Sean Combs | Sher Tremonte LLP, Erica Wolff & Michael Tremonte |
    | Defendant Harve Pierre | Law Offices of Scott E. Leeman P.C., Scott Leeman & Jon Savella |

21. The next case management conference is scheduled for __TBD__ at _____ in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. [*To be completed by the Court.*]

22. This Order may not be modified or the dates herein extended, except as provided in paragraphs 8(f) and 9(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 8(f) and 9(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated:
    New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge

4