

**Michael J. Willemin**
mwillemin@wigdorlaw.com

July 16, 2025

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, New York 10007

      Re:      Kane v. Combs, Case No.: 23-cv-10628 (JGLC)

Dear Judge Clarke:

We represent Plaintiff Anna Kane and respectfully write in opposition to Defendants Sean Combs ("Combs") and Harve Pierre's ("Pierre") letter motion to stay discovery pending the Second Circuit appeals in Parker v. Alexander, No. 25 Civ. 487, and Doe v. Black, 25 Civ. 564. ECF 85. Defendants contend that because the two appeals concern the question of whether the Revival Provision of New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code §§ 10-1101, *et seq.* is preempted by New York State's Adult Survivor's Act ("ASA"), N.Y. CPLR § 214-J, and Child Victims Act, N.Y. CPLR § 214-g ("CVA"), this litigation should not proceed. While it is true that in other cases concerning the Revival Provision, courts in this district have stayed those matters, such a stay here is not warranted and would prejudice Plaintiff.

In May 2024, Defendants filed a motion to dismiss arguing that the Revival Provision of the VGMVPL is preempted by the ASA, and that therefore Plaintiff's claims in this action are untimely. ECF 57, 63. In December of 2024, this Court granted in part and denied in part Defendants' motion to dismiss, specifically denying Defendants' argument concerning pre-emption and finding that the VGMVPL Revival Provision is *not* preempted by the ASA. ECF 70. This Court had similarly found that the Revival Provision is *not* preempted by the CVA in Doe v. Black, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024). In that case, Defendant moved for interlocutory appeal of the Court's order, which the Court granted. Notably, in certifying the decision for interlocutory appeal, the Court denied Defendant's simultaneous request to stay discovery pending its appeal.[1]

In this case, Defendants did not move for reconsideration of the Court's order denying their motion to dismiss, nor did they seek an interlocutory appeal to the Second Circuit. Instead, in January

---

[1]     As your Honor is aware, that case is currently stayed for separate, unrelated reasons.



2025, the parties entered a Case Management Plan and Scheduling Order. ECF 80. The parties exchanged initial disclosures pursuant to that scheduling order on January 23, 2025. Discovery was otherwise contingent on the criminal trial of Defendant Combs, which began in May 2025 and concluded in July 2025 with Defendant being convicted on two charges of the Mann Act. Now, with Defendant Combs' sentencing set for October 2025, Plaintiff believes that discovery in this matter should finally begin.

As Defendants correctly note, the ability to stay a proceeding is within the Court's power and discretion. Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012); see also Poppel v. Rockefeller Univ. Hosp., No. 19 Civ. 1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) ("A decision to stay proceedings is one that rests firmly within a district court's discretion.").

"Court generally consider five factors in determining whether to stay a proceeding, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Radosti v. Hudson's Bay Co., No. 18 Civ. 12266 (VSB), 2020 WL 13369046, at *1 (S.D.N.Y. Sept. 29, 2020) (quoting Fagan v. Republic of Austria, No. 08 Civ. 06715 (LTS) (JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009)). "The first and second factors are the most critical." Schiller-Egles v. PromptCare Cos., Inc., No. 23 Civ. 06790 (KMK), 2025 WL 904331, at *11 (S.D.N.Y. Mar. 25, 2025) (citation omitted). "Absent a showing of undue prejudice upon defendant or interference with his constitutional rights . . . there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." Louis Vuitton, 676 F.3d at 97 (citation omitted).

Here, Plaintiff filed her case in December 2023, and has waited over a year and a half to engage in discovery on her claims. She is now proceeding without a pseudonym, bravely continuing to seek justice even in the face of public exposure and scrutiny. She voluntarily agreed to stay discovery pending Defendant Combs' trial and sentencing but should not be required to wait even longer for appeals to be decided where this Court has already found that her claims are timely and should proceed on the merits. Defendants could have moved for appeal of the decision in this case, but did not, and now seek to latch onto a decision they believe is more favorable to them that was decided well after this Court made its own well-reasoned decision. Any alleged prejudice they face could have been addressed by seeking an appeal of this Court's order on their motion to dismiss. Furthermore, there is a public interest in litigating this case on the merits given the public interest in the Defendants' actions.

Defendants' contention that the prejudice to Plaintiff is "undermined" by the fact that the claims relate to events that took place decades ago is nonsensical. The Revival Provision under which she brought her claims, which this Court found not to be preempted by any State law, was specifically enacted to allow for otherwise untimely claims (i.e., claims concerning events from twenty years ago) to be filed within the Revival window.



Hon. Jessica G. L. Clarke
July 16, 2025
Page 3

Finally, in every other case where a stay has been granted pending these appeals—set forth in footnotes 2 and 3 of Defendants' letter motion—both parties have either jointly requested or otherwise jointly consented to such a stay.  Indeed, in the two cases before Judge Reardon, the Court stated that the stay would be granted "primarily because both parties seek the stay."  <u>Doe v. Combs</u>, 24 Civ. 7778 (JLR), ECF 74 (May 16, 2025); <u>Doe v. Combs</u>, 24 Civ. 09852 (JLR), ECF 55 (May 16, 2025).  Here, Plaintiff opposes the stay and has articulated a clear prejudice she will face if she must continue waiting to litigate her case.

For the reasons stated above, the Court should deny Defendants' request and should order the parties to proceed with discovery following Defendant Combs' sentencing in October 2025.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Michael J. Willemin

cc: All counsel of record (*via* ECF)