

**Michael J. Willemin**
mwillemin@wigdorlaw.com

September 16, 2025

<u>**VIA ECF**</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, New York 10007-1312

      Re: <u>Kane v. Combs, et al., Case No. 23-cv-10628 (JGLC)</u>

Dear Judge Clarke:

We represent Plaintiff in this action and write pursuant to Your Honor's Order at Dkt. No. 90. Specifically, Your Honor ordered Plaintiff to make a proposal for limited fact discovery to occur over a four-month period that prioritizes: (1) discovery on issues likely to be unavailable or more difficult to obtain after a lengthy delay; and (2) discovery related to the alleged "Third Assailant." The Order directs Plaintiff to include the number of depositions, third-party subpoenas, and categories of document requests that Plaintiff is likely to seek.

**I.     BACKGROUND**

As Your Honor knows, Plaintiff alleges that in 2003, when she was only 17 years old, she was transported from Michigan to New York by Defendants Harve Pierre and the Third Assailant. The mode of transportation was a private jet either owned or chartered by Defendant Sean Combs and/or a corporation under his control, such as Bad Boy Entertainment Holdings, Inc. ("Bad Boy Records"). The jet, which was provided by Signature, a Fixed Base Operator, took off from an airport in Pontiac, Michigan and, upon information and belief, landed at Teterboro Airport. While in Michigan and New York, Ms. Doe was sexually assaulted by Defendants, including being raped by all three Defendants in Defendant Combs' New York City studio, "Daddy's House." Plaintiff was then driven back to an airport and flown back to Michigan.

Plaintiff is only one of more than 100 individuals who have accused Defendant Combs of engaging in sexual assault. <u>See</u>, <u>e.g.</u>, https://www.npr.org/2024/10/10/g-s1-26981/diddy-sean-combs-cassie-kid-cudi-jodeci; https://www.pbs.org/newshour/nation/120-people-have-accused-sean-diddy-combs-of-sexual-misconduct-attorney-says. According to media reports and lawsuits, many of these sexual assaults were recorded. <u>See</u>, <u>e.g.</u>, https://www.bbc.com/news/articles/c869qd5j09xo; https://www.nytimes.com/article/sean-



Hon. Jessica G. L. Clarke
September 16, 2025
Page 2

combs-diddy-lawsuits-accusations.html#:~:text=Adria%20English%20Files%20a%20Lawsuit,backdrop%20to%20harm%20innocent%20people.%E2%80%9D.  Defendant Pierre has also been accused of sexual assault by multiple women.  See, e.g., https://www.rollingstone.com/music/music-news/bad-boy-harve-pierre-sued-sexual-assault-negligence-1234892880/.

**II.    DISCOVERY THAT IS LIKELY TO BE UNAVAILABLE OR MORE DIFFICULT TO OBTAIN AFTER A LENGTHY DELAY**

Given that the events at issue took place 22 years ago, there is a serious risk with every passing day that relevant materials, witnesses and, critically, memories, will become unavailable or more difficult to obtain (or at least accurately obtain).  Moreover, Defendant Combs is a convicted felon, and Mr. Pierre has been accused of sexually assaulting multiple women.  As such, and purely by virtue of being Defendants in this case, they have every incentive to destroy or direct the destruction of relevant materials.  To be clear, we are not casting aspersions on Defendants' attorneys.  However, if discovery of the materials in Defendants' possession is not fulsome at this stage, it is highly unlikely that Defendants' attorneys will obtain possession of relevant materials to ensure that they are not destroyed.  As such, Plaintiff proposes the following:

1. Full discovery of all relevant materials from the parties in this action.  This would include party depositions, document discovery and interrogatories.

2. Discovery relating to the modes of transportation used in connection with the sexual assaults; i.e., records concerning Defendants' ownership or chartering of private jets and car services in 2003, as well as related flight logs and manifests.  These materials are not only more likely to become unavailable over time, but also will help to identify the Third Assailant.

3. Discovery relating to the allegation that Defendant recorded sexual assaults.  This would be included within party discovery, but also non-party discovery from victims who allege they were recorded and/or witnesses who might have retained possession of recordings.

4. Discovery relating to other allegations of sexual assault.  Again, this would be included within party discovery, but also non-party discovery from alleged victims.  It also would potentially shed light on the identity of the Third Assailant.

**III.   DISCOVERY RELATED TO THE THIRD ASSAILANT**

It is highly likely that the Third Assailant was an executive or employee of Bad Boy Records in 2003, or, at the very least, a close confidant of Defendants Combs and Pierre.  Moreover, we



have received at least one "tip" as to who the Third Assailant might be. As such, Plaintiff proposes the following:

1. A list of all executives and employees of Bad Boy Records in 2003. This may lead to the need to take discovery from these individuals to ascertain whether they are the Third Assailant.

2. A list of all individuals with whom Mr. Pierre traveled to or from Michigan in 2003. This may lead to the need to take discovery from these individuals to ascertain whether they are the Third Assailant.

3. Discovery from the third party who has been identified to us as being, potentially, the Third Assailant.

IV. **CONCLUSION**

To be clear, Plaintiff's proposal for initial discovery is not intended to be even remotely as broad in scope as fulsome discovery would be. That is in large part due to the number of Defendants' alleged victims and third-party discovery that we would seek in litigation. At this stage, however, we believe we can accomplish the aforementioned proposed discovery with six depositions and ten third party subpoenas.

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin

cc: All counsel of record (*via* ECF)