September 22, 2025

**BY ECF**

The Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re:  *Kane v. Combs et al.*, 23-cv-10628 (JGLC)

Dear Judge Clarke:

  We write on behalf of Defendants Sean Combs and Harve Pierre (together, "Defendants") pursuant to the Court's September 8, 2025 Order, ECF No. 90 (the "Order"), and in response to Plaintiff's letter filed on September 16, 2025, ECF No. 91 ("Plaintiff's Letter") concerning the extent to which discovery should proceed pending the Second Circuit's resolution of two appeals – *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, 25-564 – that will determine whether Plaintiff's action is time-barred.

  In the Order, Your Honor expressed the view that neither "proceeding with discovery in full" nor a "complete stay of discovery" is appropriate at this juncture. Order at 1. Accordingly, Your Honor ordered Plaintiff to file a letter by September 15, 2025 with a "proposal for limited fact discovery to occur over a four-month period that prioritizes (1) discovery on issues likely to be unavailable or more difficult to obtain after a lengthy delay; and (2) discovery related to the alleged 'Third Assailant.'" *Id.*

  Ignoring the Court's clear Order, Plaintiff belatedly filed a letter on September 16, 2025 proposing "[f]ull discovery of all relevant materials from the parties in this action" as well as discovery from "non-party . . . alleged victims" on a broad range of topics including "modes of transportation" used by Defendants, "the allegation that Defendant recorded sexual assaults" (an allegation made nowhere in Plaintiff's complaint), and "allegations of sexual assault" by third parties. Plaintiff's Letter at 2. She also seeks unrestrained "[d]iscovery from the third party who has been identified to [Plaintiff] as being, potentially, the Third Assailant." *Id.* at 3. In sum, Plaintiff seeks both party and non-party discovery of every kind ("depositions, document discovery, and interrogatories"). *Id.* at 2. The only "limit[]" Plaintiff proposes on fact discovery at this juncture is that it be contained to "six depositions and ten third party subpoenas," whereas Plaintiff would apparently seek in "fulsome discovery" depositions and third-party subpoenas in excess of those numbers. *Id.* at 3. This is not a "narrow or tailored proposal" (Order at 1) and it should not be seriously entertained.

  Plaintiff purports to offer two justifications for such sweeping discovery, neither of which is persuasive. *First*, she argues that because the alleged events (which Defendants adamantly deny happened at all) transpired twenty-two years ago, there is a risk that "relevant materials, witnesses, and . . . memories[] will become unavailable or more

difficult to obtain." Plaintiff's Letter at 2. This is not sufficient reason to deny a stay. *See Short v. City of Rochester*, 747 F. Supp. 3d 594, 602 (W.D.N.Y. 2024). If anything, that so much time has already passed cuts the other way—there is no reason to believe that in the limited delay contemplated by the Court there will be additional loss beyond that caused by Plaintiff's more than two-decade delay in bringing her claim.

*Second*, Plaintiff baselessly argues that because Mr. Combs has been convicted of violating the Mann Act and Mr. Pierre has been accused of sexual assault, and simply "by virtue of being Defendants in this case, they have every incentive to destroy or direct the destruction of relevant materials." Plaintiff's Letter at 2. Plaintiff offers no basis on which to conclude that either Defendant has, would, or could ever destroy evidence. Nor is there support for her contention that "it is highly unlikely that Defendants' attorneys will obtain possession of relevant materials to ensure that they are not destroyed." *Id.* The opposite is true. As has been widely publicized, in connection with the criminal investigation that recently resulted in Mr. Combs being acquitted of the most serious charges against him, the Government seized from Mr. Combs and subpoenaed from his companies huge volumes of data, including "terabytes" from "over forty devices" and "five iCloud" accounts, including "business records from financial institutions, phone companies, hotels, airlines, and other businesses." *United States v. Combs*, 24-CR-542, ECF Nos. 29, 13 at 4, 6. That data is presently in the Government's possession and subject to a protective order and/or litigation hold. *See id.* at ECF No. 26. All potentially relevant documents or other materials in the possession of Mr. Pierre, Mr. Combs, and entities controlled by Mr. Combs have been preserved. There is absolutely no risk of spoliation.

