UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNA KANE,

                              Plaintiff,

                    -against-

SEAN COMBS, et al.,

                              Defendants.

23-CV-10628 (JGLC)

**ORDER REGARDING
DISCOVERY**

JESSICA G. L. CLARKE, United States District Judge:

> Defendants Sean Combs and Harve Pierre's ("Defendants") filed a letter motion seeking a stay of discovery pending two appeals presently before the Second Circuit: *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, No. 25-564. ECF No. 85. Plaintiff opposed that request. On September 4, 2025, the Court held a conference with the parties to discuss Defendants' request.

> By order dated September 8, 2025, the Court indicated its belief that limited fact discovery would be appropriate as an approach that adequately balanced the interests of both parties. As a result, the Court instructed Plaintiff to submit a fact discovery proposal that prioritized (1) discovery on issues likely to be unavailable or more difficult to obtain after a lengthy delay; and (2) discovery related to the alleged "Third Assailant." ECF No. 90. Plaintiff submitted her proposal on September 16, 2025. ECF No. 91. The proposal seeks "[f]ull discovery of all relevant materials" including depositions, document discovery, and interrogatories, which would include third party discovery. *Id.* at 2–3. Defendants oppose the proposal as overbroad, maintain their position as to the propriety of a stay, and also propose their own limited fact discovery schedule. ECF No. 93.

Having carefully considered the parties' positions, the Court agrees with Defendants that Plaintiff's "limited proposal" is limited in name only, and does not reflect a reasonably tailored approach to discovery at this time. The proposal is therefore rejected. Instead, with the goal of giving Plaintiff an opportunity to move forward with her case, while also minimizing burden to the parties, the Court will permit <u>written discovery only</u> as to the following topics (limited to a time frame to be agreed upon by the parties):

- Identities of executives and employees of Bad Boy Records;

- Identities of individuals with whom Defendant Pierre travelled to Michigan, if any;

- Identities of Plaintiff's colleagues, friends, or associates present at the Detroit lounge as alleged in the complaint;

- Any information regarding the location, name, or ownership of the Detroit lounge;

- Defendants' ownership of private jets and use of car services in the Detroit and Teterboro areas, and related logs, receipts, or manifests; and

- Any other topics mutually agreed upon by the parties.

The aforementioned discovery shall be completed by no later than **January 30, 2026.** The parties shall submit a joint status letter to the Court by **February 6, 2026,** with any proposed next steps in this action, including whether the parties are amenable to referral for mediation or a settlement conference.

The Clerk of Court is respectfully directed to terminate ECF No. 85.

Dated: October 2, 2025
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge