**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNA KANE,<br><br>      Plaintiff,<br><br>  v.<br><br>SEAN COMBS, HARVE PIERRE, and THE THIRD ASSAILANT,<br><br>      Defendants. | Case No. 23-cv-10628 (JGLC)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

1

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a)      previously nondisclosed financial information (including but not limited to profitability reports or estimates, percentage fees, design fees, royalty rates, non-public salaries, minimum guarantee payments, sales reports, and sale margins);

(b)      previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.     With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's

counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

4

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

7.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person testifying (at deposition or trial).  If any person referred to in subparagraphs 6(d), 6(f), or 6(g) above refuses to sign a Non-Disclosure Agreement, Confidential Discovery Material shall not be disclosed to such person and such refusal shall not excuse any such individual from complying with valid legal process. Notwithstanding the foregoing, Confidential Discovery Material may be disclosed to such person to the extent the Court, upon motion of a party seeking to make such disclosure, permits such disclosure.  Such motion may be based on, among other things, a showing that the person to

whom disclosure may be made already received the Confidential Discovery Material in a manner that did not violate this Order.

8.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

9.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only") may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.  A pending request to classify disclosure as "attorneys' eyes only" shall not delay disclosure.  Rather, disclosure shall be timely made and the materials at issue shall be treated as "attorneys' eyes only" pending resolution of the request or dispute.

10.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  No later than 7 days before the deadline for responding to such a request, or within 7 days of counsel becoming aware of such confidentiality obligations, whichever is later, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court.  If neither the third party nor the Party subject to such obligation seeks a protective order or other relief from this Court within 21 days of that notice, the Party subject to

such obligation shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any personal, media, social-media, business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.     All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit

7

puts limitations on the documents or information that may be filed in redacted form or under seal
and that the Court retains discretion not to afford confidential treatment to any Confidential
Discovery Material submitted to the Court or presented in connection with any motion,
application or proceeding that may result in an order and/or decision by the Court unless it is
able to make the specific findings required by law in order to retain the confidential nature of
such material.

14.     Each person who has access to Discovery Material that has been designated as
Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure
of such material.

15.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers,
financial account numbers, passwords, and information that may be used for identity theft)
exchanged in discovery shall be maintained by the persons who receive such information and are
bound by this Protective Order in a manner that is secure and confidential.  In the event that the
person receiving PII experiences a data breach, she, he, or it shall immediately notify the
producing person of the same and cooperate with the producing person to address and remedy
the breach.  Nothing herein shall preclude the producing person from asserting legal claims or
constitute a waiver of legal rights or defenses in the event of litigation arising out of the
receiving person's failure to appropriately protect PII from unauthorized disclosure.

16.     The inadvertent production of any document or electronically stored information
that is subject to attorney-client privilege, work product protection, or any other applicable
privilege, shall not constitute a waiver of such privilege.  If a receiving Party becomes aware that
it has received privileged material, the receiving Party shall immediately notify the producing
Party in writing, shall not review, use, or disclose the privileged material, and shall promptly

return or destroy all copies of the privileged material, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed.  If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within two business days, return or destroy all copies of the inadvertently disclosed information, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed.  This Protective Order is intended to implement the procedures of Federal Rule of Evidence 502(d) and (e).

17.     This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or, upon permission of the producing person, destroyed.

18.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/ Michael John Willemin*                           Dated: January 13, 2026
Meredith Anne Firetog
Michael John Willemin
Douglas Holden Wigdor
WIGDOR LLP
85 Fifth Avenue
Fifth Floor
New York, NY 10003
Tel: (347)-342-7432
mfiretog@wigdorlaw.com
mwillemin@wigdorlaw.com
dwigdor@wigdorlaw.com

*Attorneys for Plaintiff Anna Kane*

9

*/s/ Erica A. Wolff*                          Dated: January 13, 2026
Erica A. Wolff
Michael Tremonte
Katie Renzler
Benjamin J. Shack Sackler
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mtremonte@shertremonte.com
ewolff@shertremonte.com
krenzler@shertremonte.com
bshacksackler@shertremonte.com

*Attorneys for Defendant Sean Combs*


*/s/ Scott Evan Leemon*                        Dated: January 13, 2026
Scott Evan Leemon
LAW OFFICES OF SCOTT E. LEEMON, PC
41 Madison Avenue
31st Floor
New York, NY 10016
Tel: (212) 696-9111
scott@leemonlaw.com

Jonathan T. Savella
JONATHAN SAVELLA
40 Exchange Place
Suite 1800
New York, NY 10005
Tel: (646) 801-2184
Jonathan.savella@gmail.com

*Attorneys for Defendant Harve Pierre*

SO ORDERED

Dated: New York, NY

January ___, 2026


_____
Jessica G. L. Clarke
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANNA KANE,

                        Plaintiff,

Case No. 23-cv-10628 (JGLC)

        v.

SEAN COMBS, HARVE PIERRE, and THE THIRD
ASSAILANT,

**NON-DISCLOSURE AGREEMENT**

                        Defendants.

I, _____, have received a copy of the Protective Order

entered by the Court in of *Kane v. Combs et al.*, No. 1:23-cv-10628 (JGLC), pending in the

United States District Court for the Southern District of New York.

I have read the Protective Order and understand its provisions.  To the extent I have been

given access to Discovery Material, I will not in any way disclose, discuss, or exhibit such

information except to those persons whom I know (a) are authorized under the Protective Order

to have access to such information, and (b) have executed a Non-Disclosure Agreement.

I will return, on request, all materials containing Discovery Material, copies thereof and

notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I

agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of

the United States District Court for the Southern District of New York for purposes of its

enforcement and the enforcement of my obligations under this Non-Disclosure Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

_____    Date: _____

Signed by Recipient

_____

Name (printed)