February 6, 2026

**BY ECF**

The Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

          Re:    *Kane v. Combs et al.*, 23-cv-10628 (JGLC) (S.D.N.Y.)

Dear Judge Clarke:

      We write jointly on behalf of the parties in the above-captioned matter to provide the Court with a status update pursuant to the Court's order dated October 2, 2025, ECF No. 94 (the "Order").

      Defendants Sean Combs and Harve Pierre previously moved this Court for a stay of discovery pending the Second Circuit Appeals in *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, No. 25-564 (the "Parker and Doe Appeals"). ECF No. 85. Plaintiff opposed that motion and sought to pursue full discovery. ECF No. 87. In response to the parties' submissions and arguments, the Court held that neither a "complete stay of discovery [n]or proceeding with discovery in full—is appropriate in this case" (ECF No. 90) and ordered that the parties instead engage in limited written discovery into specified topics with the "goal of giving Plaintiff an opportunity to move forward with her case, while also minimizing burden to the parties." Order at 1. The Order set a deadline of January 30, 2026 for the completion of this discovery and required the parties to submit a joint status letter to the Court by February 6, 2026 "with any proposed next steps in this action, including whether the parties are amendable to referral for mediation or a settlement conference." Order at 2.

**Status of Discovery**

      The parties have exchanged requests for production and interrogatories on the topics set forth in the Order and have served responses and objections and produced documents in response to the same.

      Following the initial exchange of documents and interrogatory responses, the parties exchanged letters identifying alleged deficiencies in their respective disclosures.

      The parties met and conferred in an attempt to resolve their disputes without the need for Court intervention. During the meet and confer, Plaintiff and Defendants Combs and Pierre agreed to serve amended responses and objections to their respective interrogatories.

Hon. Jessica G. L. Clarke
Page 2

**Proposed Next Steps**

Plaintiff and Defendants Combs and Pierre intend to serve amended interrogatory responses in the coming weeks. Following service of the amended interrogatory responses and objections, the parties will meet and confer as necessary and provide a further update to the Court indicating whether all disputes have been resolved or whether Court intervention will be necessary to resolve any remaining disputes.

The appeals in *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, No. 25-564 are now fully briefed and the Second Circuit held oral argument in December 2025. Insofar as the Court previously recognized that full discovery was not appropriate while the *Parker* and *Doe* Appeals remained pending, Defendants Combs and Pierre respectfully submit that following the parties' meeting and conferring to confirm completion of the limited discovery authorized by the Order, this case should be stayed pending resolution of the *Parker* and *Doe* Appeals. Plaintiff maintains her position that full discovery should proceed, and further intends to seek leave to file a Second Amended Complaint to add corporate defendants and third-party liability claims under the recently-passed amendments to the Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL"). Pursuant to the terms of the recently-passed amendments, these claims cannot be filed until March 2026. Defendants reserve their right to oppose such application upon review of the proposed Second Amended Complaint, and further note that Plaintiff's expressed intent to change the scope of her claim is an additional reason that it would be inappropriate and inefficient for discovery to proceed further on the First Amended Complaint.

**Mediation and Settlement Conference**

The parties respectfully submit that mediation or a settlement conference would be unproductive at this time.

Respectfully submitted,

*/s/ Meredith Firetog*                           */s/ Erica A. Wolff*

Meredith Firetog                                  Erica A. Wolff

*Counsel for Plaintiff Anna Kane*         *Counsel for Defendant Sean Combs*

                                                              */s/ Scott Leemon*

                                                              Scott Leemon

                                                              *Counsel for Defendant Harve Pierre*