March 11, 2026

**BY ECF**

The Honorable Jessica G. L. Clarke
Hon. Charles L. Brieant Jr. Federal Building and
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Kane v. Combs et al.*, 23-cv-10628 (JGLC) (S.D.N.Y.)

Dear Judge Clarke:

      We write jointly on behalf of the parties in the above-captioned matter to provide the Court with a status update pursuant to the Court's order dated February 9, 2025, ECF No. 99.

      Defendants Sean Combs and Harve Pierre previously moved this Court for a stay of discovery pending the Second Circuit Appeals in *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, No. 25-564 (the "Parker and Doe Appeals").  ECF No. 85.  Plaintiff opposed that motion and sought to pursue full discovery.  ECF No. 87.  In response to the parties' submissions and arguments, the Court held that neither a "complete stay of discovery [n]or proceeding with discovery in full—is appropriate in this case" (ECF No. 90) and ordered that the parties instead engage in limited written discovery into specified topics with the "goal of giving Plaintiff an opportunity to move forward with her case, while also minimizing burden to the parties."  ECF No. 94 ("October 2 Order") at 1.  The October 2 Order set a deadline of January 30, 2026 for the completion of this discovery and required the parties to submit a joint status letter to the Court by February 6, 2026 "with any proposed next steps in this action, including whether the parties are amendable to referral for mediation or a settlement conference."  *Id.* at 2.

      On February 6, 2025, the parties submitted a joint status update to the Court.  ECF No. 98.  The parties informed the Court that they have exchanged requests for production and interrogatories on the topics set forth in the October 2 Order and have served responses and objections and produced documents in response to the same.  *Id.* The parties further informed the Court that they exchanged letters identifying alleged deficiencies in their respective disclosures, had met and conferred, and that all parties had agreed to serve amended responses and objections to their respective interrogatories.  *Id.*

      The parties proposed that, following the receipt of the amended responses and objections, they would meet and confer further as necessary and provide a further update to the Court indicating whether all disputes have been resolved or whether Court intervention will be necessary to resolve any remaining disputes.  *Id.*  The Court ordered the parties to provide a joint status update by March 11, 2026.  ECF No. 99.

**Update on Discovery Status**

Since the parties' February 6, 2026 joint update, the parties have served amended responses and objections to their respective interrogatories.

**Proposed Next Steps**

The parties will require time to evaluate the amended responses and objections and meet and confer further as necessary to attempt to resolve remaining disputes, if any. The parties will provide a further update to the Court indicating whether all disputes have been resolved or whether Court intervention will be necessary to resolve any remaining disputes.

The appeals in *Parker v. Alexander*, No. 25-487, and *Doe v. Black*, No. 25-564 are now fully briefed and the Second Circuit held oral argument in December 2025. Insofar as the Court previously recognized that full discovery was not appropriate while the *Parker* and *Doe* Appeals remained pending, Defendants Combs and Pierre respectfully submit that following the parties' meeting and conferring to confirm completion of the limited discovery authorized by the October 2 Order, this case should be stayed pending resolution of the *Parker* and *Doe* Appeals. Plaintiff maintains her position that full discovery should proceed, and further intends to seek leave to file a Second Amended Complaint to add corporate defendants and third-party liability claims under the recently-passed amendments to the Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL"). Plaintiff has not yet shared a proposed Second Amended Complaint with Defendants. Defendants reserve their right to oppose such application upon review of the proposed Second Amended Complaint, and further note that Plaintiff's expressed intent to change the scope of her claim is an additional reason that it would be inappropriate and inefficient for discovery to proceed further on the First Amended Complaint.

Respectfully submitted,

*/s/ Meredith Firetog*                     */s/ Erica A. Wolff*

Meredith Firetog                            Erica A. Wolff

*Counsel for Plaintiff Anna Kane*           *Counsel for Defendant Sean Combs*

                                            */s/ Scott Leemon*

                                            Scott Leemon

                                            *Counsel for Defendant Harve Pierre*