**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ANNA KANE,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, HARVE PIERRE; THE THIRD ASSAILANT; DADDY'S HOUSE RECORDINGS, INC. and BAD BOY ENTERTAINMENT HOLDINGS, INC.,<br><br>Defendants. | : | Civil Case No. 1:23-cv-10628-JGLC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AN AMENDED PLEADING**

Plaintiff Anna Kane ("Plaintiff") respectfully submits this Memorandum of Law in Support of her motion for leave to file the proposed Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 15(a).

The proposed SAC re-adds the Corporate Defendants to the case in light of the New York City Council's passage of a new amendment to the Gender Motivated Violence Victim Protection Law ("VGMVPL") which allows institutions to be held liable for past gender violence by making the availability of institutional defendants retroactive, and further states that a person who filed a gender-motivated violence claim between May 2023 and March 2025 "may amend or refile such claim or cause of action to add a cause of action pursuant to this section." N.Y.C. Admin Code 10-1104.1(c). Plaintiff sought Defendants' consent to amend the First Amended Complaint, but Defendants refused.

Respectfully, the Court should exercise its broad discretion available pursuant to Rule 15(a) and permit Plaintiff to file the proposed SAC.

## FACTUAL SUMMARY

Given the Court's familiarity with the underlying facts of this matter, Plaintiff provides only a brief summary of the facts. As alleged in her Amended Complaint, Plaintiff met Defendants Harve Pierre ("Pierre") and the Third Assailant at a lounge in Detroit, Michigan in 2003 when she was seventeen years old. Pierre complimented Ms. Kane and told her about his "best friend" and "brother" Sean Combs ("Combs"). He told Plaintiff that he and his friends, including the Third Assailant, were executives at Defendant Bad Boy Entertainment Holdings, Inc. ("Bad Boy"), Combs's well-known recording label, and used his affiliation with Bad Boy and Combs to keep Ms. Kane interested in the conversation. Pierre repeatedly assured her that Combs would want to meet her and ultimately called Combs and put Ms. Kane directly on the phone with him. On the phone call, Combs told Ms. Kane to join Pierre on a private jet to meet him in New York City. The Individual Defendants used not only their affiliations with Bad Boy as a means to facilitate the unlawful conduct to follow, but also their affiliations with Daddy's House Recordings, Inc. ("Daddy's House") in New York City, the studio famously owned and operated by Bad Boy and Combs, where Ms. Kane was enticed to meet Combs.

Soon thereafter, Pierre, the Third Assailant, and another man escorted Plaintiff to a private jet in Pontiac, Michigan, which flew them to Teterboro, New Jersey, where SUVs were waiting for them. The SUVs brought the group to Daddy's House. At the studio, Combs, Pierre, and the Third Assailant plied Ms. Kane with drugs and alcohol, causing her to become heavily intoxicated such that she could not have consented to sex. The Individual Defendants used the accoutrements of the studio to entice Plaintiff to stay there and continue to drink alcohol and do drugs.

Combs, the Third Assailant and Pierre gang raped Ms. Kane in the studio, on the premises of Daddy's House. Pierre and the Third Assailant, employees and/or executives of Bad Boy,

watched other Bad Boy executives and/or employees rape Ms. Kane and did nothing to stop it. In fact, they encouraged it. Combs used the fact of his ownership of Daddy's House and his title at Bad Boy to perpetrate and facilitate this unlawful conduct. The brutal sexual assault she experienced has left Plaintiff with lifelong feelings of shame and fear.

## PROCEDURAL SUMMARY

Plaintiff filed this lawsuit anonymously on December 6, 2023, alleging claims of trafficking, sexual assault, and rape against Defendants Sean Combs, Harve Pierre, and the Third Assailant ("Individual Defendants") and Sean Combs' companies, Bad Boy Entertainment Holdings, Inc. and Daddy's House Recordings, Inc. (together, the "Corporate Defendants"). The Court denied Plaintiff's motion to proceed under a pseudonym. Dkt. No. 49. Corporate Defendants then filed a Motion to Dismiss the Complaint and Defendant Combs filed a motion for judgment on the pleadings. Dkt. Nos. 41, 45. Plaintiff filed an Amended Complaint with her name and asserting similar claims. Dkt. No. 52. Following Defendants' motion to dismiss the Amended Complaint (Dkt. No. 55), the Court dismissed claims against the Corporate Defendants because it concluded that 2022 VGMVPL was not retroactive and, therefore, did not apply. Dkt. No. 70. The parties have completed limited discovery permitted by the Court, and any further discovery is stayed pending the Second Circuit appeal in *Parker v. Alexander*, No. 25-487. Dkt. Nos. 94, 103.