Accordingly, with respect to the first issue about which the Court inquired, *i.e.*, "a proposal for limited fact discovery . . . on issues likely to be unavailable or more difficult to obtain" after the contemplated stay, Defendants respectfully contend that there is no such discovery. To the extent any evidence supporting Plaintiff's claims ever existed (and it did not, because Plaintiff's allegations are absolutely false),[1] it was stale at the time Plaintiff brought her lawsuit. Plaintiff proffers no explanation as to how any such evidence could become *more* stale than it already was in December of 2023 when she filed suit (some two decades after the alleged encounter in question), nor does she identify any discovery device or category tailored to lead to such evidence.

With respect to the Court's second request, *i.e.*, "a proposal for limited fact discovery . . . related to the alleged 'Third Assailant,'" Defendants respectfully propose the

---

[1] Plaintiff has a history of fabricating serious allegations. *See, e.g.*, https://www.nhl.com/news/sharks-kane-gambling-investigation-completed-326267762 (thorough investigation by Patterson Belknap Webb & Tyler LLP found "no evidence to corroborate" Plaintiff's allegations about her ex-husband gambling).

following, upon disclosure by Plaintiff of information sufficient to identify the month of the alleged encounter[2] (the "Relevant Period"):[3]

- *First*, Documents reflecting identities of executives and employees of Bad Boy Records and Bad Boy Entertainment Holdings, Inc. in the Relevant Period (if any). This category is tailored to lead to the discovery of the identity of the purported "Third Assailant," who is alleged to have been "an employee and/or agent of Defendant Bad Boy Entertainment Holdings, Inc." Amended Complaint ("AC") ¶ 15.

- *Second*, Documents reflecting the identities of individuals with whom Mr. Pierre traveled to Michigan in the Relevant Period (if any). This category is tailored to lead to the discovery of the identity and travel itinerary of the purported "Third Assailant," who is alleged to have accompanied Mr. Pierre to a lounge in Detroit, Michigan where they allegedly met Plaintiff. AC ¶ 6.

- *Third*, Documents and deposition of the third party Plaintiff's counsel claims has been "identified . . . as being, potentially, the Third Assailant." Plaintiff's Letter at 3. This category is tailored to lead to the discovery of information about the identity and conduct of the alleged Third Assailant.

- *Fourth*, Documents and Interrogatory responses reflecting the identities of Plaintiff's friends who are alleged to have been with Plaintiff when Plaintiff alleges she was approached by Mr. Pierre and "the Third Assailant," and the name of the lounge in which the encounter purportedly occurred. *See* AC ¶ 23. This category is tailored to lead to the discovery of information about the identity of the alleged Third Assailant.

With the Second Circuit poised to soon resolve whether or not Plaintiff's claim may proceed at all, any discovery beyond the foregoing would constitute an unreasonable burden, expense, and intrusion on parties against whom claims may soon be dismissed. Indeed, Plaintiff's Letter confirms she intends to seek irrelevant and disproportionate discovery that will result in protracted discovery disputes, needlessly taxing the parties' and Court's resources. *See, e.g.*, Plaintiff's Letter at 2 (seeking discovery on "other allegations of sexual assault" with no connection to the allegations of this case and on "the allegation that Defendant recorded sexual assaults," which is not an allegation in Plaintiff's

---

[2] Plaintiff alleges broadly that the alleged encounter occurred "between the spring and fall of 2003," AC ¶ 22, but does not specify a date or even a month.

[3] By offering an alternative proposal for limited discovery in response to the Court's directive, Defendants do not concede any discovery is appropriate at this time, nor do they confirm any document categories actually exist. Defendants continue to believe a stay is appropriate, just as it is in the other cases in this District against Mr. Combs involving a single claim under New York City's Victims of Gender-Motivated Violence Protection law, each of which has been stayed pending those appeals. *See* ECF No. 85; *Rivers v. Combs*, No. 25-CV-1726, 2025 WL 2414117 (S.D.N.Y. Aug. 19, 2025); *see also* ECF No. 88.

complaint). Accordingly, Defendants respectfully submit that, if the Court declines to stay discovery entirely, that discovery proceed only in the limited manner described above.[4]

Respectfully submitted,

| | |
|---|---|
| */s/ Scott Leemon* | */s/ Erica A. Wolff* |
| Scott Leemon | Erica A. Wolff |
| *Counsel for Defendant Harve Pierre* | *Counsel for Defendant Sean Combs* |

---

[4] To the extent the Court permits discovery beyond this, Defendants respectfully reserve the right to more specifically object to any particular discovery demands served on them, and/or to serve reciprocal demands on Plaintiff to ensure discovery is balanced.