## ARGUMENT

### I. The VGMVPL Expressly Allows Plaintiff to Amend Her Complaint

New York City Council "expressly enacted a remedial civil-rights measure aimed at allowing survivors of gender-motivated violence to pursue claims against alleged enabling actors and specifically addressed persons whose timely filings under the earlier window were dismissed because the 2022 statute lacked sufficiently explicit retroactivity language." *A.G. v. City of New*

*York*, No. 152787/2025, 2026 WL 2318460, at *5 (Sup. Ct. N.Y. Cnty. Aug. 6, 2026). Pursuant to VGMVPL § 10-1104.1(c), " [a]ny person who brought a claim or cause of action on or after March 1, 2023 but on or before March 1, 2025 that would satisfy the requirements of this section," as Plaintiff did in her original Complaint, "may amend or refile such claim or cause of action to add a cause of action pursuant to this section."

## II. <u>The Liberal Standard for Leave to Amend</u>

Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." Rule 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Under Rule 15(a), there is a well-established "presumption in favor of granting leave" to amend. *See Sigmund v. Martinez*, No. 06 Civ. 1043, 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also In re United Brands Co. Sec. Litig.*, 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Motions to amend pleadings under Rule 15 are liberally granted to further this Circuit's "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (*quoting Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir.

2011)). Further, the decision whether to grant leave to amend a pleading is within the sound discretion of the district court and shall be granted freely absent a showing of undue delay, bad faith or dilatory tactics. *See Foman*, 371 U.S. at 181.

Following the amendment of the VGMVPL, Plaintiff seeks only to re-add Daddy's House Recordings, Inc. and Bad Boy Entertainment Holdings, Inc. as defendants in this action. She does not otherwise seek to amend the Amended Complaint, including its factual allegations, which already allege sufficient facts to establish corporate liability. Nor is the proposed amendment made in bad faith or with a dilatory motive. It will not delay litigation; this matter remains in its initial stages, and discovery is stayed pending the Second Circuit's resolution of the appeal in *Parker v. Alexander*, No. 25-487. *See* Dkt. No. 103. Plaintiff therefore moves without delay to re-add the Corporate Defendants before the VGMVPL expires in January 2027.

## III. <u>Defendants Will Not Suffer Substantial Prejudice</u>

The Supreme Court determined that in the absence of "undue delay, bad faith or dilatory motive," leave to amend should be freely given. *Foman*, 371 U.S. at 182; *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (A court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties") (internal quotations omitted). "In determining what constitutes 'prejudice,' [the court] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. 208, 223-24 (Bankr. S.D.N.Y. 2016) (citing *Block*, 988 F.2d at 350)

The proposed amendments will not prejudice Defendants. Because this action is stayed, Defendants need not take any immediate action in response to the amendment. Moreover, the Corporate Defendants have already appeared and challenged the sufficiency of the allegations against them. The Court previously dismissed the claims against the Corporate Defendants based solely on its conclusion that the 2022 VGMVPL did not apply retroactively. *See* Dkt. No. 70. The recent amendment to the VGMVPL now "changes the governing statutory text and directly removes the legal premise on which the prior dismissal of the statutory claim rested." *See A.G.*, 2026 WL 2318460, at *4. Because the proposed amendment addresses that intervening change in law without imposing any undue burden or delay, the Court should grant Plaintiff's motion keeping with the liberal standard of Rule 15 as contemplated by the Second Circuit.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend her complaint and accept the proposed SAC.

Dated: October 21, 2026
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: Meredith Firetog

Meredith A. Firetog
Michael J. Willemin

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mfiretog@wigdorlaw.com
mwillemin@wigdorlaw.com

*Counsel for Plaintiff*